IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
LIBERTY HEALTHSHARE,
BREANNA TENERIA,
LAURA SMITH, and
TAMMY WATERS,

          Plaintiffs,

                                        CASE NO: 23-cv-00276 MLG-KK

v.

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
JENNIFER A. CATECHIS,
Interim Superintendent of Insurance,
in her official capacity,

          Defendants.

## MOTION TO DISMISS IN *LIEU OF ANSWER*

Defendants the New Mexico Office of the Superintendent of Insurance, and Jennifer A. Catechis, Interim Superintendent of Insurance, in her official capacity, (collectively, the "Defendants') by and through the Office of General Counsel, hereby moves for dismissal of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 1-012(b)(1) and 1-012(b)(6). Because this motion is dispositive and Plaintiffs' opposition is presumed, Plaintiffs' concurrence was not requested pursuant to D.N.M.LR-Civ. 7.1.

The Defendants move for dismissal of Plaintiffs' Complaint for the following reasons: (1) lack of subject matter jurisdiction-untimely filing; (2) sovereign immunity pursuant to the Eleventh Amendment; and (3) lack of standing. As grounds for its Motions, Defendants state:

1

# I. BACKGROUND

1.  The Gospel Light Mennonite Church Medical Aid Plan ("Plaintiff Gospel Light") is a Virginia corporation having been incorporated on or about June 24, 2014. Gospel Light operates a program known as Liberty HealthShare. Liberty HealthShare is registered trade name in Ohio. Gospel Light maintains that its Liberty HealthShare program is a health care sharing ministry ("HCSM") exempt from insurance regulation ("Liberty Plan").

2.  Plaintiff Gospel Light does not hold a Certificate of Authority to transact insurance business in the State of New Mexico. Pursuant to NMSA 1978, § 59A-5-10, the State of New Mexico requires any person transacting insurance business in New Mexico to hold a valid certificate of authority. The offering, marketing, sale, and all activities relating to health benefits coverage constitute transacting insurance business.

3.  The Office of Superintendent of Insurance ("OSI") began an investigation of the Liberty Plan after receiving two consumer complaints. After completing its investigation, the Superintendent issued an Order to Cease and Desist and Order to Show Cause, Docket No. 2021-0085, *In the Matter of Gospel Light Mennonite Church Medical Aid Plan, dba Liberty Healthshare* on November 23, 2021. Plaintiff Gospel Light timely filed a Request for Hearing to contest the Order to Cease and Desist and Desist and Order to Show Cause.

4.  By agreement of the parties, the evidentiary hearing on this matter commenced on March 8, 2022. After receiving limited testimony and several exhibits, the hearing was recessed. On September 14, 2022, the evidentiary hearing was reconvened and concluded.

5.  On January 20, 2023, the Hearing Officer issued his *Recommended Decision and Order Setting Deadline for Exceptions*. Plaintiff Gospel Light filed exceptions on February 3, 2023. The Interim Superintendent issued her *Final Order* on February 22, 2023, overruling

Plaintiff Gospel Light's exceptions and ordered Plaintiff Gospel Light to "cease and desist from soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or servicing HSCMs in New Mexico until [Plaintiff Gospel Light] complies with the requirements of the New Mexico Insurance Code." The *Final Order* was made effective immediately.[1]

6. On March 22, 2023, Plaintiff Gospel Light filed an appeal with the First Judicial District Court (D-101-CV-2023-00660)[2] pursuant to NMSA 1978, Section 39-3-1.1(C), and Rule 1-074 NMRA.

7. On March 31, 2023, Plaintiff Gospel Light filed, together with three of its members ("Individual Plaintiffs"), filed a Complaint for Injunctive and Declaratory Relief in the United States District Court for the District of New Mexico (the "Complaint").

8. The Defendants have never taken any regulatory enforcement action against any of the three Individual Plaintiffs nor are they the subject of any investigation.

## II. LEGAL STANDARDS

Under a Rule 12(b)(l) Motion to Dismiss, it is the Plaintiffs' burden to prove that subject matter jurisdiction exists. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). A Motion to Dismiss under Rule 12(b)(l) may assert either a facial attack or a factual attack as to subject matter jurisdiction. *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011). When a defendant raises a factual attack on subject matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id*. In making its decision, the Court may also consider evidence extrinsic to the pleadings. *Holt v. United*

---

[1] Judicial notice may be taken of public records from the parties' administrative proceedings. *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.,* 288 F. Supp. 3d 1087, 1210 (D.N.M. 2017).

[2] Judicial notice may be taken of the Notice of Appeal, which includes a copy of the Final Order, and all other pleadings filed with the district court in case number: D-101-CV-2023-00660, since they constitute publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *See Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017); *Gardner v. Delta Dental Plan of New Mexico, Inc.*, No. 20-CV-01271-DHU-LF, 2023 WL 2413775 (D.N.M. Mar. 8, 2023).

*States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

When reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). "To survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." Id. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation omitted)). "A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief." *Garcia v. Cole*, 428 F.Supp.3d 644, 650 (D.N.M. 2019).

### III. ARGUMENT

A. **Lack of Subject Matter Jurisdiction - Untimely Filing**.

As noted above, on March 22, 2023, Plaintiff Gospel Light sought a review of the Interim Superintendent's *Final Order* when it timely filed a Notice of Appeal with the First Judicial District Court (D-101-CV-2023-00660). Both Section 39-3-1.1(C) NMSA 1978,[3] and Rule 1-074(E) NMRA,[4] require that such an appeal must be filed with the appropriate district court within thirty days of the date of filing of the agency's final decision.[5]

---

[3] Section 39-3-1.1(A) provides that "this section shall apply only to judicial review of agency final decisions that are placed under the authority of this section by specific statutory reference." Section 59A-4-20(A), NMSA 1978, is the specific statutory provision which subjects final decisions originating from the Office of the Superintendent of Insurance to Section 39-3-1.1(A).

[4] Rule 1-074(E) NMRA. Time for filing appeals. Unless a specific time is provided by law or local ordinance, an appeal from an agency shall be filed in the district court within thirty (30) days after the date of the final decision or order of the agency. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten (10) days after the date on which the first notice of appeal was served or within the time otherwise prescribed by this rule, whichever period expires last. The three (3)-day mailing period set forth in Rule 1-006 NMRA does not apply to the time limits set forth in this paragraph. A notice of appeal filed after the announcement of a decision by an agency, but before the decision or order is issued by the agency, shall be treated as timely filed.

[5] "Final decision" is defined in Section 39-3-1.1(H)(2) as "an agency ruling that as a practical matter resolves all issues arising from a dispute within the jurisdiction of the agency, once all administrative remedies available within the agency have been exhausted." Subsection (H)(2) further provides that "[t]he determination of whether there is a final decision by an agency shall be governed by the law regarding the finality of decisions by district courts." "The general rule in New Mexico for determining the finality of a judgment is that `an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.'" *Kelly Inn No. 102, Inc. v. Kapnison*,

After filing its administrative appeal in state district court, Plaintiff Gospel Light then filed the instant Complaint on March 31, 2023, 37 days after the date the *Final Order* was issued. Plaintiff Gospel Light has not yet filed its Statement of Appellate Issues in accordance with Rule 1-074(J).[6] However, when it does so, Plaintiff Gospel Light would be able to invoke the state district court's original jurisdiction, in addition to the court's appellate jurisdiction and raise new issues, including the constitutional challenges alleged in the Complaint at bar. *See Victor v. N.M. Dep't of Health*, 2014-NMCA-012, ¶ 18, 316 P.3d 213. Alternatively, Plaintiff Gospel Light could have elected to use a declaratory judgment action as its method to challenge the validity of the administrative order, *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 14, 142 N.M. 786, 171 P.3d 300, provided, however, this action brought within 30 days. *Smith*, 2007-NMSC-055, ¶ 24.

Both Section 39-3-1.1(C), and Rule 1-074(E) imposes a 30-day deadline by which to file a challenge to an administrative order. As the United States Supreme Court held in *Bowles v. Russell*, 551 U.S. 205, 212-213, 127 S. Ct. 2360, 2365-2366, 168 L. Ed. 2d 96 (2007), "a statute-based filing period for civil cases is jurisdictional." Failure to comply with such a deadline deprives a court of subject matter jurisdiction. Such a conclusion was reached in *Carrete v. New Mexico Racing Comm'n*, No. 21-CV-0678 SMV/JHR, 2021 WL 6072581, * 6 (D.N.M. Dec. 23, 2021), where the District Court dismissed the plaintiff's declaratory judgment claim when it was not filed within 30 days of the agency's decision. Since the Plaintiffs' requests for declaratory judgment in the pending matter were untimely, they too should face a similar fate.

B. **Eleventh Amendment Immunity/*Younger* Abstention Doctrine.**

---

1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (*quoting B.L. Goldberg & Assocs. v. Uptown, Inc.*, 1985-NMSC-084, 103 N.M. 277, 705 P.2d 683).
6      Pursuant to Rule 1-074(H) NMRA, Defendants are required to file the record on appeal within thirty (30) days after the filing of the notice of appeal with the agency. Rule 1-074(J) NMRA provides that Plaintiff Gospel Light is required to file a statement of appellate issues with the district court within thirty (30) days from the date of service of the notice of filing of the record on appeal in the district court.

A motion to dismiss premised on sovereign immunity is properly brought under Federal Rule of Civil Procedure 12(b)(1). *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or Rule 12(b)(6) motion."). "State sovereign immunity from suit is a jurisdictional inquiry, and it must be resolved before proceeding to the merits of a case." *Cunningham v. Univ. of New Mexico Bd. of Regents*, 779 F. Supp. 2d 1273, 1277 (D.N.M. 2011), aff'd, 531 F. App'x 909 (10th Cir. 2013) (Citations Omitted).

New Mexico has inherent sovereign immunity as recognized by the Eleventh Amendment. U.S. Const., amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States…."). Eleventh Amendment immunity extends to both State agencies and State officials as "an arm of the state." *Tafoya v. New Mexico*, 517 F. Supp. 3d 1250, 1273 (D.N.M. 2021) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280-81, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in a federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (internal quotation marks and citation omitted). "Exceptions to a state's Eleventh Amendment immunity are few." *Tafoya*, 517 F. Supp. 3d at 1273.

Because sovereign immunity precludes the Court's subject-matter jurisdiction, the Plaintiffs bear the burden of proving that immunity does not apply. *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018); *Wells Fargo Bank, Nat. Ass'n. v. Se. New Mexico Affordable Hous. Corp.*, 877 F. Supp. 2d 1115, 1132 (D.N.M. 2012); *see also Pistor v. Garcia*,

791 F.3d 1104, 1111 (9th Cir. 2015) ("the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit" (internal quotation marks and cited authority omitted)). As set forth below, Eleventh Amendment immunity completely bars Plaintiff's claims against the Office of the Superintendent of Insurance, because there are no applicable exceptions to those claims. While the *Ex Parte Young* Doctrine may be used to justify a claim against Superintendent Catechis for prospective relief, this court should not consider this claim, because of the *Younger* abstention doctrine.

### 1. Consent/Waiver/Abrogation.

Two recognized exceptions to a state's Eleventh Amendment immunity are: (1) the state has consented or otherwise waived its sovereign immunity; and (2) Congress has abrogated a state's sovereign immunity under Section 5 of the Fourteenth Amendment. *See Ward v. Presbyterian Healthcare Services*, 72 F.Supp.2d 1285, 1290 (D.N.M.1999).

With respect to consent or waiver, the Plaintiffs have neither plead nor provided any proof that the state, in this case the position of Superintendent of Insurance[7] and the Office of Superintendent of Insurance,[8] have consented to be sued or waived its sovereign immunity. Waiver will be found only where stated "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). Any purported waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Plaintiffs' failure to make the necessary showing requires a finding their claims are barred as a matter of law. *Tafoya*, 517 F.

---

[7]   See N.M. Const. art. XI, § 20; Section 59A-2-2, NMSA 1978. Superintendent; appointment; term; compensation; removal.
[8]   See N.M. Const. art. XI, § 20; Section 59A-2-1(A), NMSA 1978. Office of Superintendent of Insurance.

Supp. 3d at 1273.

Secondly, the Plaintiffs have plead both 42 U.S.C. § 1983 or to 28 U.S.C. § 2201 but the language of those statutory provisions fail to support a conclusion that Congress intended to abrogate state immunity. The Supreme Court has held that Congress did not, when enacting 42 U.S.C. § 1983, "intend[] by the general language of the [Civil Rights Act of 1871] to overturn the constitutionally guaranteed immunity of the several States. *See Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Similarly, the fact that the Plaintiffs have bundled their § 1983 claims with a request for declaratory judgment pursuant to 28 U.S.C. § 2201 does not provide this Court with jurisdiction since "[t]he Declaratory Judgment Act itself does not provide a waiver of sovereign immunity." *Stone v. Dep't of Hous. & Urb. Dev.*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (citing *Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 114 (D.D.C. 2008)). It does not matter whether a federal plaintiff seeks either retroactive or prospective relief, a state's Eleventh Amendment applies to both. *Cory v. White*, 457 U.S. 85, 90, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982). *See also, ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (Eleventh Amendment bars a federal suit against a state agency regardless of the type of relief sought), overruled on other grounds by *Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). Accordingly, Plaintiff's claims against the Office of the Superintendent of Insurance should be dismissed, and they are wholly barred by the Eleventh Amendment.

### 2. *Ex Parte Young exception.*

. The *Ex Parte Young* exception would, ordinarily, allow a claim against Superintendent Catechis, in her official capacity, for prospective relief only. However, this claim, as well, should

8

be dismissed based on the *Younger* abstention doctrine. The *Ex Parte Young*[9] exception allows a plaintiff to bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).  However, under the abstention doctrine that the Supreme Court of the United States articulated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("*Younger*"), a federal court should not interfere with a state court proceedings by granting equitable relief, such as a declaratory judgement, when the state forum provides an adequate avenue for relief. *See e.g., Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).  The refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999)(quoting *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989)).

      The Tenth Circuit has explicitly ruled that *Younger* abstention acts as a jurisdictional bar. *D. L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). When determining whether the *Younger* abstention doctrine applies, the Tenth Circuit requires a court to consider three elements: whether "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state proceeding provides an adequate forum to hear the plaintiff's federal claims, and (3) the state proceeding involves important state interests." *Hunter v. Hirsig*, 660 F. App'x 711 (10th Cir. 2016) (unpublished); *ETP Rio Rancho Park, LLC v. Grisham*, 564 F. Supp. 3d 1023, 1055 (D.N.M. 2021); *Gardner v. Schumacher*, 547 F. Supp. 3d 995, 1040 (D.N.M. 2021. "*Younger* abstention is not discretionary once its criteria are met." *ETP Rio Rancho Park, LLC,* 564 F. Supp.

---

[9]    *Ex Parte Young*, 209 U.S. 123 (1908).

9

3d at 1055.

The Tenth Circuit has explained that "[t]he first condition -- ongoing state administrative proceedings -- involves two subparts: the proceedings must be ongoing, and they must be the type of proceedings afforded *Younger* deference." *Hunter*, 660 F. App'x at 715; *Gardner*, 547 F. Supp. 3d at 1040.

### Ongoing

According to the Tenth Circuit, a state proceeding is no longer "ongoing" when "the time for appeal has run." *Hunter*, 660 F. App'x at 715 (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) ("[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.")). "[R]egardless of when [a state court's] judgment became final, ... a necessary concomitant of *Younger* is that a party in [the federal plaintiff's] posture must exhaust his state appellate remedies before seeking relief in the [federal] District Court ...." *Hunter*, 660 F. App'x at 715 (quoting *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)); *ETP Rio Rancho Park, LLC,* 564 F. Supp. 3d at 1057.

As discussed above, Plaintiff Gospel Light has filed an administrative appeal with the First Judicial District Court (D-101-CV-2023-00660) on March 22, 2023. Shortly thereafter Defendants filed a Petition for Temporary Restraining Order/Preliminary and Permanent Injunction in those state proceedings requesting the district court to enforce the *Final Order*. Plaintiff Gospel Light responded on April 5, 2023, by filing a Response to Petition for Temporary Restraining Order/Preliminary and Permanent Injunction followed by Motion to Stay the Order[10] of the Office of the Superintendent of Insurance Pending Appeal on that same date. Both filings were subsequent to the Plaintiffs' filing of the Complaint in federal court. The next step in the state

---

[10] Rule 1-074(Q) NMRA. Stay. Upon motion, the district court may stay enforcement of the order or decision under review.

administrative appeal is the filing of the record of appeal in accordance with Rule 1-074(H) NMRA[11]. The state proceedings are clearly ongoing.

### Type

The second subpart of the *Hunter* analysis requires the state court proceedings to be "the type of proceedings afforded *Younger* deference." *Hunter*, 660 F. App'x 711, 715. "Type of proceeding" is defined by using the three categories enumerated by the Supreme Court in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013).[12]

The Tenth Circuit in *Brown ex rel. Brown v. Day*, 555 F.3d 882, 889-890 (10th Cir. 2009) provided further guidance on the type of proceeding entitled to *Younger* abstention doctrine. The Court distinguished between remedial and coercive proceedings. *Brown*, 555 F.3d at 890. Coercive proceedings are those types of proceedings where the state initiated the proceeding against the federal plaintiff, making their participation mandatory. Coercive proceedings are entitled to *Younger* abstention and results in the federal plaintiff being required to exhaust their state administrative and judicial remedies before seeking federal court intervention. *Brown*, 555 F.3d at 890-891. On the other hand, remedial proceedings those types of proceedings where the federal plaintiff initiated the proceeding against the state to redress a wrong inflicted by the state, were not. A remedial state proceeding is optional. *Brown*, 555 F.3d at 891.

Similar to the "type of proceedings" involved in the *Gardner* case, the state court proceedings involved in this particular matter is a "civil enforcement proceeding". Defendants issued an Order to Cease and Desist and Order to Show Cause, OSI Docket No. 2021-0085, ordering

---

[11] Rule 1-074(H) NMRA. Record on appeal. Unless a different period is provided by law, within thirty (30) days after the filing of the notice of appeal with the agency pursuant to Paragraph C of this rule, the agency shall number consecutively and bind the pages of the record on appeal taken in the proceedings and file it in accordance with Rule 1-005 NMRA.
[12] The *Sprint* categories are: "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. at 73.

Plaintiff Gospel Light to cease and desist from transacting insurance business in New Mexico without a valid certificate of authority. Plaintiff Gospel Light requested and was provided a hearing is accordance with Chapter 59A, Article 4 NMSA 1978. Now, after receiving an unfavorable decision, and even with pending state appellate remedies, Plaintiff Gospel Light seeks to block the Defendants' administrative enforcement proceedings that would ultimately impose punishment for Plaintiff Gospel Light's misconduct through the filing of the pending federal proceedings. Plaintiff Gospel Light's participation in the civil enforcement proceeding initiated by the Defendants was mandatory, not optional. Based on the foregoing, the first *Younger* condition is clearly satisfied.

### Adequate Forum

For purposes of satisfying the second *Younger* condition, it is satisfied if constitutional claims may be raised in state-court judicial review of the administrative proceeding. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)457 U.S., at 435-436, 102 S.Ct., at 2522-2523. Plaintiff Gospel Light has the ability to challenge the *Final Order* in the state-court proceedings by invoking the district court's appellate jurisdiction while in those same proceedings invoke the district court's original jurisdiction to address its constitutional claims. *Victor*, 2014-NMCA-012, ¶ 18. Similar to the first condition, this particular *Younger* condition is also satisfied.

### State Interests

Turning to the third *Younger* condition, it too is met because the regulation of insurance are clearly important state interests. *See New Mexico Life Ins. Guar. Ass'n v. Quinn & Co.,* 1991-NMSC-036, 33-34, 111 N.M. 750, 809 P.2d 1278.

Upon a finding that the *Younger* conditions have been satisfied, a federal court in the Tenth

Circuit must abstain from adjudicating the entire case while the state proceedings are ongoing. *ETP Rio Rancho Park, LLC,* 564 F. Supp. 3d at 1056. See also, *Balderama v. Bulman*, No. CV 21-1037 JB/JFR, 2023 WL 1433140, * 9 (D.N.M. Feb. 1, 2023), report and recommendation adopted, No. CIV 21-1037 JB/JFR, 2023 WL 2728148 (D.N.M. Mar. 31, 2023).

### C. Standing

Moreover, the causes of action brought by the Individual Plaintiffs should be dismissed, because the Individual Plaintiffs lack standing. Lack of standing is a fundamental defect in the Complaint, as it is a jurisdictional issue that goes to the court's power to hear and decide a case. Without standing, a plaintiff does not have a legally recognized injury, and their case cannot be heard in federal court. The requirement of standing is rooted in Article III of the U.S. Constitution, which limits the jurisdiction of federal courts to "cases" and "controversies." Standing is a fundamental requirement for a party to bring a case in federal court. To establish standing, a plaintiff must demonstrate that: (1) they have suffered an injury in fact, (2) the injury is causally connected to the challenged action of the defendant, and (3) a favorable decision would likely redress the injury. See, e.g., *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As set forth below, Individual Plaintiffs have not satisfied the injury in fact requirement. An injury in fact is a concrete and particularized harm that is actual or imminent, not hypothetical or speculative. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180 (2000). Moreover, to satisfy Article III of the Constitution, "a plaintiff must have standing to bring a claim in federal court." *Utah Physicians for a Healthy Environment v. Diesel Power Gear, L.L.C.,* 374 F. Supp. 3d 1124, 1131 (D. Utah 2019), citing Laidlaw, 528 U.S. at 180. Therefore, only Individual Plaintiffs' federal claims are to be considered in a standing analysis, rather than the claims brought under New Mexico law.

In addition to Article III standing, a plaintiff must also demonstrate "prudential standing." "The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights. The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties." *The Wilderness Soc. v. Kane Cnty, Utah,* 632 F.3d 1162, 1168 (10th Cir. 2011).

In the instant case, the Individual Plaintiffs have not demonstrated either Article III or prudential standing. The Individual Plaintiffs have not stated any concrete or particularized harms to their First Amendment rights. Significantly, the alleged grievances of Individual Plaintiffs are not separated from those of Plaintiff Gospel Light; each cause of action is asserted generically by all Plaintiffs. Moreover, there is no allegation in the Complaint stating that any of the Individual Plaintiffs were specifically required by their religious or other beliefs to be members of healthcare sharing ministries. Rather, the Complaint cites several highly generalized Biblical verses indicating a general obligation to be charitable.

For instance, the Complaint cites Galatians 6:2, which requires believers to "[b]ear one another's burdens, and so fulfil the law of Christ." Complaint, ¶ 29. While it is certainly laudable that Individual Plaintiffs seek to bear the burdens of others, this requirement is not particularized to Individual Plaintiffs, to members of healthcare sharing ministries, or to Christians as a group: being charitable is a value shared by people of all creeds and no creeds. Moreover, there is no statement in the Complaint that would indicate or infer that Individual Plaintiffs would be unable to do so if Plaintiff Gospel Light ceased operations in New Mexico. Individual Plaintiffs have the option of donating to GoFundMe pages, donating money to people in their churches, or contributing to religious or secular charities. For that matter, Individuals could purchase lawfully transacted medical insurance, which is designed to spread the burdens of risk, and would

14

seemingly allow Individual Plaintiffs to bear others' burdens. Healthcare sharing ministries do not have anything resembling a monopoly on the type of community support presumably espoused by Individual Plaintiffs. Similarly, Individual Plaintiffs remain free to express their religious beliefs and to assemble with like-minded people.

Quite simply, Defendents' decision to bar Plaintiff Gospel Light from conducting its operations in the State of New Mexico did not have a concrete impact of Individual Plaintiff's particularized rights. Given the above, and the lack of distinction between Individual Plaintiffs' claims and those of Plaintiff Gospel Light, it is apparent that Individual Plaintiffs are merely rehashing arguments pertaining to Plaintiff Gospel Light's interests, rather than their own. Plaintiff Gospel Light is capable of acting in its own interests, and is currently doing so in this exact lawsuit. Thus, even assuming, ad arguendo, that Individual Plaintiffs can establish Article III standing, they are unable to make a case for prudential standing. Accordingly, to the extent that the Complaint was brought by Individual Plaintiffs, it should be dismissed in its entirety.

## CONCLUSION

**WHEREFORE,** for foregoing reasons, the State of New Mexico respectfully requests that its motion to the dismiss be granted, and that the Court award such other and further relief as deemed appropriate, just and proper.

Respectfully submitted,

_____
Stephen P. Thies
Associate Legal Counsel
Lawrence M. Marcus
Associate Legal Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689

505-470-7366
505-709-8405
Stephen.Thies@osi.nm.gov
Larry.Marcus@osi.nm.gov

Attorneys for Defendants Office of the Superintendent of Insurance, and Jennifer A. Catechis, Interim Superintendent of Insurance, in her official capacity

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, a true and accurate copy of the foregoing *Motion to Dismiss in Lieu of Answer* was electronically filed with the Court and served upon the parties by means of the CM/ECF system.

_____
Stephen P. Thies
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689
505-470-7366
Stephen.Thies@osi.nm.gov

One of the Attorneys for Defendants Office of the Superintendent of Insurance, and Jennifer A. Catechis, Interim Superintendent of Insurance, in her official capacity