UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA, LAURA SMITH,
and TAMMY WATERS

      *Plaintiffs*,

v.                                                                   No. 1:23-cv-00276 MLG/KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
JENNIFER A. CATECHIS, Interim New
Mexico Superintendent of Insurance, in her
official capacity,

      *Defendants*.

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF AND PROPOSED AMICUS CURIAE BRIEF BY PROPOSED AMICUS CURIAE THE ALLIANCE OF HEALTH CARE SHARING MINISTRIES IN SUPPORT OF PLAINTIFFS**

The Alliance of Health Care Sharing Ministries respectfully moves for leave to file an amicus curiae brief in support of Plaintiffs' motion for a preliminary injunction. Pursuant to D.N.M. Local Rule 7.1, the Alliance sought the concurrence of the parties to file this motion. Plaintiffs consented to this motion; Defendants have stated that they will not be taking a position.

1

Courts in this district regularly exercise their "wide discretion" in favor of allowing amicus curiae briefs. *See United States v. Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015) (Armijo, C.J.). For example, in a recent religious liberty case, Judge Browning allowed an amicus curiae to file a brief on religious liberty precedents, notwithstanding New Mexico's opposition. *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1087 (D.N.M. 2020), *aff'd sub nom. Legacy Church, Inc. v. Collins*, 853 F. App'x 316 (10th Cir. 2021) (unpublished). Other courts in this district have followed suit in a variety of contexts. *See, e.g.*, *New Mexico v. Dep't of the Interior*, No. 1:14-cv-00695-JAP/SCY, 2014 WL 12787908, at *2 (D.N.M. Sept. 25, 2014) (Parker, J.); *Am. Civil Liberties Union of N.M. v. Santillanes*, 506 F. Supp. 2d 598, 608 (D.N.M. 2007) (Armijo, J.), *rev'd on other grounds sub nom. Am. Civil Liberties Union of New Mexico v. Santillanes*, 546 F.3d 1313 (10th Cir. 2008); *Forest Guardians v. Bureau of Land Mgmt.*, 188 F.R.D. 389, 396 (D.N.M. 1999) (Vazquez, J.); *see also Bowers v. J&M Disc. Towing, LLC*, No. Civ. 06-299-JB/RHS, 2006 WL 3479904, at *1 (D.N.M. Oct. 17, 2006) (Browning, J.).

Although the Federal Rules of Civil Procedures do not specifically provide a rule regarding the participation of amicus curiae in district court proceedings, "district courts commonly look for guidance to Federal Rule of Appellate Procedure 29." *Bd. of Cnty. Comm'rs*, 184 F. Supp. 3d at 1115 & n.7 (collecting citations);

*Martinez v. Capital Cities/ABC–WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995) (Pollak, J.) ("Although a district court has inherent power to appoint amici, there is no specific statute or rule that so provides," so this court is "guided by Rule 29 of the Federal Rules of Appellate Procedure."). Rule 29(a)(3) requires a motion for leave to file an amicus brief to state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).[1]

The Alliance's interest in this case is based on its mission to protect the liberty of its member ministries and their individual members to exercise their religious beliefs in health care. The Alliance routinely engages with federal and state governments on behalf of its members in order to provide accurate and timely information on health care sharing ministries and the religious liberty protections that the law affords to such ministries and their members.

This case raises issues at the core of those Alliance activities and the Alliance's overall mission. Specifically, this case involves arguments that health care sharing ministries do not involve the sincere exercise of religious belief. The Alliance's fifteen years of experience and expertise with respect to member ministries can help guide the Court's analysis of that religious liberty issue.

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(6), the Alliance's amicus brief is attached hereto as Exhibit 1. The attached brief conforms in all respects to Rule 29.

3

Accordingly, the Court should grant the Alliance's motion for leave to file the attached amicus curiae brief in support of Plaintiffs' request for a preliminary injunction.

Respectfully submitted,

<u>/s/ Michael Murray</u>
Michael Murray
Paul Hastings LLP
2050 M Street, NW
Washington, D.C. 20036
Tel: (202) 551-1730
Fax: (202) 551-0230
Email: michaelmurray@paulhastings.com

*Attorney for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2023, I filed the foregoing electronically via the Court's CM/ECF filing system, causing a copy of it to be served on all counsel of record.

/s/  Michael Murray
Michael Murray
