IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

      *Plaintiffs*,

      v.                                             No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE,
and ALICE KANE,
Superintendent of Insurance,
in her official capacity,

      *Defendants*.

## EMERGENCY MOTION TO RECONSIDER MEMORANDUM ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

On July 14, 2023, this Court denied Plaintiffs Breanna Renteria's, Laura Smith's, and Tammy Waters' motion seeking to preliminarily enjoin Defendants from enforcing an order that would require Gospel Light to stop operating in the State of New Mexico. *See* Doc. 38. The Individual Plaintiffs now move this Court to reconsider that order because of new evidence that was unavailable at the time the motion was decided.

### FACTUAL BACKGROUND

**I.    The motion for preliminary injunction was denied because the individual Plaintiffs' alleged injuries were speculative.**

In denying Plaintiffs' request for a preliminary injunction, the Court determined that "the mere specter of injury, which is conditional on the outcome of a separate legal proceeding, is

1

insufficient to" preliminarily enjoin Defendants from shutting down Gospel Light. *See* Doc. 38 at 22. This turned on a finding that, in parallel state administrative proceedings, "Gospel Light could be banned from operating, or it could not; a lengthy appeals process could ensue, or it could not; the request for a stay of the administrative order at the state level could be granted, or it could not." *Id.* at 22 n. 15.

> II. **The First Judicial District Court denied Gospel Light's motion to stay Defendants' order and granted Defendants' motion to enforce its order.**

Since rejecting the request for a preliminary injunction, a state court has denied Gospel Light's efforts to stay the OSI's order and took the extraordinary action of immediately enforcing the order, which effectively ends health care sharing through Gospel Light in New Mexico. This decision was based on the incorrect determination that OSI's order did not violate the Individual Plaintiffs' constitutional rights because members of Gospel Light could share their health expenses in other ways or through other organizations.

The Individual Plaintiffs now ask this Court to reconsider the request enjoin Defendants from enforcing an order that will shut down Gospel Light in New Mexico and erect an unconstitutional burden on Individual Plaintiffs' freedom to practice their religion.

## LEGAL ARGUMENT

A motion to reconsider may come in three forms: 1) as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e); 2) as a motion for relief from judgment according to Federal Rule of Civil Procedure 60(b); or 3) a motion asking a court to reconsider its decision through its inherent power to reopen an interlocutory decision. *See Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). Here, the Individual Plaintiffs request is governed by Rule 59(e) and the Court's inherent power to reconsider its prior orders.

I. **The Court may reconsider its denial of the motion for preliminary injunction even though it is an interlocutory order.**

"[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). In the Tenth Circuit, the "law of the case doctrine has no bearing on the revisiting of interlocutory orders." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011). The same is true for the grant or denial of a request for a preliminary injunction. *See, e.g., Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337-38 (3d Cir. 1993) ("When a district court enters an order granting preliminary injunctive relief, parties who take exception to its terms must either file a motion for reconsideration in the district court . . . under Rule 59(e), bring an interlocutory appeal from that order under 28 U.S.C. § 1292(a)(1), or wait until the preliminary injunction becomes final and then appeal."); *Derks v. Dugger*, 835 F.2d 778, 778 (11th Cir. 1987) (motion to reconsider order denying a preliminary injunction is properly characterized as motion brought under Rule 59(e)). This is because "any order from which an appeal lies" is a "judgment" under Rule 59(e). Fed. R. Civ. P. 54(a). *See also Financial Servs. Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985) (an order granting a preliminary injunction is a judgment under Rule 59(e)).

II. **The Court should reconsider its order because of new evidence—the denial of Gospel Light's motion to stay and the state court's order restraining Gospel Light from operating in New Mexico—is new evidence that was previously unavailable.**

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, the district court reviewed the request for a preliminary injunction while Gospel Light's motion to stay Defendants' order and Defendant's motion seeking a temporary restraining order to

3

enforce that order was pending in a state court appeal of Defendants' administrative order. But now, the state court has denied Gospel Light's motion to stay and issued a temporary restraining order enforcing the OSI's orders, which has the absolute effect of shutting down Gospel Light in New Mexico and burdening the Individual Plaintiffs' exercise of their religious beliefs.[1]

These orders, which are new evidence unavailable at the time the motion was decided, bear directly on the Court's sole justification for refusing to issue a preliminary injunction—that the Individual Plaintiffs did not face imminent harm of a burden on their religious beliefs and practices. But that is no longer true. The Individual Plaintiffs are now harmed by Defendant's unconstitutional actions because they can no longer carry out their religious beliefs through their membership with Gospel Light. This burden violates the Individual Plaintiffs' right to the free exercise of religion. *See* Docs. 3, 17, 28, and 36.

### REQUEST FOR EXPEDITED BRIEFING

The District of New Mexico's Local Rules allow the Court to order expedited briefing. *See* D.N.M. LR-Civ 7.4(c). An expedited briefing schedule is appropriate where the normal time to complete briefing would prejudice the party seeking the expedited briefing schedule. *See, e.g., New Mexico v. Dep't of Interior*, 2014 WL 12787908, at *2 (D.N.M. Sept. 25, 2014) ("[T]he Court must also give weight to the existing parties' interest in an expedited adjudication[.]"); *Kaulakis v. Estate of Harmon*, 2001 WL 37124819, at *2-3 (D.N.M. Oct. 24, 2001). Here, the Individual Plaintiffs face immediate harm because of state court orders that shut down Gospel Light in New Mexico and stripping the Individual Plaintiffs of their preferred manner to practice certain religious

---

[1] The orders were issued from the bench, but an oral order is as effective as a written one. While the First Judicial District Court does not use court reporters, a recording of the hearing and orders has been requested. That recording and a transcript will be provided to the Court once they are received. And any written orders confirming the court's oral order will be submitted as well.

4

beliefs. The Individual Plaintiffs therefore request that the Court order Defendants to file a response no later than 5 p.m. on Thursday, August 10, 2023, and the Individual Plaintiffs to reply no later than 5 p.m. on Friday, August 11, 2023.

## CONCLUSION

The Court should order expedited briefing on this motion and reconsider the denial of the Individual Plaintiffs' request for a preliminary injunction.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Carter B. Harrison IV
Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com

J. Michael Sharman
Commonwealth Law Offices, P.C.
246 E. Davis Street, Suite 200
Culpeper, VA 22701
(540) 727-1007
mikesharman@verizon.net
*Admitted Pro Hac Vice*

*Attorneys for the Individual Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that this Emergency Motion to Reconsider Memorandum Order Denying Motion for Preliminary Injunction was electronically filed with the United States District Court for the District of New Mexico's CM/ECF system on August 9, 2023. All parties were served by that system as shown in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart