IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

    *Plaintiffs,*

    v.                                                                              No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE,
and ALICE KANE,
Superintendent of Insurance,
in her official capacity,

    *Defendants.*

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

Individual Plaintiffs, Breanna Renteria, Laura Smith, and Tammy Waters ("Plaintiffs"), by and through their counsel, Harrison & Hart, LLC (Nicholas T. Hart) and Commonwealth Law Offices, P.C. (J. Michael Sharman), hereby reply to Defendant New Mexico Office of the Superintendent of Insurance's ("OSI's") Response (the "Response" or "Resp.") to Plaintiffs' Motion to Compel Discovery (the "Motion").

### ARGUMENT

Overall, the OSI's Response highlights the insufficiency of its attempts at discovery production and the importance of Court intervention to curb its improper conduct, as: (1) the OSI has identified and isolated discoverable documents that it has failed to disclose; (2) the OSI has

displayed unlawful gamesmanship throughout the discovery process; (3) the OSI revealed its intent to defer its discovery obligations until the conclusion of an admittedly never-ending cyber defense project; (4) the OSI has consistently failed to follow through with the efforts it assured Plaintiffs would be completed; and (5) the OSI has failed to provide any detail about its efforts to search its own records for discoverable information and documents. As such, Plaintiffs reiterate their request that the Court compel the OSI to supplement its answers and responses to each of their Requests and award Plaintiffs reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A).

    **I.    The OSI's Response makes even more apparent the inadequacy of its production and its insufficient efforts to provide discoverable documents to Plaintiffs.**

In its attempt to demonstrate its good faith effort to respond to Plaintiffs' discovery requests, the OSI ironically strengthened Plaintiffs' claims that it has failed to sufficiently respond to Plaintiffs' discovery requests and that it must be compelled to properly engage in the discovery process in this matter.

**First**, the OSI admitted in its Response that it is currently withholding responsive information and documents that it has identified and isolated and which are in its possession, thereby acknowledging that it remains in violation of its discovery obligations. In its Response, the OSI represented that it "would promptly provide documents if and when they became available." Resp. at 2. The OSI is obligated to make a supplementary production "in a timely manner if [it] learns that in some material respect the disclosure or response is incomplete or incorrect." *Alsaadi v. Saulsbury Indus., Inc.*, No. 23-CV-00291, 2024 U.S. Dist. LEXIS 24247, at *8 (D.N.M. Feb. 9, 2024) (citing and quoting Fed. R. Civ. P. 26(e)(1)(A)). Notably, the OSI also confirmed that it had "consulted with OSI's IT staff to conduct searches and has received additional content since Defendant's March 4 production that still needs review *and will yield a*

2

*supplementary production.*" Resp. at 6 (emphasis added). Accordingly, the OSI revealed that, on or before April 8, 2024, the OSI had identified documents that it is obligated to produce to Plaintiffs, yet two weeks have passed, and no subsequent production has been made. Additionally, the OSI has made no representation to Plaintiffs as to when it intends to produce these documents, and Plaintiffs request that this Court specifically order the OSI to produce the documents reference in the OSI's Response within two weeks of its decision on Plaintiffs' Motion.

**Second,** the OSI's own account of its actions reveals its improper gamesmanship throughout the discovery process. For example, in its Response, the OSI makes much of the fact that it "produced Bates Documents OSI FDC 000001 – OSI FDC 000123." Resp. at 6. However, these documents were gathered exclusively from the OSI defense counsel's own saved emails regarding this case and other parallel cases between the OSI and Liberty HealthShare. Many of these produced emails were originally sent by or to Plaintiffs' counsel—and the OSI merely produced the shared emails of counsel regarding this and parallel cases—emails which it knows Plaintiffs already possess because their counsel is listed as being included in those original emails. Throughout most of its production, the OSI was merely producing Plaintiffs' own emails back to them—a wasteful use of time that underscores the OSI's gamesmanship here. In addition, the OSI admitted to issuing boilerplate objections that it knew were inapplicable to Plaintiffs' requests and which it now readily volunteers to retract. *See* Resp. at 2, 5-6 (noting that the OSI would remove the boilerplate objections identified by Plaintiffs, acknowledging that these objections were inapplicable at the present time, and confirming that it had not withheld any documents based on the objections).

Bewilderingly, the OSI admitted to producing voluminous discovery objections that it knew were, and are currently, inapplicable—thus initiating numerous "phantom" legal disputes that Plaintiffs' counsel was required to investigate—while simultaneously deflecting blame to *Plaintiffs* for supposedly causing the need to litigate these issues. *See* Resp. at 4 ("Plaintiffs, however, put an abrupt halt to the process by filing the instant motion which now requires matters to be litigated."). Plaintiffs respectfully request that the Court admonish this type of gaslighting. *See, e.g., U.S. v. Ruperto-Rivera*, 16 F.4th 1, 5 (1st Cir. 2021) (criticizing appellant for filing legal argumentation that amounted to "little more than gaslighting"); *Franklin v. U.S.*, 12-CV-01167, 2013 U.S. Dist. LEXIS 191344, at *4 (D.N.M. Dec. 19, 2013) (explaining the history and importance underlying the court's obligations "to oversee discovery to ensure there [are] no abuses"); *see also Nichols v. Denver Health & Hosp. Auth.*, No. 19-CV-02818, 2020 U.S. Dist. LEXIS 167381, at *19 (D. Colo. Sep. 14, 2020) (noting that "[d]iscovery abuse has been a topic of widespread concern in the legal community" and emphasizing the importance of "reducing the reluctance" of judges to take steps to prevent that abuse).[1]

The gamesmanship exhibited by the OSI is unlawful and sanctionable by courts. *See, e.g., Lee v. Max Int'l, Ltd. Liab. Co.*, 638 F.3d 1318, 1322 (10th Cir. 2011) ("Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so

---

[1] In its Response, the OSI cites to a single non-binding case from the North Carolina Eastern District Court—a case which the OSI acknowledges involves an entirely different local rule concerning discovery conferral—to support its claim that Plaintiffs failed to adequately meet and confer. *See* Resp. at 4; Merz *N. Am., Inc. v. Cytophil, Inc.*, No. 15-CV-00262, 2017 U.S. Dist. LEXIS 158914, at *3 (E.D.N.C. Sep. 26, 2017). However, even by the standards outlined in *Merz*, Plaintiffs here did more than "demand[] compliance" via letter. *Id.* at *7. Rather, Plaintiffs submitted a detailed explanation of their position along with extensive case law in support. *See* Exhibit 2 to Motion. In this way, Plaintiffs attempted to engage in an informed and legally supported dialogue about the OSI's discovery obligations. Yet, the OSI merely reiterated the same excuses for its inadequate productions and failed to disclose any attempt to search its own documents for responsive materials. *See* Exhibit 3 to Motion. As part of the meet and confer process, Plaintiffs are not required to indulge the OSI's vague claims that, eventually, it will search for responsive materials at some undisclosed and unknown time. The OSI's meet and confer responses are simply insufficient.

many false guesses are made and so much money is squandered."); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605, 2021 U.S. Dist. LEXIS 257126, at *6 (D. Colo. Sep. 15, 2021) (ordering sanctions against party "engaged in gamesmanship" and who was "manipulating discovery to gain tactical advantage"); *Kokot v. Maxim Healthcare Servs.*, No. 18-CV-00689, 2020 U.S. Dist. LEXIS 55782, at *8 (D. Colo. Mar. 31, 2020) (sanctioning defendant for "unwarranted gamesmanship" and "purposefully hindering [p]laintiff's ability to prepare her case"); *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014) ("The Federal Rules of Civil Procedure and judicial precedent also prohibit gamesmanship under the guise of discovery. An evasive or incomplete discovery response will be treated as a failure to answer or respond.").

**Third,** the OSI wrongfully implied that it may properly delay subsequent discovery production until it is "fully up and running" from its cyber attack—an incorrect claim that would completely and definitively halt the discovery process according to the OSI's own logic. Resp. at 3. In its Response, the OSI challenged Plaintiffs' statement that "the OSI cannot justify its continued and indefinite delay in producing responsive information and documents by relying on the cyber-attack that occurred six months ago." Motion at 9. The OSI claimed that it had sufficient grounds to delay its production until the OSI was "fully up and running without any need to still address issues from the attack." Resp. at 3. Even more alarmingly, the OSI also stated that "[e]quipment and network systems must still be worked on *continually*." *Id.* (emphasis added).

In sum, the OSI argued that it had sufficient grounds to delay production of newly-requested documents and information until "all has been resolved" from the cyber-attack, yet it admitted that it would always be addressing issues from the cyber-attack, because such issues "must still be worked on continually." *Id.* The OSI cannot lawfully refuse to engage in the

5

discovery process until the completion of a project which it admits is, by its nature, a never-ending project, and such an assertion defies logic. *See, e.g., Calero v. Corecivic, Inc.*, No. 20-CV-01015, 2020 U.S. Dist. LEXIS 244548, at *4 (D.N.M. Dec. 30, 2020) (denying defendants' motion to stay discovery and emphasizing that "it serves neither the Court nor the public to delay discovery indefinitely").

**Fourth,** the OSI attempted to demonstrate its good faith efforts by referencing tasks that it actually failed to perform, and the OSI's failure to carry out these tasks further highlights its insufficient efforts to engage in the discovery process. In its Response, the OSI stated that it "advised Plaintiffs that it would supplement its production within three (3) weeks of Defendant's letter if responsive updated documents were located." Resp. at 3. However, over five weeks have passed since the OSI made this representation, and it has made no subsequent production or indication as to when Plaintiffs may expect a subsequent production. In its Response, the OSI also claimed that it "would remove the contested objections by providing an Amended Response." Resp. at 2. Yet, it has not amended its discovery responses although over five weeks have passed.

The OSI claims that it made "a good faith attempt to meet and confer" with Plaintiffs, but merely reiterating the same excuses for delay without taking affirmative steps to engage in discovery is not acting in good faith and is legally insufficient regardless. Resp. at 2; *cf. Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 59 (D.C. Cir. 1990) (in responding to a Freedom of Information Act request, the party was obligated to show that "it made a good faith effort to conduct a search for the requested records" by describing "methods which can be reasonably expected to produce the information requested"); *Waste Pro United States, Inc. v. Adams Sanitation Holding Co.*, LLC, No. 6:21-cv-1521-WWB-GJK, 2022 U.S. Dist. LEXIS 242133, at *3 (M.D. Fla. June 13, 2022)

(requiring party responding to discovery to "make a good-faith effort to obtain the responsive information under its control"); *Hansen v. Experian Info. Sols., Inc.,* No. 16-CV-02629, 2017 U.S. Dist. LEXIS 96336, at *5 (D. Kan. June 22, 2017) ("Even if [p]laintiff acted in good faith in attempting to resolve the conflict with [d]efendant, these continuing attempts to resolve the issues do not constitute good reason for the delay.").

Importantly, the OSI never provided Plaintiffs or this Court with information about any specific action it has taken to search for information or records responsive to Plaintiffs' discovery requests. Neither Plaintiffs nor this Court have any idea of the scope of the searches conducted, the search terms used, the custodians whose documents were searched, or the basis behind the OSI's numerous claims that Plaintiffs' requests were "overly broad and unduly burdensome." Instead, the OSI continues to rely on ambiguous claims that it is engaged in some type of "process of conducting searches" (Resp. at 5)—despite the fact that Plaintiffs pointed out the insufficiency of the OSI's "near complete reliance on vague references to continuing searches" in their meet-and-confer letter. Exhibit 2 to Plaintiff's Motion at 3. In an effort to demonstrate its good faith efforts to comply with discovery obligations, the OSI should have provided Plaintiffs and this Court with some detail about the searches it had undertaken, its process for conducting these searches, and/or its discovery plan and estimated timeline moving forward. However, the OSI refrained from making any concrete representations about what it had done or intended to do. This type of evasive behavior by the OSI is precisely why Plaintiffs felt the need to file their Motion to Compel.

Accordingly, the OSI's claim that "[i]t would not have prejudiced Plaintiffs' case" to meet-and-confer rather than file their Motion to Compel is patently incorrect, especially in light of (1)

*the OSI's current nondisclosure of responsive documents that it has identified and isolated; (2) its gamesmanship throughout the discovery process thus far; (3) its disclosed intent to defer its discovery obligations until the conclusion of its admittedly never-ending cyber defense project; (4) its consistent failures to follow through with the efforts it assured Plaintiffs would be completed; and (5) its refusal to provide any detail about its efforts to search its own records for discoverable information and documents. Resp. at 5.*

Moreover, Plaintiffs filed their Motion to Compel on the final date allowable according to the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico. *See* D.N.M. LR-Civ. 26.6 (requiring that a motion to compel discovery be filed 21 days after service of the related objections to discovery); *see also* Motion at 11 (noting a March 25, 2024 filing date); Exhibit 3 to Motion at 1 (noting that OSI produced discovery responses and objections to Plaintiffs on March 4, 2024). As such, Plaintiffs acted in accordance with this Court's specified standards concerning the appropriate duration of the initial meet-and-confer process, and refraining from filing their Motion within the Court's required timeline would certainly have prejudiced Plaintiffs' attempts to obtain their desired discovery. *See, e.g., Sandager v. Progressive Direct Ins. Co*., No. 15-CV-00120, 2016 U.S. Dist. LEXIS 191973, at *2 (D.N.M. July 13, 2016) (denying plaintiffs' motion to compel discovery because plaintiffs did not file their motion within 21 days of defendant's objections as required under D.N.M. LR-Civ. 26.6 and they made an insufficient showing of good cause or excusable neglect); *Eagle v. USA Dent Co., LLC*, No. 20-CV-01146, 2023 U.S. Dist. LEXIS 57525, at *4 (D. Kan. Mar. 31, 2023) (denying plaintiffs' motion to compel discovery because it was untimely filed).

**Finally,** the OSI's repeated claims that "[n]o further information or documents are currently available responsive" to Plaintiffs' requests is both an inaccurate and insufficient response. Resp. at 8-10. On the contrary, the OSI has no idea of the extent of the information and documents that are both responsive to Plaintiffs' requests and currently available to it—because the OSI is simply refusing to look at the information and documents that are currently available to find responsive material. Simply turning a blind eye and refusing to look at currently available documents does not magically transform these documents into "unavailable" materials. *See, e.g., Danhui Zheng v. Walker*, No. 22-CV-00432, 2023 U.S. Dist. LEXIS 115710, at *3 (D.N.M. July 6, 2023) ("Responding parties have an affirmative duty under Rule 34 to conduct a diligent search for reasonably available information that is in their possession, custody, or control. . . . 'Control' is broadly construed as 'the legal right, authority, or practical ability to obtain the materials sought upon demand.' . . . *A response to a request for production of documents is incomplete when it does not include all documents that the responding party has the practical ability to obtain*." (emphasis added) (internal cites and quotes omitted)); *see also Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021) ("[A] defendant cannot bury its head in the sand or feign ignorance about information within its control."); *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 253, 96 N.M. 155, 214 (criticizing party for gamesmanship during the discovery process and declaring that "its ostrichlike attitude of self-delusion cannot be accepted as establishing a good faith belief on its part" (internal cites and quotes omitted)).

Overall, the OSI appears to concede to many of Plaintiffs' main allegations in their Motion, and its Response merely reiterates the same excuses articulated in its conferral letters, which Plaintiff has already addressed, both in its Motion and in its response letter to the OSI, attached as

Exhibit 2 to Plaintiffs' moving brief. Plaintiffs reassert and rely on these arguments, rather than reiterating them, here.

      **II.    The OSI cannot refuse to produce relevant and significant personnel files based on its blanket assertions that OSI personnel were not acting with animus.**

Without providing any applicable legal authority to support its claims, the OSI incorrectly argued in its Response that the personnel files of key OSI decision-makers are not discoverable. *See* Resp. at 12-17. In its nearly six-page argument opposing the production of these personnel files, the OSI failed to cite a single case justifying the withholding of the files. *See id.* Instead, the OSI relied entirely on an inapplicable New Mexico "personnel rule," issued by the New Mexico State Personnel Office, which applies in the context of public records requests, not in the context of federal discovery. *See* N.M.A.C. 1.7.1.12, https://www.spo.state.nm.us/state-personnel-board/board-rules/. However, it is clear that public record laws do not limit the scope of civil discovery. *See, e.g., Pacheco v. Hudson*, 2018-NMSC-022, ¶ 34 (cautioning the parties not to "confuse[] the public records focus of IPRA with discovery procedures that may be employed for production of communications outside the public record, whether in litigation or in judicial discipline actions"); *see also City of Fort Collins v. Open Int'l, LLC*, No. 21-CV-02063, 2022 U.S. Dist. LEXIS 154563, at *17 (D. Colo. Aug. 16, 2022) (noting the independence of both the federal discovery process and the right to request public records); *Polk v. Swift*, 339 F.R.D. 189, 199 (D. Wyo. 2021) (holding that laws concerning public records requests were neither "relevant nor controlling" to a civil discovery dispute). Consequently, the personnel rule concerning publicly available documents has no bearing on the discovery dispute at issue and should be disregarded as immaterial by this Court.

Notably, the OSI failed to address many cases cited by Plaintiffs to support their assertions that these personnel files are discoverable and should be disclosed. In their Motion, Plaintiffs cited at least seven cases specifically addressing the production of personnel files in discovery, and the OSI made no attempt to address or distinguish any of them. *See* Motion at 5-6. In its Response, the OSI only addressed one case cited by Plaintiff, *Morgan v. Ramsey*, No. 11-CV-00451, 2012 WL 12837281, 2012 U.S. Dist. LEXIS 191944, at *4 (N.D. Okla. Oct. 26, 2012). *See* Resp. at 16-17. In doing so, the OSI argued that the case is not instructive because it involved police officers and focused on a pattern of conduct. *See id.* However, these facts do not undermine the court's reasoning, which Plaintiffs apply here, stating that public servants have an "especially limited" privacy interest in their personnel records due to their accountability to the public. *See* Motion at 7. The OSI has presented nothing to undermine that principle, and its lack of any countervailing authority only serves to strengthen Plaintiffs' arguments concerning the discoverability of the OSI personnel files. *See* Resp. at 12-17.

Rather than rely on legal precedent and judicial reasoning, the OSI attempts to justify its refusal to produce the requested personnel files by baldly asserting that the hearing officers made their determinations "based on legal reasoning and legal doctrines derived from the New Mexico Insurance Code." Resp. at 14. In relying on such blanket assertions, the OSI overlooks the fact that Plaintiffs are entitled to test these unsupported declarations—and this is precisely the purpose of the discovery process here.

The OSI wrongly claims that "there has been no indication . . . that the named individuals for whom personnel files are requested have engaged in any discrimination against Plaintiffs." Resp. at 17. Quite the opposite, Plaintiffs' Complaint contains facts which evince a drastic,

11

discretionary policy shift that was publicized, and which was not accompanied by an explanation. *See, e.g.,* Complaint at ¶¶ 77, 85, 88 (contrasting the OSI's March 26, 2020 press release cautioning consumers about healthcare sharing ministries as unauthorized insurance providers with the OSI's December 3, 2019 press release stating that healthcare sharing ministries "do not offer insurance," merely a few months prior). As outlined in the cases cited in Plaintiffs' moving brief, such a showing is sufficient to entitle Plaintiffs to the production of the OSI personnel files requested in Plaintiffs' RFP No. 16, particularly in light of the diminished privacy interests of public employees' personnel files. *See, e.g., Morgan*, 2012 WL 12837281, at *4.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully reiterate their request that this Court (1) compel the OSI to produce the personnel files requested in Plaintiffs' RFP No. 16, (2) compel the OSI to timely complete its searches for the requested information and documents and produce substantive answers and responses to each of Plaintiffs' Requests within two weeks of the Court's Order, (3) award Plaintiffs reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A), and (4) grant any such further relief as it deems just and proper.

Respectfully submitted,

/s/  Nicholas T. Hart

Carter B. Harrison IV
Nicholas T. Hart
Elise C. Funke
**Harrison & Hart, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com
elise@harrisonhartlaw.com

and

J. Michael Sharman
Commonwealth Law Offices, P.C.
246 E. Davis Street, Suite 200
Culpeper, VA 22701
(540) 727-1007
mikesharman@verizon.net
*Admitted Pro Hac Vice*

*Attorneys for the Individual Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of April 2024, I filed the foregoing Plaintiffs' Reply in Support of their Motion to Compel Discovery via the Court's CM/ECF filing system, causing a copy of it to be served on all counsel of record.

HARRISON & HART, LLC

By: /s/    Nicholas T. Hart
       Nicholas T. Hart