**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE.
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

        *Plaintiffs*,

v.                                       No. 1:23-cv-00276 MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

        *Defendants*.

**DEFENDANTS' MOTION TO COMPEL GOSPEL LIGHT TO SERVE
COMPLETE RESPONSES TO DEFENDANTS' SUBPOENA REQUESTS**

      **COME NOW,** Defendants, New Mexico Office of the Superintendent of Insurance

("OSI") and Alice T. Kane, Superintendent of Insurance, in her official capacity

("Superintendent") (collectively "Defendants"), by and through their counsel of record, and

pursuant to Federal Rules of Civil Procedure 37(a)(1), 45(d)(2)(B)(i), and other applicable law, if

any, state the following for their Motion to Compel Gospel Light to Serve Complete Responses to

Defendants' Subpoena Requests (the "Motion"):[1]

**BACKGROUND**

      This case arises out of an administrative decision in which the Superintendent issued a

Final Order that requires Gospel Light Mennonite Church Medical Aid Plan, d/b/a Liberty

---

[1] Pursuant to D.N.M-LR 7.1(a), Defendants sought concurrence for this Motion from Gospel Light. Gospel Light
opposes the relief sought in this Motion.

HealthShare ("Gospel Light") to cease and desist from soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or servicing healthcare sharing ministries in New Mexico, and fined Gospel Light $2.51 million for various violations of the New Mexico Insurance Code ("Final Order"). As a result of the Superintendent's Final Order, Gospel Light and Plaintiffs, Breanna Renteria, Laura Smith, and Tammy Waters ("Individual Plaintiffs"),[2] brought their Complaint for several constitutional violations against Defendants. *See* Complaint, filed on March 31, 2023 in Docket No. 1:23-cv-276-MLG-KK ("Complaint"). Specifically, in their Complaint, Gospel Light and Individual Plaintiffs brought causes of action against Defendants for violations of the Free Exercise Clause under 42 U.S.C. § 1983; violations of the Establishment Clause under 42 U.S.C. § 1983; violations of the Free Speech and Assembly Clauses under 42 U.S.C. § 1983; violations of the Due Process Clause under 42 U.S.C. § 1983; federal preemption; declaratory judgment under 28 U.S.C. § 2201; violations of the New Mexico Constitution against OSI; and violations of the New Mexico Religious Freedom Restoration Act against OSI. *See* Complaint, at pp. 46-77.

As set forth in this Motion, Gospel Light improperly objected to Defendants' subpoena requests for documents that would relate to and establish Individual Plaintiffs' monthly payment into Liberty's HealthShare Program (the "Monthly Share Amount"), which is a requirement to participate in the program. Gospel Light also improperly objected to Defendants' subpoena requests for documents that would relate to and establish if Individual Plaintiffs' medical expenses were not shared because of the Final Order. A showing of both is necessary to establish Individual Plaintiffs' standing in this case. Despite Gospel Light's objections, and as more fully discussed

---

[2] Plaintiffs have since dismissed Tammy Waters as a plaintiff in this case as "no case or controversy presently exists between Tammy Waters and Defendants[.]." *See* Order of Dismissal of Plaintiff Tammy Waters (Doc. No. 80), filed on July 8, 2024.

below, the documents are relevant and discoverable.  Accordingly, Defendants respectfully request this Court grant their Motion to Compel Gospel Light to Serve Complete Responses to Defendants' Subpoena Requests.

## PROCEDURAL BACKGROUND

1.      On April 25, 2024, as Gospel Light was dismissed as a party from this case, Defendants propounded subpoena requests to Gospel Light pursuant to Federal Rule of Civil Procedure 45. *See* Defendants' Notice of Subpoena (Doc. No. 68).

2.       On May 16, 2024, Gospel Light responded to Defendants, and primarily objected to Defendants' requests. *See* Gospel Light's Responses to the OSI's April 25, 2024 Subpoena, attached hereto as **Exhibit A**. Specifically, Gospel Light objected to Request Nos. 4-9 without producing any documentation. *See* **Exhibit A**, at pp. 3-11.

3.      On May 31, 2024, in a good faith effort to resolve the deficiencies in Gospel Light's responses, Defendants sent Gospel Light's counsel a letter pursuant to Federal Rule of Civil Procedure 37, requesting the deficiencies to be cured. *See* Letter to Counsel for Gospel Light, sent May 31, 2024, attached hereto as **Exhibit B**. The letter specifically asked Gospel Light's counsel for a meet and confer to discuss the deficiencies. *See id*.

4.      On July 10, 2024, Plaintiffs' counsel and Defendants' counsel met and conferred to discuss Gospel Light's subpoena responses. Plaintiffs' counsel did not agree on the relevancy of the requests, but did agree that HIPAA was inapplicable to the requests. Counsel agreed that, should the Court require Gospel Light to produce the requested documents, Plaintiffs' protected health information could be redacted, and counsel will have another meet and confer to discuss the redactions. *See* Email Communication between Alyssa Herrera and Nicholas Hart, dated July 10, 2024, attached hereto as **Exhibit C**.

## LEGAL STANDARD

"It is well established that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *XPO Logistics Freight, Inc. v. YRC, Inc.*, Case No. 16-mc-221-JWL-TJJ, Case No. 4:16-cv-0129-BRW, 2016 WL 6718076, at *3 (D. Kan. Nov. 15, 2016). "Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45." *U.S. v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 586 (D.N.M. 2015) (other citations omitted); *see also* Fed. R. Civ. P. 34(c) (stating nonparties may be compelled to produce documents as provided by Rule 45). The procedures described in Rule 45 "may be used to subpoena any person—party or nonparty—to produce books, documents, or tangible things[.]" *2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. at 589 (citing James Wm. Moore et al., 7 *Moore's Federal Practice* § 34.02[5][c] (3d ed.1997)).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Under Rule 26, the scope of discovery is broad. *See Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 714 (D.N.M. 2017). Discovery is not without limits, and the district court has wide discretion when balancing the needs of both parties. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (other citations omitted). However, discovery is "meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 465 (other citations omitted). In fact, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues . . . . Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during litigation that are not related to the

merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Therefore, discovery under the Federal Rules of Civil Procedure is given broad and liberal treatment. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

## LEGAL ARGUMENT

I.      **This Court Should Compel Gospel Light to Produce the Documents Related to the Individual Plaintiffs' Monthly Share Amounts Because They are Relevant to the Pending Action and are Discoverable.**

In response to Defendants' subpoena requests, Gospel Light objected to Subpoena Request Nos. 4 and 5, as "irrelevant to the current legal dispute." *See* **Exhibit A**, at pp. 3-5.  Request Nos. 4 and 5 requested information related to each Individual Plaintiffs' Monthly Share Amount contributed to Liberty's HealthShare Program starting on the date of enrollment into the program. According to Liberty HealthShare's Program, Monthly Share Amounts are "the monetary contribution[s], not including the annual renewal dues, voluntarily given to share in another member's Eligible Medical Expenses suggested by Liberty HealthShare." *See* Liberty HealthShare's 2024 Guidelines, attached hereto as **Exhibit D**, at p. 9. Sharing members "regularly participate each month by contributing at least the suggested Monthly Share Amount to share in another member's medical expenses." *See* **Exhibit D**, at p. 4.

The requests related to the Monthly Share Amounts are relevant to the pending action because they are related to Individual Plaintiffs' standing to bring their federal constitutional claims against Defendants. For pretrial purposes, relevancy is broadly construed. *See In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 573 (D. Kan. 2009) (citing *Sheldon v., Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (other citations omitted) ("Thus, at least as a general proposition, '[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party.'"). Each Individual

Plaintiffs' Monthly Share Amount obviously has "possible bearing" on Individual Plaintiffs' claims and the Defendants' defenses. In order to be eligible for payment of medical expenses by Gospel Light, members must contribute to their Monthly Share Amount regularly. In other words, if the Monthly Share Amount is not paid, the member is no longer eligible to have their own medical expenses paid, if needed, by other members of Liberty's HealthShare Program. *See* Liberty HealthShare's FAQs, located at <u>Frequently Asked Questions | Liberty HealthShare</u>, attached hereto as **Exhibit E**, at What if I'm unable to make the monthly contribution, or I'm late? ("If your Monthly Share Amount is not received by the due date, the Sharing Membership becomes inactive. This means any medical expenses that incur during this time will not be eligible for sharing.")

For the Individual Plaintiffs to satisfy the constitutional standing requirement, they must first demonstrate an injury in fact which is concrete, particularized, and imminent—not only hypothetical. *See Bd. of Cnty. Comm's of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) (other citations omitted). If the Individual Plaintiffs' Monthly Share Amount has not been affected by the Final Order, then Individual Plaintiffs cannot satisfy the first element required by the constitutional standing analysis, and cannot bring their claims against Defendants. *See McCombs v. Delta Group Electronics, Inc.*, 676 F. Supp. 3d 1064, 1070 (D.N.M 2023) (other citations omitted) (stating that an injury must "actually exist" to be concrete). If Individual Plaintiffs have not paid their Monthly Share Amount for reasons other than the Final Order being issued, then the Final Order is not the cause of Individual Plaintiffs' constitutional harm, if such harm exists. *See Southwest Environmental Center v. Sessions*, 355 F. Supp. 3d 1121, 1127 (D.N.M. 2018) (stating allegations of possible future harm do not satisfy the injury in fact element of the constitutional standing analysis). Thus, the information requested is relevant to establish Individual

Plaintiffs' standing, or lack thereof, to bring their constitutional claims against Defendants. Therefore, Gospel Light's objection to Request Nos. 4 and 5 as "irrelevant" is improper, and Gospel Light should be compelled to fully and completely respond to these requests.

## II. This Court Should Compel Gospel Light to Produce Documents Related to the Individual Plaintiffs' Medical Expense Submissions Because They are Relevant to the Pending Action and are Discoverable.

In response to Defendants' subpoena requests, Gospel Light also objected to Subpoena Request Nos. 7 and 8, as "irrelevant to the current legal dispute." *See* **Exhibit A**, at pp. 6-9. Request Nos. 7 and 8 requested information related to any medical expenses Individual Plaintiffs submitted to Liberty's HealthShare Program for coverage or reimbursement.[3] To submit medical expenses to Liberty's HealthShare Program for sharing, a member in good standing must submit a new medical expense through the member's ShareBox within one-hundred and eighty (180) days of the service. *See* **Exhibit D**, at p. 32; *see also* **Exhibit E**, at How do I submit medical expenses from my ShareBox? ("From within ShareBox, click on the Medical tab, then click Medical Expense Submissions. A new medical expense can be submitted or information can be added to a previously submitted expense. It is important that members confirm that healthcare providers are not submitting an expense before they do it themselves. Eligible expenses must be submitted within 180 days of service date and include appropriate CPT and Diagnosis Codes.").

---

[3] To the extent Gospel Light also objected to Defendants' request for their use of the word "coverage" in their subpoena requests, Defendants specifically used the words "covered *or reimbursed*" related to Individual Plaintiffs' medical expenses submitted to Liberty's HealthShare Program. Gospel Light uses the word "reimbursed" throughout its Sharing Guidelines. *See* **Exhibit D**, at pp. 15, 35, 46, 48, 49.

Additionally, Gospel Light need not "engag[e] in a game of semantics." *See Galaxy Ventures, LLC v. Rosenblum*, No. CIV 03-1236 JH/LFG, 2005 WL 8163815, at *7 (D.N.M Mar. 8, 2005); *see also Rachers Pipe & Steel Corp., v. Ohio Security Ins. Co.*, 2018 WL 1333976, at *1 (N.D. Okla. Mar. 15, 2018) (citing Fed. R. Civ. P. 1) ("[U]nsupported objections as provided in this case are not acceptable. They evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be 'construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'").

If the Individual Plaintiffs have not requested a reimbursement for medical expenses since the Final Order was issued, then they cannot have suffered an injury in fact for non-payment. Similarly, if Individual Plaintiffs *did* request coverage or a reimbursement and it was paid by Gospel Light, they cannot have suffered an injury in fact because the Final Order did not stop Gospel Light from reimbursing Individual Plaintiffs for their medical expenses. To be clear, the only way Individual Plaintiffs could have suffered an injury in fact is if the Final Order caused Gospel Light to deny the Individual Plaintiffs' sharing and/or reimbursement of a medical expense submitted to Liberty's HealthShare Program. If that is the case, then Defendants are entitled to the documents and information related to the denial of those Medical Expense Submissions because they are related to Individual Plaintiffs' claims and to Defendants' defenses. *See* Fed. R. Civ. P. 26(b)(1) (emphasis added) ("Parties may obtain discovery . . . relevant to any party's *claim or defense*[.]"). Thus, the information requested is also relevant to establish Individual Plaintiffs' standing, or lack thereof, to bring their constitutional claims against Defendants. Therefore, Gospel Light's objection to Request Nos. 7 and 8 as "irrelevant" is improper, and Gospel Light should be compelled to fully and completely respond to these requests.

## CONCLUSION

Gospel Light's objections to Defendants' subpoena requests were improper under the liberal nature of discovery as all of Defendants' requests are relevant to the pending suit. Individual Plaintiffs' Monthly Share Amounts and Medical Expense Submissions are relevant to this pending suit because, if Individual Plaintiffs have continued to pay into the Monthly Share Amount and had their medical expenses shared or reimbursed, then they have no injury in fact, and thus, have no standing to bring their claims against Defendants. Similarly, if Individual Plaintiffs have not paid their Monthly Share Amount or have been been denied medical expense sharing or

reimbursement because of the Final Order, then Defendants are entitled to that information under Federal Rule of Civil Procedure 26(b)(1). Defendants are entitled to non-privileged and relevant information related to this suit, and as such, are entitled to full and accurate answers to their subpoena requests. By objecting to Defendants' requests for relevant information related to Individual Plaintiffs' Monthly Share Amounts and Medical Expense Submissions to Liberty's HealthShare Program, Gospel Light is denying Defendants' ability to flesh out Individual Plaintiffs' allegations, in violation of the Federal Rules of Civil Procedure. For these reasons, Defendants respectfully request this Court grant their Motion.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order providing for the following relief:

A.      Grant Defendants' Motion to Compel Gospel Light to Serve Complete Responses to Defendants' Subpoena Requests;

B.      Order Gospel Light to fully respond and/or supplement its responses to Subpoena Request Nos. 4, 5, 7, and 8; and

C.      Grant any other relief this Court deems just and proper.

Respectfully submitted,

**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

By:    */s/ Alyssa N. Herrera*
       Jacqueline N. Ortiz
       Alyssa N. Herrera
       6200 Uptown Blvd. NE, Ste. 400
       Albuquerque, NM 87110
       (505) 383-0800
       jacqueline.ortiz@osi.nm.gov
       alyssa.herrera@osi.nm.gov

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I filed the foregoing through the Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.

*/s/ Alyssa Herrera*
Alyssa Herrera