IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BREANNA RENTERIA,
and LAURA SMITH,

    *Plaintiffs*,

v.      No. 1:23-cv-00276 MLG/KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE, in her official capacity as
the New Mexico Superintendent of
Insurance,

    *Defendants*.

## NON-PARTY GOSPEL LIGHT MENNONITE CHURCH MEDICAL AID PLAN'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Gospel Light Mennonite Church Medical Aid Plan, Inc., which is a non-party to this proceeding files this response in opposition to Defendants' motion to compel responses to a third-party subpoena. *See* Doc. 81.

**Factual Background**

On May 16, 2024, Gospel Light responded to a third-party subpoena served by Defendants. *See* Doc. 81, at Ex. C. Those responses included objections to some of the subpoena's requests. On May 31, 2024, which was 15 days later, Defendants sent a good-faith communication seeking to meet and confer over Gospel Light's objections. *Id.* That meet and confer was scheduled to occur on June 10, 2024. *Id.* Gospel Light then requested to reschedule the meet and confer for later the same week, which would have been on or before June 14, 2024. *Id.* Defendants, however, asked to reschedule for June 20, 2024. *Id.* On June 20, 2024, Defendants asked to reschedule again. *Id.* Following further communications, the conference was

1

reset for July 10, 2024, and the parties conferred that day. *Id.* This motion was then filed on July 12, 2024. *Id.* But filing a motion that day exceeded the Local Rules requirement that motions to compel be filed no more than 21 days after service of objections to discovery requests, which would have been even when excluding delay even arguably attributed to Gospel Light (from June 10 through June 14, and June 20 through July 10).[1] The motion must therefore be denied because Defendants accepted Gospel Light's objections to the third-party subpoena.

## Argument

### I. This motion must be denied because it is not timely.

The District of New Mexico's local rules required that "[a] party served with objections to:

> - an interrogatory;
> - request for production or inspection;
> - or request for admission
>
> must proceed under D.N.M.LR-Civ. 37-1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed. In this case, the party must proceed under D.N.M.LR-Civ.37-1 within twenty-one (21) days after production or inspection of documents.
>
> Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

D.N.M.LR-Civ. 26.6. This rule, which carries the force of law, results in acceptance of any objections after the 21-day period, which has long passed in this case. *See Hare v. Baur*, 2020 WL 5763864, at *8 (D.N.M. Sep. 29, 2020) (denying defendants' motion to compel discovery

---

[1] Under the Local Rules, a motion to compel should have been filed on or before June 4, 2024. But, as discussed above, even if the Court excludes the time between June 5, 2024, and June 10, 2024, which was the initial meet and confer date, and excludes later delay that could be attributed to Gospel Light, then the motion still should have been filed before June 18, 2024.

because it was filed after the 21-day deadline and emphasizing that "the meaning of Local Rule 26.6 is as plain as the language it uses—if a motion to compel is not filed within 21 days after service of a discovery response, then that response is treated as accepted."). Despite this clear rule, Defendants filed no motion and made no efforts to extend the deadline to file a motion to compel. And the fact that Defendants sent emails asking to confer about the objections has previously been found to not be good cause to extend the 21-day deadline. *Garcia v. Crossmark, Inc.*, 2014 WL 12791242, at *5 (D.N.M. May 29, 2014) (finding that a party "failed to make a showing of good cause to extend the 21-day deadline under Local Rule 26.6" even when the party previously sent multiple emails attempting to confer about the responses). Defendants have therefore accepted Gospel Light's objections and this motion must be denied.

II.     **The motion should nevertheless be denied because it seeks irrelevant information from a non-party.**

The "[c]ourts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure." *Abraham v. BP Am. Production Co.*, 2011 WL 13088359, at *3 (D.N.M. Jan. 20, 2011) (citing *Am. Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987)). Both sets of records requested by Defendants—records related to the plaintiffs' monthly sharing payments and records related to the any sharing of plaintiffs' medical expenses—fail this test.

First, Defendants assert that records related to any payments made by plaintiffs to Gospel Light are relevant to establish standing. *See* Doc. 81, at 4-6. This argument is based on the faulty premise that plaintiffs standing can only be shown if there is some type of financial change in the relationship between Gospel Light and plaintiffs. But plaintiffs have never alleged that Defendants actions affected their relationship with Gospel Light; plaintiffs have only alleged that

3

Defendants attempts to prohibit the practice of health care sharing in New Mexico burdens their religious freedoms. In other words, the plaintiffs do not argue that their injury is that they cannot share their medical expenses through Gospel Light. They have always argued that their standing comes from Defendants attempts to prohibit the practice altogether. Therefore, whether plaintiffs made any payments to Gospel Light, when those payments were made, and the amount of those payments has no bearing on plaintiffs' standing to bring this action.

Second, Defendants attempting to obtain records related to plaintiffs' medical expenses that have been shared is equally misguided. Defendants again argue that these records are necessary to test plaintiffs' standing because, in Defendants' view, plaintiffs only have standing "if the Final order caused Gospel Light to deny the Individual Plaintiffs' sharing and/or reimbursement of a medical expense submitted to Liberty's HealthShare Program." Doc. 81, at 8. But again, that is not accurate because plaintiffs have made no claim that their injury is the inability to share through Gospel Light. Defendants have always asserted that *all* health care sharing violates the New Mexico Insurance Code. Plaintiffs' claims are therefore not based on their wish to share medical expenses with likeminded Christians through Gospel Light; they are instead based on Defendants hostility towards plaintiffs' religious practices and Defendants attempts to prohibit health care sharing in any form in New Mexico. Therefore, whether plaintiffs have shared medical expenses through Gospel Light has no bearing on their standing.

Put simply, whether plaintiffs continue to give money to Gospel Light and whether they continue to share expenses through Gospel Light does not affect their standing because their claims are not premised on participating in Gospel Light's ministry. Their claims have always been that Defendants are taking action to prohibit all of those Christians that engage in health care sharing from doing so. Defendants' requests are thus not relevant.

### III. Defendants' motion must be denied because it is based on gamesmanship rather than a legitimate discovery need.

Finally, this motion must be denied because Defendants are engaging in gamesmanship, not discovery. In related proceedings, which have been brought before this Court, Defendants obtained an unlawful injunction enforcing its order. That injunction, which has previously been shared with and briefed in this case, ordered Gospel Light to stop collecting monthly share amounts and to stop facilitating health care sharing amongst its New Mexico members. But now, Defendants contend that the injunction, which they sought and obtained, jeopardizes plaintiffs' standing. The Court should see this motion for what it really is: a back door attempt to obtain discovery to determine if Gospel Light, which is not a party to this proceeding, is complying with another court's order (which is being challenged) in another case. Such gamesmanship has no place in the discovery process. Discovery must be based on the actual issues in the case, not a party's attempt to burden a nonparty over separate litigation.

### Conclusion

The motion to compel must be denied.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Carter B. Harrison IV
Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com

*Counsel for Non-party Gospel Light Mennonite Church Medical Aid Plan, Inc.*

Dated: August 2, 2024

## CERTIFICATE OF SERVICE

      I certify that, on August 2, 2024, I electronically filed this Response with the United States District Court for the District of New Mexico's CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart