IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BREANNA RENTERIA and LAURA
SMITH,

    Plaintiffs,

v.                                                   No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE
and ALICE T. KANE, Superintendent of
Insurance, in her official capacity,

    Defendants.

## ORDER ON DEFENDANTS' MOTIONS TO COMPEL

Before the Court are: (1) Defendants' Motion to Compel Gospel Light to Serve Complete Responses to Defendants' Subpoena Requests (Doc. 81) ("Subpoena Motion"), filed July 12, 2024; and, (2) Defendants' Motion to Compel Individual Plaintiffs to Serve Complete Responses to Defendants' Requests for Admissions (Doc. 88) ("Admission Motion"), filed August 15, 2024. The Court directed counsel to confer with one another to try to narrow the discovery disputes raised in the Motions and to submit a report detailing which, if any, discovery disputes remained after they conferred. (Doc. 97.) Counsel timely submitted the required report on November 19, 2024. (Doc. 107.) In it, counsel indicate that they have resolved all but a handful of the discovery disputes raised in the Motions. (*Id.* at 1-2.) The Court held a hearing on the remaining disputes on November 22, 2024. (Doc. 112.) Having reviewed the parties' submissions, the record, and the relevant law, having heard counsel's arguments at the November 22, 2024 motion hearing, and being otherwise fully advised, the Court FINDS that, as to the remaining disputes, Defendants' Motions are well-taken and should be GRANTED.

## I. Factual Background and Procedural History

In their 78-page complaint, Plaintiffs allege that Defendants violated their federal and state constitutional rights and state law by ordering Gospel Light Mennonite Church Medical Aid Plan d/b/a Liberty HealthShare ("Gospel Light") to pay a substantial fine and to cease operations in New Mexico unless and until it obtains a certificate from the New Mexico Superintendent of Insurance to sell insurance in New Mexico.[1] (Doc. 1.) Broadly, Plaintiffs allege that Defendants issued the challenged cease-and-desist order on the basis of an erroneous and biased determination that Gospel Light sells an unauthorized insurance product, when in fact it is a health care sharing ministry ("HCSM"), *i.e.*, "a religious ministry … by which religiously like-minded members voluntarily share each other's health care costs." (*Id.* at 2-3.) Plaintiffs seek a declaratory judgment that Defendants' actions are unconstitutional and unlawful and that Gospel Light's HCSM "does not constitute 'insurance'" under federal and state law. (*Id.* at 77-78.) Plaintiffs also seek an injunction prohibiting Defendants from applying the state insurance code to Gospel Light and other HCSMs. (*Id.*)

On April 24, 2024, Defendants served requests for admission on Plaintiffs Renteria and Smith. (Doc. 88 at 2.) Plaintiffs served their responses and objections to these requests on June 14, 2024. (*Id.*) The parties were ultimately able to resolve some of their disputes regarding the requests. (Doc. 107 at 1-2.) However, they could not reach agreement regarding Requests Nos. 3 and 4 to each Plaintiff, and the portion of the Admission Motion addressing these requests remains unresolved. (*Id.*)

---

[1] Gospel Light and Tammy Waters were named as Plaintiffs in the complaint but were dismissed from the lawsuit on July 14, 2023, and July 8, 2024, respectively. (Docs. 1, 38, 80.) The remaining Plaintiffs are Breanna Renteria and Laura Smith. (Doc. 1.) Defendants are the New Mexico Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance, in her official capacity. (Docs. 1, 40.)

On April 25, 2024, Defendants served a document subpoena on Gospel Light, a former party to this lawsuit. (Doc. 81 at 3; *see* Doc. 38.) Gospel Light served its responses and objections to the subpoena on May 16, 2024. (Doc. 81 at 3.) Gospel Light and Defendants were subsequently able to resolve some of their disputes regarding the subpoena. (*Id.*) However, they could not reach agreement regarding Subpoena Requests Nos. 4, 5, 7, and 8, and these requests are the subject of the Subpoena Motion. (*Id.* at 5-9; Doc. 107 at 1.)

## II. Analysis

**A.     Legal Standards**

Under Federal Rule of Civil Procedure 26, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that pertain to proportionality are

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Rather, "[f]ollowing the 2015 amendment of [R]ule 26(b), relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 471 (D.N.M. 2018) (quotation marks and brackets omitted).

Federal Rule of Civil Procedure 36 provides that

> [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). If a request for admission is not admitted or objected to, the answering party "must specifically deny it or state in detail why the answering party cannot truthfully admit

3

or deny it," and "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(3)-(5).

Under Federal Rule of Civil Procedure 45, a party may obtain discoverable information from a non-party by way of a subpoena. Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *Simon v. Taylor*, Civ. No. 12-96, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A Rule 45 subpoena "is subject to the same discovery limitations as those set out in Rule 26." *Quarrie v. Wells*, Civ. No. 17-350, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020). Nevertheless, "discovery from nonparties must, under most circumstances, be closely regulated." *Heaton v. Gonzales*, Civ. No. 21-463, 2022 WL 772923, at *2 (D.N.M. Mar. 14, 2022) (quoting *Premier Election Sols., Inc. v. Systest Labs Inc.*, Civ. No. 09-1822, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009)). The Court will address Defendants' Motions in accordance with these standards.

**B.     Subpoena Motion**

As noted above, Defendants' Subpoena Motion concerns Subpoena Requests Nos. 4, 5, 7, and 8. (Doc. 81.) In Requests Nos. 4 and 5, Defendants ask Gospel Light to produce all documents showing "the amount [Plaintiffs Renteria and Smith] ha[ve] paid into Liberty's HealthShare Program including but not limited to the total amount of Monthly Share Amounts [they have] made from the date of [their] enrollment through the present." (Doc. 81-1 at 3-4.) In Requests Nos. 7 and 8, in turn, Defendants ask Gospel Light to produce all documents "[r]elating to all requests for payment of medical expenses made by [Plaintiffs Renteria and Smith] to Liberty's HealthShare Program, including but not limited to documentation demonstrating [Plaintiffs'] Medical Expense

Submission(s) and the total amount of expenses Liberty's HealthShare Program covered or reimbursed" as a result of these submissions.[2] (*Id.* at 6, 8.) Gospel Light interposed several objections to these requests. (*Id.* at 6-9.) However, in its response to the Subpoena Motion, it argues only that the Court should deny the Motion because it is untimely, and because the requests in dispute seek irrelevant information and are based on "gamesmanship" rather than discovery needs. (Doc. 87.)

Initially, for the reasons stated on the record at the November 22, 2024 motion hearing, the Court finds that Defendants acted with excusable neglect in failing to timely file the Subpoena Motion and have shown good cause for the Court to reopen and extend the deadline for them to do so. The Court therefore declines to deny the Motion on the basis of untimeliness.

As for the substance of the Motion, the Court agrees with Defendants that Subpoena Requests Nos. 4, 5, 7, and 8 seek documents that are relevant to the individual Plaintiffs' standing. "Article III of the Constitution permits federal courts to decide only 'Cases' or 'Controversies,'" and "[t]o establish a case or controversy, a plaintiff must possess standing to sue." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022). To have standing, "a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that is likely to be redressed by a favorable decision." *Id.* (quotation marks omitted). An "injury in fact" in this context means "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* "An alleged future injury is sufficiently imminent if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (quotation marks omitted).

---

[2] At the November 22, 2024 motion hearing, defense counsel narrowed the scope of these requests to seek responsive documents for the period from 12 months before the filing of the challenged cease-and-desist order to the present, which counsel indicated is a total period of about four years.

5

Here, the documents sought in Subpoena Requests Nos. 4, 5, 7, and 8 are relevant under Rule 26(b) because they bear on, or reasonably could lead to other matters that bear on, the issue of whether and how Plaintiffs satisfy these standing requirements. In their complaint, Plaintiffs' standing rests in part on allegations that they are members of Gospel Light's HCSM and have been injured because Defendants' cease-and-desist order has unconstitutionally and unlawfully deprived them of the right and ability to participate in it.[3] (*See, e.g.*, Doc. 1 at 1, 3, 7, 39, 45, 52, 57-58, 73-74, 76.) The challenged subpoena requests bear on whether these allegations are accurate. For example, Requests Nos. 4 and 5 bear on whether Plaintiffs are unable to participate in the HCSM for a different reason, *i.e.*, because they ceased to make required payments and thereby became ineligible. (Doc. 81-1 at 3-4; *see* Doc. 1 at 6-7 (alleging that Gospel Light's HCSM "members can lose membership or benefits by failing to pay their dues or otherwise neglect their membership requirements and responsibilities"). And Requests Nos. 7 and 8 bear on whether Plaintiffs have been able to continue participating in the HCSM notwithstanding the issuance of the cease-and-desist order some three years ago, by submitting reimbursement requests to, and receiving reimbursement from, Gospel Light. (Doc. 81-1 at 6, 8.)

Further, though Gospel Light did not raise proportionality in responding to the Subpoena Motion, (*see* Doc. 87), the Court notes that the requests in dispute are limited to the two Plaintiffs and that, at the November 22, 2024 motion hearing, Defendants' counsel further limited them to a period of about four years. Moreover, on their face, the requests seek information relevant not only to standing, but also to other claims and defenses including Plaintiffs' core allegations that Gospel

---

[3] In its response to the Subpoena Motion, Gospel Light suggests that because Plaintiffs have alleged standing on other bases as well, information bearing on their allegations that Defendants' cease-and-desist order has deprived them of the right and ability to participate in Gospel Light's HCSM is irrelevant. (Doc. 87 at 3-4.) However, even assuming Plaintiffs' factual position on this point to be true, they fail to cite to any authority holding that information bearing on some but not all aspects of a claim or defense is not discoverable, and the Court declines to endorse such an unlikely proposition here.

6

Light's HCSM is *not* an unauthorized insurance product and Defendants instead issued the challenged cease-and-desist order because of a bias against Plaintiffs' religious practice. (*See, e.g.,* Doc. 1 at 35-36, 42, 44-45, 49, 59, 63.) In short, the Court finds that Subpoena Requests Nos. 4, 5, 7, and 8 seek documents that are both relevant and proportional to the needs of the case.

Finally, the Court does not find Gospel Light's gamesmanship argument persuasive. While the requested documents may show that Gospel Light has violated or is violating the challenged cease-and-desist order, this does not negate the documents' relevance and proportionality to Plaintiffs' allegations in this case. For these reasons, and for the reasons stated on the record at the November 22, 2024 hearing, the Court will grant the Subpoena Motion and compel Gospel Light to respond to Subpoena Requests Nos. 4, 5, 7, and 8.

**C.     Admission Motion**

Turning to Defendants' Admission Motion, (Doc. 88), Request for Admission No. 3 asks Plaintiffs Renteria and Smith to admit that "to date [they] have not been directed to stop contributing [their] Monthly Share Amount by any representative of Liberty HealthShare." (Doc. 88-1 at 6, 14.) Request for Admission No. 4, in turn, asks Plaintiffs to admit that "Liberty HealthShare has not refused to pay any Medical Expense Submission(s) submitted by [them] because of" the cease-and-desist order challenged in Plaintiffs' complaint. (*Id.* at 3, 7, 11, 15.) Plaintiffs interposed several objections to these requests. (*Id.* at 21-24, 30-33.) However, in their response, they oppose the Admission Motion only on the bases of timeliness, relevance, and gamesmanship, and because the requests may violate their constitutional right to freedom of association.[4] (Doc. 92.)

---

[4] In their response, Plaintiffs also argue that the requests in dispute seek protected health information. (Doc. 92 at 8-9.) However, Defendants have subsequently agreed that Plaintiffs and Gospel Light may redact protected health information from their responses to the discovery requests discussed in this Order.

7

Initially, the Court rejects Plaintiffs' timeliness argument for the reasons stated at the November 22, 2024 hearing

As for Plaintiffs' relevance and gamesmanship arguments, the Court finds that, like the Subpoena Requests discussed in Section II.B., Requests for Admission Nos. 3 and 4 seek information that is relevant because it bears on whether Defendants' cease-and-desist order and related actions have caused Plaintiffs to be injured-in-fact, a requirement for them to have standing in this lawsuit. Further, the requests seek information that is relevant and proportional to the needs of this case notwithstanding the fact that, as Plaintiffs argue, their responses may show that Gospel Light has violated or is violating the cease-and-desist order.

Finally, the Court is not persuaded by Plaintiffs' argument that there is a reasonable probability they will be deterred from exercising protected associational rights if the Court compels them to respond to the requests in dispute. In particular, Plaintiffs have not shown why they reasonably believe that (a) responding to these requests would subject them to a risk of reprisal distinct from any risk they believe they already face as members of Gospel Light's HCSM and parties to this lawsuit or (b) the risk of reprisal is of a degree and kind that would deter them from exercising their associational rights. The Court will therefore compel Plaintiffs to respond to Requests for Admission Nos. 3 and 4.

**D.     The Court will not require Plaintiffs or Gospel Light to pay Defendants' expenses.**

Federal Rule of Civil Procedure 37 provides that, if a court grants a motion to compel, it must generally order the nonmovant to pay the reasonable expenses, including attorney's fees, that the movant incurred in bringing the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order this payment if the nonmovant's opposition was "substantially justified" or "other circumstances make an award of expenses unjust." *Id.* In addition, under Rule 45, courts "may

hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena." Fed. R. Civ. P. 45(g). Here, although the Court will grant Defendants' Motions, it finds that an award of expenses under Rules 37 and/or 45 would be unjust for the reasons stated at the November 22, 2024 hearing. The Court therefore declines to award expenses or impose sanctions in connection with Defendants' Motions.

### III. Conclusion

For all of the foregoing reasons, and for the reasons stated on the record at the November 22, 2024 hearing on Defendants' Motions, IT IS HEREBY ORDERED as follows:

1. Defendants' Motion to Compel Gospel Light to Serve Complete Responses to Defendants' Subpoena Requests (Doc. 81) is GRANTED. By **Monday, January 13, 2025**,[5] Gospel Light must produce all documents responsive to Subpoena Requests Nos. 4, 5, 7, and 8, for the period from 12 months prior to entry of the challenged cease-and-desist order to the present;

2. Defendants' Motion to Compel Individual Plaintiffs to Serve Complete Responses to Defendants' Requests for Admissions (Doc. 88) is GRANTED as to Defendants' Requests for Admission Nos. 3 and 4 to each Plaintiff. By **Thursday, December 26, 2024**,[5] Plaintiffs must respond without objection to these requests; and,

3. Plaintiffs and Gospel Light may redact Plaintiffs' protected health information from any documents or information they produce to Defendants in response to the foregoing requests.

---

[5] The deadlines set forth in this Order are the subject of an opposed motion for an extension of time that Plaintiffs filed on December 4, 2024, which is not yet fully briefed. (Doc. 114.) Pursuant to this motion, the Court has extended the deadlines announced at the November 22, 2024 motion hearing by the length of the interval between the hearing and the issuance of this Order documenting the bases for the Court's rulings. The Court will decide whether to grant a further extension after Plaintiffs' motion for an extension of time is fully briefed.

IT IS SO ORDERED.

*Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE