IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE.
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

      *Plaintiffs*,

v.                                                        No. 1:23-cv-00276 MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

      *Defendants*.

## RESPONSE TO MOTION TO REVERSE AND RULE 72 OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DISCOVERY

      Defendants, the New Mexico Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance, in her official capacity (collectively "OSI"), by and through their counsel of record, files its Response to the Motion to Reverse and Rule 72 Objections to Magistrate Judge's Order Compelling Discovery.

      This case arises out of an administrative decision in which the Interim Superintendent issued a Final Order that requires Gospel Light Mennonite Church Medical Aid Plan, d/b/a Liberty HealthShare ("Gospel Light") to cease and desist from soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or servicing healthcare sharing ministries in New Mexico, and fined Gospel Light $2.51 million for various violations of the New Mexico Insurance Code ("Final Order"). As a result of the Superintendent's Final Order, Gospel Light and three

members of the Liberty HealthShare program ("Liberty Plan"), Plaintiffs Breanna Renteria, Laura Smith, and Tammy Waters ("Plaintiffs"),[1] brought their Complaint for several constitutional violations against OSI. *See* Complaint, filed on March 31, 2023 in Docket No. 1:23-cv-276-MLG-KK ("Complaint"). Specifically, in their Complaint, Gospel Light and Individual Plaintiffs brought causes of action against Defendants for violations of the Free Exercise Clause under 42 U.S.C. § 1983; violations of the Establishment Clause under 42 U.S.C. § 1983; violations of the Free Speech and Assembly Clauses under 42 U.S.C. § 1983; violations of the Due Process Clause under 42 U.S.C. § 1983; federal preemption; declaratory judgment under 28 U.S.C. § 2201; violations of the New Mexico Constitution against OSI; and violations of the New Mexico Religious Freedom Restoration Act against OSI. *See* Complaint, at pp. 46-77.

## I. PROCEDURAL BACKGROUND

1. On April 25, 2024, after Gospel Light was dismissed as a party from this case, OSI propounded subpoena requests to Gospel Light pursuant to Federal Rule of Civil Procedure 45. *See* Defendants' Notice of Subpoena (Doc. No. 68).

2. On May 16, 2024, Gospel Light responded to OSI objecting to OSI's requests. Specifically, Gospel Light objected to Request Nos. 4-9 without producing any documentation.

3. Gospel Light objected to OSI' subpoena requests for documents that would relate to and establish the Plaintiffs' monthly payment into the Liberty Plan (the "Monthly Share Amount"), which is a requirement for continued participation in the Liberty Plan. Gospel Light also improperly objected to OSI's subpoena requests for documents that would relate to and

---

[1] Plaintiffs have since dismissed Tammy Waters as a plaintiff in this case as "no case or controversy presently exists between Tammy Waters and Defendants[.]." *See* Order of Dismissal of Plaintiff Tammy Waters (Doc. No. 80), filed on July 8, 2024.

establish if the Plaintiffs' medical expenses were not shared because of the Final Order. A showing of both is necessary to establish Individual Plaintiffs' standing in this case.

4. On May 31, 2024, in a good faith effort to resolve the deficiencies in Gospel Light's responses, OSI sent Gospel Light's counsel a letter pursuant to Federal Rule of Civil Procedure 37, requesting the deficiencies to be cured.

5. On July 10, 2024, Plaintiffs' counsel and OSI counsel met and conferred to discuss Gospel Light's subpoena responses. Plaintiffs' counsel did not agree on the relevancy of the requests, but did agree that HIPAA was inapplicable to the requests. Counsel agreed that, should the Court require Gospel Light to produce the requested documents, Plaintiffs' protected health information could be redacted, and counsel will have another meet and confer to discuss the redactions.

6. On July 12, 2024, OSI filed a motion to compel (Doc No. 81).

7. Now, non-Party Gospel Light filed a response on August 2, 2024 (Doc. No. 87).

8. OSI filed its reply on August 16, 2024 (Doc. No. 89).

9. After hearing the dispute on November 22, 2024, Magistrate Judge Khalsa issued an order from the bench followed by written order (the "Order") on December 11, 2024, which requiring the Plaintiffs to answer request for admission numbers 3 and 4 (the "RFAs") and requiring Gospel Light to produce documents responsive to subpoena request numbers 4, 5, 7, and 8.

10. Plaintiff and Gospel Light subsequently moved to reverse the Magistrate Judge's order.

## II. ARGUMENT

1. **Good Cause**

Rule 6 of the Federal Rules of Civil Procedure provides that the court may, with good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).  In the context of the federal rules of bankruptcy procedure, the Supreme Court stated that "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  The Tenth Circuit subsequently applied the Pioneer definition in the context of Rule 6(b).  *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995).

In the Tenth Circuit, a finding of good cause requires a showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)). Good cause "is not a particularly demanding requirement." *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 547 (D.N.M. 2011). Similarly " 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.,* 507 U.S. at 395. "Excusable neglect" may include attorney inadvertence or negligence, provided certain mitigating circumstances are present. *Id.* at 395–97. The Tenth Circuit has recognized that "the determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting Pioneer Inv. Servs., 507 U.S. at 395).

Despite the less than demanding showing required to show excusable neglect, the Plaintiffs argue that the Magistrate Judge's decision should be reversed. The applicable standard when a district court judge is asked to reconsider any magistrate judge pretrial ruling requires a showing that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). See also Fed. R. Civ. P. 72(a) (requiring the Court to "set aside any part of the order that is clearly erroneous or is contrary to law"). Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused." *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982). *See also Sil-Flo, Inc., v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

Plaintiffs argue that the Magistrate Judge's decision "is contrary to law and must be reversed". Given that "good cause" is not a particularly demanding requirement, and considering the relevancy of the requested discovery, the Magistrate Judge's decision to decide the discovery dispute on the merits was not a clear abuse of her discretion.

   **2. Relevancy**

Plaintiffs advance a rather disingenuous argument that whether they are continuing to participate in the Liberty Plan is not relevant. Plaintiffs allege that the Final Order which directed Gospel Light to "cease and desist from soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or servicing HSCMS in New Mexico until [Gospel Light] complies with the requirements of the New Mexico Insurance Code", infringed on Plaintiffs' sincerely held religious beliefs which they exercise through their participation in the Liberty Plan. Plaintiffs allege that the Final Order prevents them from exercising their religious beliefs because they are no longer able to participate in the Liberty Plan. Doc. 1 at 52.

In their brief, Plaintiffs cited *Deakin v. Magellan Health, Inc.,* 340 F.R.D. 424 (D.N.M. 2022) for the proposition that "the object of inquiry must have some evidentiary value" to be discoverable." Id at 431; Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable. *Dorato v. Smith*, 163 F. Supp. 3d 837, 865–66 (D.N.M. 2015) (quotation marks omitted).

If the entire premise of the Plaintiffs' argument is that they have suffered an injury due to their inability to exercise religious beliefs through their participation in the Liberty Plan, whether the Plaintiffs are continuing to exercise their religious beliefs by making a monthly payment into the Liberty Plan and potentially having their medical expenses paid by the Liberty Plan is a fact that has significant consequence in determining this matter. Moreover, in order for Plaintiffs to satisfy the constitutional standing requirements, the Plaintiffs must demonstrate an injury in fact which is concrete, particularized, and imminent—not only hypothetical. *See Bd. of Cnty. Comm's of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) (other citations omitted). OSI's requests regarding Plaintiffs' Monthly Share Amounts and information related to payment of any medical expense through the Liberty Plan are material and necessary to OSI's defenses to the Plaintiffs' constitutional claims and standing to bring such claims. Therefore, such information is relevant to the pending action and is discoverable.

3. **HIPPA**

The requested discovery is not protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") because Gospel Light is not an entity covered by HIPAA's protections. HIPAA only prohibits a "covered entity" from disclosing protected health

information. *See U.S. v. Yazzie*, 998 F. Supp. 2d 1044, 1115 (D.N.M. 2014); *see also* 45 C.F.R. § 164.502(a). For HIPAA's privacy rule to apply, an entity must be "(1) a health plan; (2) a health care clearinghouse; or (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by HIPAA." *Ehrlich v. Union Pac. R.R. Co.,* 302 F.R.D. 620, 628 (D. Kan. 2014). Gospel Light has consistently and adamantly rejected that it is a "health plan" throughout this litigation.  In addition, Gospel Light does not meet the definitions of the other entities that are covered by HIPAA as it is neither a clearinghouse nor a health care provider.

Moreover, HIPAA's protections do not outweigh the necessity of providing records to OSI through the discovery process. *See BNSF Ry. Co.,* 2008 WL 11322949, at *5 ("HIPAA regulations do not trump the rules of civil procedure with respect to discovery obligations or questions of relevance."). Instead, the proper analysis is under Rule 26(b). *See Bayne v. Provost*, 359 F.Supp.2d 234, 237 (N.D.N.Y. 2005) ("it is evidently denudate that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase.") (citing C.F.R. § 164.512(e)(1)(ii)).  *See also, Thomas v. 1156729 Ontario Inc.*, 979 F.Supp.2d 780, 783 (2013).

**4. Freedom of Association**

Plaintiffs cite the case of *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987) for the requirement that the Magistrate Judge should have conducted a balancing test before ordering disclosure.  OSI suggests that the balancing test described in *Grandbouche* does not apply to the present matter.  *Grandbouche* involved a lawsuit against various defendants, including numerous agents of Internal Revenue Service.  The defendants requested production of several items including a membership list of the National Commodity and Barter Association (NCBA), which the plaintiff founded and directed.

Defendants claimed that they need the NCBA membership information and mailing lists in order to prepare their defense of the plaintiff's claim that people left or failed to join the organization due to IRS harassment. Defendants provided no reason why they needed the other information requested. The plaintiff conceded that he had no basis for refusing to produce information concerning persons who he claimed were harassed or intimated by the IRS but declined to disclose the identities of other members. The Tenth Circuit remanded the matter to the District Court to conduct the balancing test to determine whether the "associational activities [were] *directly relevant* to the plaintiff's claim, and disclosure of the plaintiff's affiliations is essential to the fair resolution of the lawsuit." *Grandbouche* at 1467. (Emphasis in original). If so, the trial court could properly compel the disclosure.

In the matter before the Court, OSI does not seek to compel disclosure of membership information and mailing lists. Instead, OSI seeks information specifically regarding when and if the Plaintiffs stopped making contributions to the Liberty Plan and whether any of their medical expenses were paid. Plaintiffs who made their membership in the Liberty Plan known by filing the present matter. OSI has a legitimate interest in the disclosures sought. As discussed above, Plaintiffs allege they have been harmed because they can no longer exercise their religious beliefs because they are unable to participate in the Liberty Plan. If the Plaintiffs continue to participate in the Liberty Plan, they have suffered no harm.

Instead of the balancing test described in *Grandbouche,* OSI suggests that the appropriate analysis is set forth in the case of *In re Motor Fuel Temperature Sales Pracs. Litig., 641 F.3d 470 (10th Cir. 2011)*. That case sets forth a two-part framework which provides that the party claiming a privilege, such as the disclosure would violate the group's First Amendment Right of Association,

bears the initial burden of establishing the factual predicate for the privilege. If the party claiming the privilege makes a prima facie showing the burden shifts to the party seeking discovery.

The party claiming the privilege can meet its burden by demonstrating that disclosure of members' identities has or would expose these members to "economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." This can be accomplished by submitting affidavits which describe harassment and intimidation of a group's known members, and the resulting reluctance of people sympathetic to the goals of the group to associate with it for fear of reprisals. *Id at* 491. There has been no such showing by either the Plaintiffs or Gospel Light. As noted above, OSI does not seek the identities of other members of the Liberty Plan. OSI only seeks information relating to the two members who voluntarily disclosed their membership. And unlike the members of NCBA who could be subject to scrutiny by IRS, OSI has no jurisdiction over the individual members of the Liberty Plan. OSI regulates insurance companies and entities who engage in the business of insurance, not those individuals who purchase an unapproved insurance product. Accordingly, the Magistrate Judge's findings are not erroneous.

## CONCLUSION

For the foregoing reasons, OSI respectfully requests the Court deny the motion to reverse and Rule 72 objections to Magistrate Judge's order compelling discovery

Respectfully submitted,

**OFFICE OF THE SUPERINTENDENT OF INSURANCE**



_____
Stephen P. Thies

Stephen P. Thies
General Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689
505-470-7366
Stephen.Thies@osi.nm.gov

*Attorney for Defendants Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance, in her official capacity*

*Response to motion to reverse and Rule 72 objections to Magistrate Judge's order compelling discovery.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2025, I filed the foregoing through the Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.

_____
Stephen P. Thies