IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE.
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

      *Plaintiffs*,

v.   No. 1:23-cv-00276 MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

      *Defendants*.

## DEFENDANTS' MOTION TO STAY DISCOVERY
## WITH REQUEST FOR EXPEDITED CONSIDERATION

    Defendants, the New Mexico Office of Superintendent of Insurance and Alice T. Kane, the Superintendent of Insurance in her official capacity (collectively, "OSI"), by the undersigned counsel, pursuant to Fed.R.Civ.P. 26(c), and other applicable law, if any, move the Court to enter an order staying discovery until OSI's pending Motion for Summary Judgment [Doc. 127] has been ruled upon by the Court.

    The Motion [Doc. 127] raises the issue of standing upon which the Court's jurisdiction depends. The Court should thus resolve the Motion, and its own jurisdiction over the OSI in this action, prior to the OSI having to continue to respond to Plaintiffs' burdensome discovery requests.

## INTRODUCTION

    1.   This case arises out of an administrative decision in which the former Interim Superintendent Jennifer Catechis issued her Final Order on February 22, 2023, that required Gospel Light Mennonite Church Medical Aid Plan ("Gospel Light"), d/b/a Liberty HealthShare

1

("Liberty Plan"), to cease and desist from soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or servicing healthcare sharing ministries in New Mexico, and fined Gospel Light $2.51 million for various violations of the New Mexico Insurance Code.

3.     On March 31, 2023, Gospel Light and three individual members of the Liberty Plan ("Plaintiffs") filed suit against OSI alleging several constitutional violations. [Doc. 1]. ("Complaint").  In lieu of filing an Answer, OSI responded with a motion to dismiss. [Doc. 8]. By Order dated July 14, 2023, the Court granted in part OSI's motion to dismiss and denied the requested preliminary injunction. [Doc. 38].  Gospel Light was dismissed as a party from the case, but the Individual Plaintiffs were permitted to move forward with their claims. [Doc. 38].

4.     On June 12, 2024, the parties subsequently dismissed Tammy Waters as a plaintiff. [Doc. 75].

5.     Since that time, the parties have engaged in discovery. Two discovery disputes are currently pending before the Court along with two motions filed by the OSI seeking to quash the depositions of two non-parties, the former Interim Superintendent of Insurance and the Hearing Officer who presided over the administrative hearing.

6.     To date Plaintiffs have deposed four witnesses, served requests for admissions, interrogatories, and four requests for production of documents. So far, in response to the requests for production of documents, OSI has provided documents totaling 13,472 pages.

7.     Plaintiffs have also submitted requests pursuant to the New Mexico Inspection of Records Act ("IPRA"). In response to the requests, OSI has provided documents totaling 7,680 pages.  Given the scope of the IPRA request, OSI has estimated that it will involve an additional 4,512 to 9,024 hours to complete.

8.     To respond to Plaintiffs' Fourth Set of Requests for Production, Plaintiffs are

demanding that OSI conduct a manual search of two external databases using 41 search terms. OSI's response to this request is subject to a pending motion to compel. [Doc. 128].

9.  On January 3, 2025 [Doc. 127], OSI filed a motion seeking summary judgment arguing that OSI is entitled to summary judgment because the doctrine of standing requires a litigant to prove they have suffered a concrete and particularized injury, which the OSI asserts the Plaintiffs have failed to do.

## ARGUMENT

The Court should stay the parties' discovery obligations while it considers OSI's dispositive motion. By its motion for summary judgment (Doc. 127), OSI argues it is entitled to summary judgment because the Plaintiffs are unable to show that they suffered an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" because they continue to engage in the very activity that they claim constitutes an exercise of their religious beliefs and which they allege the Final Order prevents them from doing. Standing to maintain a suit is the foremost element of a justiciable controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing is a jurisdictional issue. *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021).

"The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings." *J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, No. CV 23-854 JCH/JFR, 2024 WL 3829970, at *2 (D.N.M. Aug. 15, 2024). However, the Tenth Circuit has recognized that a stay of discovery can be warranted while an issue of jurisdiction is being resolved. *See Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming the trial court's stay of discovery pending resolution of question of immunity); *see also Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

Factors considered by the Courts in the District of New Mexico when considering a request for a stay consist of the following: (1) the plaintiff's interest in proceeding swiftly "with the civil

action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest." *See, e.g., J.D. Heiskell Holdings, LLC, v. Willard Dairy, LLC*, 2024 WL 3829970, at *2 (D.N.M. Aug. 15, 2024); *Wetzel v. Diestel Turkey Ranch*, No. 1:20-CV-1213 DHU/DLM, 2023 WL 3230556 at 3* (D.N.M. May 3, 2023); *M.G. v. Scrase*, No. CV 22-325 MIS/GJF, 2022 WL 5242610, at *2 (D.N.M. Oct. 6, 2022); *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019).

      Plaintiffs will not be prejudiced by the requested stay. Plaintiffs have served three requests for Interrogatories and four sets of Requests for Production of Documents which have so far resulted in the production of approximately 13,472 pages of documents. Plaintiffs have conducted four depositions. A deposition of another former employee is scheduled for January 16, 2025. Given the extent of the discovery already completed, a delay of discovery at this point in the proceedings does not delay the Plaintiffs' ability to move forward with the proceedings once OSI's motion is resolved.

      In addition to the formal discovery, Counsel for the Plaintiffs have submitted extensive requests pursuant to the New Mexico Inspection of Public Records Act which has resulted in the disclosure of 7,680 pages of documents. OSI continues to provide additional responses to the IPRA request weekly.

      A stay would not burden OSI. As noted, OSI has already produced thousands of pages of documents. Plaintiffs' Fourth Request for Production of Documents is currently subject to a motion to compel. Unless otherwise limited, it will require a significant expenditure of time in order to respond. OSI's has two motions pending before the Court seeking to quash the depositions of two former employees. A deposition of another former employee is scheduled for January 16,

2025. OSI fully expects that the Plaintiffs will seek to depose additional current and former employees. If OSI's motion is granted, it would not be burdened with responding to these discovery requests. [S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expenses, particularly if the motion to dismiss is later granted". *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

Similarly, the Court would not be inconvenienced by a stay. In addition to the two motions seeking to quash the subpoenas, Plaintiffs' Motion to Reverse and Rule 72 Objections to Magistrate Judge's Order Compelling Discovery is pending before the Court. It is likely that if OSI's motion to stay is not granted, additional discovery related motions will be filed. Delaying these matters until OSI's motion for summary judgement is resolved would serve to preserve the Court's resources. "The power to stay a case is an aspect of the court's inherent authority to manage its docket efficiently." *Doe v. Jones,* 762 F.3d 1174, 1178 (10th Cir. 2014).

A stay would positively impact the interests of third parties. Other than the Rule 30(b)(6) witnesses, the individuals the Plaintiffs have deposed, seek to depose and are likely to depose in the future are former OSI employees. OSI's dispositive motion, if granted, would eliminate the need for these individuals from incurring the time and expense of appearing for a deposition.

And lastly, OSI is unaware of any public interest that would be impacted by a stay. In sum, OSI suggests that after weighing these factors a stay is justified.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, OSI respectfully requests the Court issue an order staying all discovery until the Court rules on OSI's pending motion for summary judgment challenging the Plaintiffs' standing.

        Respectfully submitted,
**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

\_\_\_/s/Stephen P. Thies\_\_\_\_\_
Stephen P. Thies
General Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689
505-470-7366
Stephen.Thies@osi.nm.gov

*Attorney for Defendants Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance, in her official capacity*

6

*Motion to Stay Discovery*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I filed the foregoing through the Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.

*/s/ Stephen P. Thies*
Stephen P. Thies