**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE.
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

        *Plaintiffs*,

v.                                No. 1:23-cv-00276 MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

        *Defendants*.

**DEFENDANTS' RESPONSE TO PLAINTIFFS'MOTION TO EXTEND DEADLINE**

Defendants, the New Mexico Office of the Superintendent of Insurance and Alice T. Kane,

Superintendent of Insurance, in her official capacity (collectively "OSI"), by and through their

counsel of record, submit its response to Plaintiffs' Motion to Extend Deadline for Plaintiffs to File

Response to Motion for Summary Judgment.

**INTRODUCTION**

This case arises out of an administrative decision in which the former Interim

Superintendent issued her Final Order that required Gospel Light Mennonite Church Medical Aid

Plan ("Gospel Light"), d/b/a Liberty HealthShare ("Liberty Plan"), to cease and desist from

soliciting, offering to sell, selling, collecting membership fees or monthly share amounts, or

servicing healthcare sharing ministries in New Mexico, and fined Gospel Light $2.51 million for

various violations of the New Mexico Insurance Code.

Subsequently, Gospel Light and three individual members of the Liberty Plan ("Plaintiffs") filed suit against OSI alleging several constitutional violations. [Doc. No.  filed on March 31, 2023, Docket No. 1:23-cv-276-MLG-KK ("Complaint")].

On January 3, 2025, OSI filed a motion for summary judgment [Doc's. 126 & 127] arguing that OSI is entitled to summary judgment because the doctrine of standing requires a litigant to "prove she has suffered a concrete and particularized injury."  Specifically, OSI argued that the Plaintiffs have failed to show that they suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" because they continue to engage in the very activity that they claim constitutes an exercise of their religious beliefs and which they allege the Final Order prevents them from doing.

Instead of responding to OSI's motion, the Plaintiffs filed a motion to request additional time to respond to the motion. [Doc. 132].  Plaintiffs argue that additional time is needed to obtain the transcript of the deposition of a former OSI employee who is a non-party to these proceedings. Plaintiffs argue that the evidence obtained through that deposition will be incorporated into their response to the motion for summary judgment.

## ARGUMENT

Plaintiffs cite a district court decision from the District of Kansas for the proposition that "Rule 56 contemplates the entry of summary judgment *after adequate time for discovery*." *Awulonu v. Unified Sch. Dist. (US) No. 261*, 363 F.Supp.2d 1300, 1303 (D.Kan. 2005) (emphasis in original) (internal cites and quotes omitted).  Fed. R. Civ. P. 56(d) does provide that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

*Response to Motion to Extend Deadline*

However, Plaintiffs, as the non-movant, bears the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015).

The standard in the Tenth Circuit for requesting additional time to respond to a motion for summary judgment is set forth in *Valley Forge Ins. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). To defer consideration of a motion for summary judgment, the requesting party must show how additional facts sought in discovery will enable them to rebut the motion for summary judgment. *Id.* This requires the party to submit "an affidavit 'explain[ing] why facts precluding summary judgment cannot be presented.'" *Id* at 1096. "[M]erely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable" is not sufficient. *White v. Stone*, No. 21-CV-1207-SCY-JFR, 2023 WL 402215, *1 (D.N.M. Jan. 25, 2023). "Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

Not only did Plaintiffs fail to submit such an affidavit but Plaintiffs fail to demonstrate how the testimony of Paige Duhamel, the former OSI employee, will create a genuine issue of material fact. OSI's motion for summary judgment is premised on the failure of the Plaintiffs to show that they are able to satisfy the requirements for standing because they continue to engage in the very activity that they claim constitutes an exercise of their religious beliefs and which they allege the Interim Superintendent's Final Order prevents them from doing. Specifically, participating in the Liberty Plan by making their monthly contribution. It is difficult to comprehend what testimony a former 0SI employee would offer during her deposition that would rebut the testimony that the Plaintiffs provided during their own depositions that they are continuing to participate in the Liberty Plan.

3

## CONCLUSION

Plaintiffs have the burden to demonstrate that additional discovery is necessary to respond to OSI's motion for summary judgment.  Plaintiffs have failed to meet that burden.  This Court should therefore deny Plaintiffs' motion to extend the deadline to file a response to OSI's motion for summary judgment.

Respectfully submitted,
**OFFICE OF THE SUPERINTENDENT**
**OF INSURANCE**



_____
Stephen P. Thies
General Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689
505-470-7366
Stephen.Thies@osi.nm.gov

*Attorney for Defendants Office of the*
*Superintendent of Insurance and Alice T. Kane,*
*Superintendent of Insurance, in her official capacity*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, I filed the foregoing through the Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.



_____

Stephen P. Thies

*Response to Motion to Extend Deadline*