**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE.
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

        *Plaintiffs*,

v.                                                        No. 1:23-cv-00276 MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

        *Defendants*.

## RESPONSE TO MOTION TO COMPEL FRCP 30(B)(6) DEPOSTION

    Defendants, the New Mexico Office of the Superintendent of Insurance and Alice T. Kane,

Superintendent of Insurance, in her official capacity (collectively "OSI"), by and through their

counsel of record, files its Response to Plaintiffs' Motion to Compel FRCP 30(b)(6) Deposition.

## BACKGROUND

    On July 7, 2025, counsel for Plaintiffs emailed a Notice of Videotaped Rule 30(b)(6)

Deposition of the New Mexico Office of the Superintendent of Insurance [Doc. 185-1] ("July 7

Notice") seeking to conduct a Rule 30(b)(6) deposition on eleven substantive issues. Plaintiffs

identified eleven different areas of inquiry in the July 7 Notice consisting of total of forty-three

subtopics.

## ARGUMENT

The questions posed in the July 7 Notice constitute "contention" questions. The problem with contention questions is that because of their nature contention discovery will usually require the assistance of a party's attorney, *BB & T Corp. v. United States*, 233 F.R.D. 447, 448 (M.D.N.C. 2006); or will involve the deposition of a party's attorney, which is not favored. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C. 1987). Additionally, the form of questions can easily implicate both the attorney-client privilege and the work-product doctrine. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.,* No. 22-MD-03047-YGR (PHK), 2025 WL 470482, *6 (N.D. Cal. Feb. 12, 2025). The form of the contention questions can also require the party interrogated to make a "law-to-fact application that is beyond the competence of most lay persons." *Rifkind v. Superior Ct.,* 22 Cal. App. 4th 1255, 1262, 27 Cal. Rptr. 2d 822 (1994). Therefore, until a party has first shown that the interrogatory process cannot be used, it may not seek to use depositions for contention discovery. *BB & T Corp.*, 233 F.R.D. at 448.

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *In re Qwest Commc'ns Int'l Inc.,* 450 F.3d 1179 (10th Cir. 2006) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co.,* 449 U.S. at 389, 101 S.Ct. 677. The privilege serves the client's need for legal advice, but it also serves the attorney's need to receive complete information in order to give the proper advice. *Upjohn Co.,* 449 U.S. at 390, 101 S.Ct. 677. Courts "have found waiver by implication when a client testifies concerning portions of the attorney-client communication, ... when a client places the attorney-client relationship directly at issue, ... and when a client asserts

reliance on an attorney's advice as an element of a claim or defense." In re Cnty. of Erie, 546 F.3d 222, 228 (2d Cir. 2008) (quoting *Sedco Int'l, S. A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982) (alterations in original)).

"The work product doctrine is reflected in Fed. R. Civ. P. 26(b), which generally protects 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for a party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" Fed. R. Civ. P. 26(b)(3)(A). The doctrine "only applies to attorneys' or legal representatives' mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006) "The protection provided by the work-product doctrine is not absolute, and it may be waived." *Qwest Commc'ns Int'l Inc.,* 450 F.3d at 1186.

Plaintiffs have brought an as-applied challenge. "An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court." *Republican Party of Minn., Third Cong. Dist. v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004). *See also*, *Phelps-Roper v. Ricketts*, 867 F.3d 883, 896 (8th Cir. 2017). ("[A plaintiff] generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been ... unconstitutionally *applied* to [it]." (second alteration in original) (quoting *McCullen v. Coakley*, 573 U.S. 464, 485 n.4, 134 S. Ct. 2518, 189 L. Ed. 2d 502 (2014)). The matter before the Court involves the application of the Final Order. "If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable." *Republican Party of Minn., Third Cong. Dist,* 381 F.3d at 896; *Roper*, 867 F.3d at 896.

In contrast, a facial challenge is the most difficult challenge to mount successfully since the challenger must establish that no set of circumstances exists under which the decision would

be valid. *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); *Doe v. City of Albuquerque*, 667 F.3d 1111, 1112-23 (10th Cir. 2012).  In First Amendment cases, the question is whether "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723, 144 S. Ct. 2383, 219 L. Ed. 2d 1075 (2024) (citations omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc v. Champion Fiberglass, Inc.,* 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).  Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. *SanDisk3D IP Holdings Ltd. v. Viasat, Inc.,* No. 22-CV-04376-HSG (PHK), 2025 WL 823785. *1 (N.D. Cal. Mar. 14, 2025).   "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry.  The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. *Viasat, Inc.,* 2025 WL 823785, at *1.

## CONTENTION INQUIRIES

Addressing each of eleven different areas of inquiry specified in the July 7 Notice in sequential order:

**Inquiry No. 1**. The OSI's analysis and understanding of, and positions on, the facts and circumstances surrounding the allegations and assertions pleaded in the operative complaint in this

matter, along with descriptions of any evidence the OSI contends either supports or refutes each

such allegation or assertion and the identities of witnesses who will, or may, provide testimony for

the OSI regarding these allegations and assertions, including:

> a)    the assertion that, according to the federal Affordable Care Act and other authority, Gospel Light Mennonite Church Medical Aid Plan d/b/a Liberty Healthshare ("Gospel Light") is a qualified healthcare sharing ministry ("HCSM") and not an insurance provider;

**Objection:** *The inquiry is not relevant.  Plaintiffs have brought an as-applied challenge. Whether Gospel Light is a qualified healthcare sharing ministry is not relevant to Plaintiffs' claim that application of the Final Order violates their religious freedoms.  Acquiring status of a qualified healthcare sharing ministry only exempts the Plaintiffs from being subject to individual shared responsibility payment, also commonly referred to as the individual mandate. The issue whether Gospel Light is an insurance provider is not before this Court.  OSI's determination that Gospel Light is an insurance provider has been upheld by the New Mexico First Judicial District Court. Even if that status was before the Court, the inquiry seeks work product by probing the conclusions, opinions or legal theories developed by OSI's legal counsel, and amounts to an improper attempt to depose opposing counsel.*

> b)    the assertion that, through their membership in Gospel Light, Plaintiffs and other Gospel Light members are exercising their sincerely held religious beliefs, including religious speech and religious association;

**Objection:** *The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories.*

> c)    the allegation that the OSI has targeted religious HCSMs and their members in an organized campaign against HCSMs that is not neutral toward religion and demonstrates OSI agents' animus toward HCSM members' religious beliefs, including the beliefs of Plaintiffs;

**Objection:** *The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel, and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories.*

> d)    the allegation that, despite having knowledge of (1) Gospel Light's legitimacy as an HCSM, (2) its members' general satisfaction with their membership, and (3) Gospel Light's value to New Mexicans, the OSI aggressively antagonized Gospel Light members, along with HCSMs generally, and attempted to prevent New Mexicans from associating with Gospel Light and other HCSMs;

**Objection:** *The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel, and amounts to an improper attempt to depose opposing counsel. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Whether Gospel Light is a legitimate HCSM or its members' satisfaction with their membership is not relevant to Plaintiffs' claim that application of the Final Order violates their religious freedoms.*

      e)     the allegation that certain key OSI personnel, including former OSI employees Superintendent Russell Toal and Paige Duhamel, possessed and displayed a religious bias against Gospel Light and other HCSMs;

**Objection:** *The inquiry seeks to probe OSI's legal counsel's consideration, analysis, or views of these individuals' deposition testimony. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel, and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case.*

      f)     the allegation that the OSI's administrative adjudication of Gospel Light failed to provide due process protections to Gospel Light and its members, particularly due to the OSI's bias against Gospel Light and its members;

**Objection:** *The inquiry is not relevant. Plaintiffs fail to show that they possessed a protected interest to which due process protection was applicable. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel, and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories, and seeks information that is not proportional to the needs of the case.*

      g)     the assertion that the OSI agents' actions, as outlined generally in the operative complaint, were undertaken under color of state law;

**Objection:** *The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates the Plaintiffs' religious freedoms. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case.*

      h)     the allegation that the OSI's definitions of insurance, insurance provider, and health benefits plan are inconsistent, contradictory, and have a disparate impact on religion, treating comparable secular activities more favorably than the religious activities of HCSM members;

*Objection: The inquiry is not relevant. Whether OSI's definitions of insurance, insurance provider, and health benefits plan are inconsistent or contradictory is not before this Court. Plaintiffs have brought an as-applied challenge. Plaintiffs have not brought a facial challenge alleging that these terms, which are contained within the New Mexico Insurance Code, are unconstitutional. Further, OSI's interpretation of those terms in the Final Order has been upheld by the First Judicial District Court. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and amounts to an improper attempt to depose opposing counsel. The inquiry seeks to probe the deliberations and mental processes of the former Interim Superintendent and Hearing Officer, in violation of the deliberative process and mental processes privileges. The inquiry seeks impermissible contention testimony, requiring the corporate witness to apply law to fact.*

      i)      the allegation that the OSI's interpretation of insurance conflicts with federal law, making HCSMs' simultaneous compliance with both federal and New Mexico state regulations impossible and posing obstacles to the accomplishment of federal goals;

*Objection: The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Whether OSI's interpretation of insurance conflicts with federal law is not relevant to Plaintiffs' claim that application of the Final Order violates their religious freedoms. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case. The inquiry seeks impermissible contention testimony, requiring the corporate witness to apply law to fact.*

      j)      the assertion that the OSI has no rational basis or compelling state interest in dismantling Gospel Light and other HCSMs in New Mexico, along with explanations of any and all rational bases and/or compelling state interests that the OSI claims to be advancing through either its final order against Gospel Light, specifically, or its adverse actions against HCSMs, generally;

*Objection: The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. If successful, the Final Order may not be applied to the Plaintiffs but is otherwise enforceable against other parties including Gospel Light. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case.*

      k)      the assertion that the OSI, and the State of New Mexico, have less restrictive means of accomplishing their interest in overseeing HCSMs and protecting New Mexicans from malfeasance by HCSMs and fraudulent HCSMs; and

7

*Objection: The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. If successful, the Final Order may not be applied to the Plaintiffs but is otherwise enforceable against other parties including Gospel Light. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case.*

      l)      the allegation that the OSI's actions against members of HCSMs, including Plaintiffs, have harmed, and will continue to harm, HCSM members, including by affecting the ways that HCSM members engage in religious expression, associate, define themselves, and carry out their mission.

*Objection: The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. If successful, the Final Order may not be applied to the Plaintiffs but is otherwise enforceable against other parties including Gospel Light. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories and seeks information that is not proportional to the needs of the case.*

      **Inquiry No. 2**.  The OSI's analysis and understanding of, and positions on, each of the below facts and circumstances uncovered during Plaintiffs' depositions:

      a)      the OSI, and Superintendent Russell Toal, view all HCSMs as subject to the New Mexico Insurance Code and make no effort to distinguish between legitimate and illegitimate HCSMs for purposes of regulating these entities;

*Objection: The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. If successful, the Final Order may not be applied to the Plaintiffs but is otherwise enforceable against other parties including Gospel Light.*

      b)      the OSI took enforcement action against Gospel Light before it had completed any substantive investigation into Gospel Light, thereby deviating from the processes that it utilized prior to taking enforcement action against other entities;

*Objection: The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

        c)     the OSI's investigation into Gospel Light was motivated, at least in part, by OSI employee Paige Duhamel's personal connection with Gospel Light, as her personal hairdresser was allegedly a disappointed Gospel Light member;

**Objection:** *The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel. The inquiry goes beyond an inquiry into the facts underlying a party's legal opinions and theories. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is objectionable because it amounts to a mischaracterization of deposition testimony and insinuating statements which are misleading and are factually inaccurate, resulting in a false narrative to the detriment of OSI.*

        d)     during his tenure as Superintendent of Insurance, Russell Toal was fixated on investigating and pursuing enforcement action against HCSMs, and this fixation caused him to sideline enforcement actions against other entities like the "Florida Four" fraudsters;

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the substance of decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is objectionable because it amounts to a mischaracterization of deposition testimony and insinuating statements which are misleading and are factually inaccurate, resulting in a false narrative to the detriment of OSI.*

        e)     during his tenure as Superintendent of Insurance, Russell Toal had the "final say" in each stage of the OSI's investigation and enforcement actions, including whether to investigate an entity, whether to elevate the investigation for enforcement action, whether to issue a cease-and-desist order against an entity, the contents of the hearing officer's recommended decision and order, and the contents of the final order;

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the substance of decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

        f)     OSI superintendents regularly sign off on final orders in enforcement actions without reading them fully and without reviewing objections and exceptions to the hearing officers' recommended decisions and orders, as occurred with the OSI's final order against Gospel Light; and

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the substance of decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of*

*communication subject to attorney-client privilege. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

     g)    during his tenure as Superintendent of Insurance, Russell Toal caused OSI staff to feel pressured to elevate investigations of HCSMs for enforcement action, even where there was no evidence to support the elevation, and he pressured OSI staff to elevate investigations against HCSMs for enforcement where the OSI investigators did not believe there was sufficient cause to merit elevation for enforcement, including with Gospel Light.

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the substance of decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is objectionable because it amounts to a mischaracterization of deposition testimony and insinuating statements which are misleading and are factually inaccurate, resulting in a false narrative to the detriment of OSI. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

    **Inquiry No. 3.** The OSI's analysis and understanding of, and positions on, the facts and circumstances surrounding the affirmative defenses pleaded in the Defendants' answer to the operative complaint in this matter, along with descriptions of any evidence the OSI contends supports each such affirmative defense and the identities of witnesses who will, or may, provide testimony for the OSI regarding these affirmative defenses, including:

     h)    the defense that "Plaintiffs have not stated a claim upon which relief can be granted;"

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the facts supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's attorneys which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995).*

     i)    the defense that "Plaintiffs' claims are barred by the doctrine of laches;"

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's attorneys which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995).*

j)    the defense that "Plaintiffs' religious practices were not burdened;"

*Objection: The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine.  Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel.  The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

k)    the defense that the "decision by the Superintendent was based on an even- handed application of the New Mexico Insurance Code, a facially neutral law of general applicability;"

*Objection: The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine.  Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is not relevant.  Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order.  Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

l)    the defense that the "Superintendent had a rational basis for her decision;"

*Objection: The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine.  Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is not relevant.  Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order.  Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

m)    the defense that the "Superintendent's decision was necessary to further a compelling state interest;

*Objection: The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine.  Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks*

*work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

      n)      the defense that "Plaintiffs lack standing to bring the instant action;"

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

      o)      the defense that the "Court should abstain from considering the case, based on the Pullman Doctrine, and similar abstention doctrines;"

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

      p)      the defense that the "State of New Mexico has [the] right to regulate the insurance industry, as provided by the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*;"

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

      q)      the defense that the "instant action is moot;" and

**Objection:** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting*

*affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

     r)  the defense that "the instant action is unripe."

***Objection:*** *The inquiry is an impermissible topic because it seeks to probe the* facts *supporting affirmative defenses and is an attempt to inquire into the mental processes and strategies of OSI's legal counsel which are protected by the work product doctrine. Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp. 8, 13 (D.D.C. 1995). The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege.*

    **Inquiry 4.** The procedures, analysis, methodology, definitions, and criteria used by the OSI in deciding any of the below and in determining whether or not an entity, including a healthcare sharing ministry, is (or should be) subject to the New Mexico Insurance Code, along with the identities of witnesses who will, or may, provide testimony for the OSI regarding these determinations, including:

     a)  the OSI's decision to issue the contents of its December 3, 2019 press release;

***Objection:*** *The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

     b)  the OSI's decision to issue the contents of its March 26, 2020 press release;

***Objection:*** *The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

     c)  the OSI's decision to issue the contents of its Consumer Advisory March 2021 Insurance Tip of the Month;

*Objection: The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

    d)      the OSI's decision to issue a cease-and-desist order against Gospel Light;

*Objection: The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

    e)      the OSI's decisions to issue cease-and-desist and final orders against Trinity HealthShare, OneShare, and any other entity that the OSI has pursued enforcement action against and which holds itself out to be a HCSM;

*Objection: The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms.*

    f)      the OSI's definitions of "insurance," "health benefits plan," and "insurance provider," along with any changes to those definitions since January 2019;

*Objection: The inquiry is not relevant. Plaintiffs have not brought a facial challenge alleging that these terms, which are contained within the New Mexico Insurance Code, are unconstitutional. Further, OPI's interpretation of those terms in the Final Order has been upheld by the State District Court. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry seeks impermissible contention testimony, requiring the corporate witness to apply law to fact.*

    g)      the OSI's definition of HCSM, including its determinations of legitimate vs. illegitimate HCSMs and any changes to those definitions and understandings since January 2019; and

*Objection: The inquiry is not relevant. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible*

*topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry seeks impermissible contention testimony, requiring the corporate witness to apply law to fact.*

        h)     the OSI's responses to, and understandings of, the federal Affordable Care Act's Religious Exemption, along with any changes to those responses and understandings since January 2019.

**Objection:** *The inquiry is not relevant. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel.*

**Inquiry No. 5.** The procedures, analysis, methodology, definitions, and criteria used by the OSI in arriving at the conclusions in the OSI's final order against Gospel Light, along with descriptions of any evidence the OSI contends supports each such conclusion and the identities of witnesses who will, or may, provide testimony for the OSI regarding these conclusions.

**Objection:** *The inquiry is not relevant. Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order. Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms. The inquiry seeks decisions and policies that are protected from disclosure pursuant to the deliberative process privilege. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel.*

**Inquiry No. 6.** The names of entities that purport to fit within any of the below definitions, along with the OSI's knowledge of each such entity, including the OSI's interactions and correspondence with the entity at any point over the past three years, and the OSI's position on whether or not the entity is subject to the New Mexico Insurance Code and why or why not:

        a)     "fraternal benefit societies," as that term is used in NMSA 1978, § 59A-1- 15(A), and Article 44 of Chapter 59A, operating in New Mexico—including but not limited to **(i)** the Benevolent and Protective Order of Elks, **(ii)** the Grand Lodge of

Ancient, Free and Accepted Masons of New Mexico, **(iii)** the Independent Order of Odd Fellows, **(iv)** the Knights of Columbus, **(v)** the Loyal Order of Moose, **(vi)** the New Mexico Elks Association, **(vii)** the Optimist International, **(viii)** the Order of Eastern Star, a Masonic fraternal organization, **(ix)** the Shriners International, and **(x)** the United Grand Imperial Council Knights of Red Cross of Constantine/St. Sophia Conclave;

***Objection:*** *The inquiry is an impermissible topic because it requires the corporate witness to apply law to fact. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

      b)    "labor organizations," as that term is used in NMSA 1978, § 59A-1-16;

***Objection:*** *The inquiry is an impermissible topic because it requires the corporate witness to apply law to fact. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

      c)    "credit union share insurance corporations," as that term is used in NMSA 1978, § 59A-1-16(B), and Article 12 of Chapter 58;

***Objection:*** *The inquiry is an impermissible topic because it requires the corporate witness to apply law to fact. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

      d)    "health maintenance organizations," as that term is used in NMSA 1978, § 59A-1-15(C), and Article 46 of Chapter 59A; and

***Objection:*** *The inquiry is an impermissible topic because it requires the corporate witness to apply law to fact. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege. The inquiry is unduly burdensome and not relevant to Plaintiffs' as-applied challenge. Currently, there are 19 HMOs licensed by the OSI. Even if relevant, the requested information is not proportional to the needs of the case.*

e)    "nonprofit health care plans," as that term is used in NMSA 1978, § 59A- 1-15(B), and Article 47 of Chapter 59A.

***Objection:*** *The inquiry is an impermissible topic because it calls for a legal conclusion from a lay witness. The inquiry seeks work product by probing the legal conclusions, opinions or legal*

*theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.  The inquiry is unduly burdensome.  One of the largest insurers in the State of New Mexico offers a nonprofit health care plan.  The volume of OSI's interactions and correspondence with this carrier during the requested period is overwhelming and the information is not relevant to the Plaintiffs' as-applied challenge.*

**Inquiry No. 7.** The OSI's knowledge of, and analysis concerning, purported violations of the First and Fourteenth Amendments and federal preemption laws by any of the Defendants, along with the substance of any investigation related to these purported violations, including the substance of any interviews, the identities of persons interviewed or otherwise involved in any such investigation, the documents collected and/or reviewed in connection with any such investigation, and the conclusions and accompanying rationale of any such investigation.

*Objection: The inquiry is not relevant.  Plaintiffs have brought an as-applied challenge. Their challenge is to the application of the Final Order.  Actions taken prior to the Final Order are not relevant to a determination whether application of that order violates their religious freedoms. The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

**Inquiry No. 8.** All of the OSI's answers, responses, and objections to written discovery propounded to the OSI in this matter.

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

**Inquiry No. 9.** Any evidence the OSI intends to introduce at trial of this matter.

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

**Inquiry No. 10.** Any witness the OSI may call to testify at trial of this matter.

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal*

*theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

**Inquiry No. 11.** The actions taken by the deponent to prepare for this deposition, including:

a.    the persons identified as potentially having knowledge or information generally relevant to the topics of this deposition notice and the interviews or communications with those individuals (you may of course assert appropriate claims of privilege to communications subject to such a claim);

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

b.    the documents, files, electronically stored information, websites, and any "shared files" reviewed or considered in preparing for this deposition; and

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

c.    transcripts, audio and/or videotapes, and recorded statements of any type that might constitute testimony or reflections of persons having knowledge or information generally relevant to the topics of this deposition notice.

*Objection: The inquiry seeks work product by probing the legal conclusions, opinions or legal theories developed by OSI's legal counsel and amounts to an improper attempt to depose opposing counsel. The inquiry is an impermissible topic because it seeks to probe the substance of communication subject to attorney-client privilege.*

**CONCLUSION**

For the reasons set forth above, OSI respectfully requests that Plaintiffs' motion be denied.

Respectfully submitted,
**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

_____
Stephen P. Thies

18

General Counsel
Susan H. Widner
Staff Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
PO Box 1689, Santa Fe, NM 87504-1689
505-470-7366
505-627-4679
Stephen.Thies@osi.nm.gov
Susan.Widner@osi.nm.gov


*Attorneys for Defendants Office of the
Superintendent of Insurance and Alice T. Kane,
Superintendent of Insurance, in her official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I filed the foregoing through the Court's CM/ECF

filing system, causing a true and correct copy of the same to be served electronically upon all

counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.

_____
Stephen P. Thies