APPEAL,FILINGFEEDUE,JAS01

# U.S. District Court
# United States District Court – District of New Mexico (Albuquerque)
# CIVIL DOCKET FOR CASE #: <u>1:23–cv–00276–MLG–KK</u>

| | |
|---|---|
| Gospel Light Mennonite Church Medical Aid Plan et al v. New Mexico Office of the Superintendent of Insurance et al | Date Filed: 03/31/2023 |
| | Jury Demand: Plaintiff |
| Assigned to: District Judge Matthew L. Garcia | Nature of Suit: 440 Civil Rights: Other |
| Referred to: Magistrate Judge Kirtan Khalsa | Jurisdiction: Federal Question |
| Case in other court:  Tenth Circuit, 23–02123 | |
| Cause: 42:1983 Civil Rights Act | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Gospel Light Mennonite Church Medical Aid Plan** | represented by | **Elise Christine Funke** |
| *doing business as* | | Harrison & Hart, LLC |
| Liberty HealthShare | | Litigation |
| | | 924 Park Avenue SW |
| | | Suite E |
| | | 87102 |
| | | Albuquerque, NM 87102 |
| | | 505–295–3261 |
| | | Fax: 505–341–9340 |
| | | Email: <u>elise@harrisonhartlaw.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**J. Michael Sharman**
Commonwealth Law Offices, P.C.
246 E. Davis Street, Suite 200
Culpeper, VA 22701
540–727–1007
Email: <u>mikesharman@verizon.net</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carter B. Harrison , IV**
Harrison & Hart, LLC
924 Park Avenue SW
Suite E
Albuquerque, NM 87102
505–295–3261
Fax: 505–341–9340
Email: <u>carter@harrisonhartlaw.com</u>
*ATTORNEY TO BE NOTICED*

**Daniel J. Gallegos , Jr**
Harrison, Hart & Davis, LLC
924 Park Ave. SW
Suite E

Albuquerque, NM 87102
505–295–3261
Email: daniel@harrisonhartlaw.com
*ATTORNEY TO BE NOTICED*

**Nicholas Thomas Hart**
Harrison & Hart, LLC
924 Park Ave SW, Suite E
Albuquerque, NM 87102
505–295–3261
Email: nick@harrisonhartlaw.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Breanna Renteria**                    represented by  **Elise Christine Funke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Michael Sharman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carter B. Harrison , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Gallegos , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Thomas Hart**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Laura Smith**                    represented by  **Elise Christine Funke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Michael Sharman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carter B. Harrison , IV**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Daniel J. Gallegos , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Thomas Hart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Tammy Waters**<br>*TERMINATED: 07/08/2024* | represented by | **Elise Christine Funke**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**J. Michael Sharman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carter B. Harrison , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Gallegos , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Thomas Hart**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **New Mexico Office of the**<br>**Superintendent of Insurance** | represented by | **Alyssa Nicole Herrera**<br>Robles, Rael & Anaya, P.C.<br>20 First Plaza Ctr. NW<br>Ste 500<br>Albuquerque, NM 87102<br>505–242–2228<br>Fax: 505–242–1106<br>Email: alyssa.herrera@osi.nm.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eucaris Tatiana Perez Valero**
Office of the Superintendent of Insurance
1120 Paseo de Peralta

Ste # 4
Santa Fe, NM 87501
505–231–1417
Email: Tatiana.Perez@osi.nm.gov
*TERMINATED: 04/11/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacqueline Ortiz**
Office of the Superintendent of Insurance
6200 Uptown Blvd. NE
Suite 400
87110, Ste 400
Albuquerque, NM 87110
505–500–9353
Email: jacqueline.ortiz@osi.nm.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence M Marcus**
New Mexico Office of Superintendent of
Insurance
6200 Uptown Blvd. N.E.
Suite 400
NM
Albuquerque, NM 87110
505–709–8405
Email: lmarcus@nmdoj.gov
*TERMINATED: 04/11/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen P. Thies**
Stephen P. Thies
1120 Paseo de Peralta
Santa Fe, NM 88310
505–470–7366
Email: stephen.thies@osi.nm.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan H Widner**
New Mexico Office of Superintendent of
Insurance
6200 Uptown Blvd. N.E. Suite 400
Albuquerque, NM 87110
505–627–4679
Email: susan.widner@osi.nm.gov
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

represented by

**Alice T. Kane**
*Interim Superintendent of Insurance, in
her official capacity*

**Alyssa Nicole Herrera**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eucaris Tatiana Perez Valero**
(See above for address)
*TERMINATED: 04/11/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacqueline Ortiz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence M Marcus**
(See above for address)
*TERMINATED: 04/11/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen P. Thies**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan H Widner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Alliance of Health Care Sharing
Ministries**

represented by **Michael Murray**
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036
202–551–1730
Email: michaelmurray@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Material Witness**

**Rebecca C Branch**

represented by **Brian K. Branch**
The Law Office of Brian K. Branch
715 Marquette Ave., NW
Albuquerque, NM 87102
(505) 764–9710
Fax: (505) 764–9722
Email: bbranch@bkblaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Miscellaneous**

**New Mexico Attorney General's Office**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2023 | 1 | COMPLAINT against All Defendants ( Filing Fee – Online Payment), filed by Smith Laura, Gospel Light Mennonite Church Medical Aid Plan dba Liberty HealthShare, Waters Tammy, Liberty HealthShare, Renteria Breanna. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Hart, Nicholas) (Entered: 03/31/2023) |
| 03/31/2023 | | Filing and Administrative Fees Received: $ 402 receipt number ANMDC–8756080 re 1 Complaint,, filed by Waters Tammy, Renteria Breanna, Liberty HealthShare, Gospel Light Mennonite Church Medical Aid Plan dba Liberty HealthShare, Smith Laura (Payment made via Pay.gov)(Hart, Nicholas) (Entered: 03/31/2023) |
| 03/31/2023 | | United States Magistrate Judge Steven C. Yarbrough and United States Magistrate Judge Kirtan Khalsa assigned. (dr) (Entered: 03/31/2023) |
| 03/31/2023 | 2 | PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Steven C. Yarbrough to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. **It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint.** *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.* For e–filers, visit our Web site at www.nmd.uscourts.gov for more information and instructions. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (dr) (Entered: 03/31/2023) |
| 03/31/2023 | 3 | MOTION for Preliminary Injunction by Renteria Breanna, Gospel Light Mennonite Church Medical Aid Plan, Smith Laura, Waters Tammy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23) (Hart, Nicholas) (Entered: 03/31/2023) |
| 04/03/2023 | 4 | PLEASE TAKE NOTICE that this case has been reassigned to United States District Judge Matthew L. Garcia as the trial judge. Under D.N.M.LR–Civ. 10.1, the first page of each document must have the case file number and initials of the assigned judges. ***Accordingly, further documents filed in this matter must bear the case number and the judges' initials shown in the case caption and the NEF for this document.*** |

| | | |
|---|---|---|
| | | Kindly reflect this change in your filings.<br><br>United States Magistrate Judge Steven C. Yarbrough no longer assigned to this case. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (jg) (Entered: 04/03/2023) |
| 04/03/2023 | | Summons Issued as to Jennifer A. Catechis, New Mexico Office of the Superintendent of Insurance, New Mexico Attorney General's Office. (jg) (Entered: 04/03/2023) |
| 04/03/2023 | 5 | SUMMONS Returned Executed by Laura Smith, Gospel Light Mennonite Church Medical Aid Plan, Tammy Waters, Breanna Renteria. New Mexico Office of the Superintendent of Insurance served on 4/3/2023, answer due 4/24/2023. (Hart, Nicholas) (Entered: 04/03/2023) |
| 04/03/2023 | 6 | SUMMONS Returned Executed by Laura Smith, Gospel Light Mennonite Church Medical Aid Plan, Tammy Waters, Breanna Renteria. Jennifer A. Catechis served on 4/3/2023, answer due 4/24/2023. (Hart, Nicholas) (Entered: 04/03/2023) |
| 04/03/2023 | 7 | SUMMONS Returned Executed by Laura Smith, Gospel Light Mennonite Church Medical Aid Plan, Tammy Waters, Breanna Renteria. New Mexico Attorney General's Office served on 4/3/2023, answer due 06/02/2023. (Hart, Nicholas) Modified answer date to reflect 60 days for a United States Agency on 4/4/2023 (arp). (Entered: 04/03/2023) |
| 04/25/2023 | 8 | MOTION to Dismiss *In Lieu of Answer* by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 04/25/2023) |
| 04/25/2023 | 9 | NOTICE of Briefing Complete by All Plaintiffs re 3 MOTION for Preliminary Injunction filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan (Harrison, Carter) (Entered: 04/25/2023) |
| 04/27/2023 | 10 | ORDER FINDING GOOD CAUSE TO DELAY SCHEDULING ORDER by Magistrate Judge Kirtan Khalsa. Pursuant to Federal Rule of Civil Procedure 16(b)(2), the Court FINDS good cause to delay entering a Rule 16 scheduling order in this case until resolution of the pending Motion to Dismiss (Doc. 8 ). [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (nlb) (Entered: 04/27/2023) |
| 04/27/2023 | 11 | NOTICE of Hearing: Status Conference set for 4/28/2023 at 03:00 PM in Albuquerque – 520 Gila Courtroom before District Judge Matthew L. Garcia. (emr) [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/27/2023) |
| 05/02/2023 | 12 | MOTION to Extend (other) *Motion to Serve Response and Motion Out–of–Time* by Jennifer A. Catechis. (Thies, Stephen) (Entered: 05/02/2023) |
| 05/04/2023 | 13 | RESPONSE to Motion re 12 MOTION to Extend (other) *Motion to Serve Response and Motion Out–of–Time* filed by Gospel Light Mennonite Church Medical Aid Plan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Harrison, Carter) (Entered: 05/04/2023) |
| 05/05/2023 | 14 | RESPONSE to Motion re 3 MOTION for Preliminary Injunction *Response to Motion for Preliminary Injunction* filed by Jennifer A. Catechis. (Thies, Stephen) (Entered: 05/05/2023) |

| 05/09/2023 | 15 | RESPONSE in Opposition re 8 MOTION to Dismiss *In Lieu of Answer* filed by Gospel Light Mennonite Church Medical Aid Plan. (Hart, Nicholas) (Entered: 05/09/2023) |
|---|---|---|
| 05/18/2023 | 16 | NOTICE of Hearing on Motions: 3 MOTION for Preliminary Injunction and 8 MOTION to Dismiss *In Lieu of Answer* set for 6/2/2023 at 09:00 AM in Albuquerque − 520 Gila Courtroom before District Judge Matthew L. Garcia. (emr) (Entered: 05/18/2023) |
| 05/19/2023 | 17 | REPLY to Response to Motion re 3 MOTION for Preliminary Injunction filed by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters. (Attachments: # 1 Exhibit 1 (Notice of Hrg. on Mtn. to Stay in State−Court Appeal (1 page)), # 2 Exhibit 2 (Consent Decree in Maryland Ins. Admin. v. Gospel Light (7 pages))) (Harrison, Carter) (Entered: 05/19/2023) |
| 05/23/2023 | 18 | REPLY to Response to Motion re 8 MOTION to Dismiss *In Lieu of Answer Defendants' Reply to Plaintiffs' Response to Motion to Dismiss* filed by Jennifer A. Catechis. (Thies, Stephen) (Entered: 05/23/2023) |
| 05/30/2023 | 19 | NOTICE of Appearance by Stephen P. Thies on behalf of Jennifer A. Catechis (Thies, Stephen) (Entered: 05/30/2023) |
| 05/30/2023 | 20 | ASSOCIATION of Attorney Licensed Outside the District for Plaintiffs Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters by Nicholas Thomas Hart on behalf of: J. Michael Sharman Commonwealth Law Offices, P.C. 246 E. Davis Street, Suite 200 Culpeper, Virginia 22701 (540) 727−1007 Fax (540) 727−7917 mikesharman@verizon.net (Association Dues − Online Payment) (Hart, Nicholas) [THIS IS A TEXT−ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 05/30/2023) |
| 05/30/2023 |  | Association Dues Received: $ 100 receipt number ANMDC−8846838 re: # 20 Association of Attorney Licensed Outside the District,, filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan (Payment made via Pay.gov)(Hart, Nicholas) (Entered: 05/30/2023) |
| 05/30/2023 | 21 | NOTICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters re 20 Association of Attorney Licensed Outside the District,, *Notice of Certification that Associated Attorney Licensed Outside of the District is an Attorney in Good Standing* (Hart, Nicholas) (Entered: 05/30/2023) |
| 05/30/2023 | 22 | Witness List by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters. (Attachments: # 1 Exhibit 1 (CV of Kevin McCarty (6 pages))) (Harrison, Carter) (Entered: 05/30/2023) |
| 06/02/2023 | 23 | Clerk's Minutes for proceedings held before District Judge Matthew L. Garcia: Motion Hearing held on 6/2/2023 re 3 MOTION for Preliminary Injunction filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan, 8 MOTION to Dismiss *In Lieu of Answer* filed by New Mexico Office of the Superintendent of Insurance, 12 MOTION to Extend (other) *Motion to* |

| | | |
|---|---|---|
| | | *Serve Response and Motion Out−of−Time* filed by Jennifer A. Catechis. (Court Reporter Paul Baca) (fs) (Entered: 06/07/2023) |
| 06/08/2023 | 24 | INITIAL SCHEDULING ORDER by Magistrate Judge Kirtan Khalsa. Counsel are to meet and confer by 6/15/2023. The parties' Joint Status Report and Provisional Discovery Plan is due by 6/22/2023. A Telephonic Rule 16 Initial Scheduling Conference is set for 6/29/2023 at 01:30 PM before Judge Khalsa. Counsel are to call the Court's AT&T conference line at (877) 848−7030 and enter the code 7324132 to connect to the proceedings. (kmt) (Entered: 06/08/2023) |
| 06/12/2023 | 25 | MOTION to File Amicus Brief by The Alliance of Health Care Sharing Ministries. (Attachments: # 1 Exhibit) (Murray, Michael) (Entered: 06/12/2023) |
| 06/12/2023 | 26 | NOTICE of Appearance by Michael Murray on behalf of The Alliance of Health Care Sharing Ministries (Murray, Michael) (Entered: 06/12/2023) |
| 06/12/2023 | 27 | BRIEF *Preliminary Injunction Post Hearing Brief* by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 06/12/2023) |
| 06/12/2023 | 28 | BRIEF *(Post−Preliminary−Injunction Hearing)* by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters (Harrison, Carter) (Entered: 06/13/2023) |
| 06/14/2023 | 29 | ORDER by District Judge Matthew L. Garcia GRANTING 25 Motion for Leave to File Amicus Brief (fs) (Entered: 06/14/2023) |
| 06/16/2023 | 30 | ORDER by District Judge Matthew L. Garcia GRANTING 12 Motion to Serve Response and Motion Out−of−Time (arp) (Entered: 06/16/2023) |
| 06/23/2023 | 31 | Joint Status Report *and Provisional Discovery Plaan* by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters (Hart, Nicholas) (Entered: 06/23/2023) |
| 06/28/2023 | 32 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *Defendants' Initial Disclosures* (Thies, Stephen) (Entered: 06/28/2023) |
| 06/28/2023 | 33 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters *Plaintiffs' Initial Disclosures* (Hart, Nicholas) Modified text on 6/29/2023 (arp). (Entered: 06/28/2023) |
| 06/29/2023 | 34 | Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Scheduling Conference held on 6/29/2023. (nlb) (Entered: 06/29/2023) |
| 06/29/2023 | 35 | ORDER ADOPTING JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN WITH CHANGES AND SETTING CASE MANAGEMENT DEADLINES by Magistrate Judge Kirtan Khalsa. Plaintiffs to seek leave to join and amend by **July 21, 2023**. Defendants to seek leave to join and amend by **30−days** after a ruling on the pending motion to dismiss, if necessary. Plaintiffs' expert disclosures due by **September 15, 2023**. Defendants' expert disclosures due by **October 16, 2023**. Discovery due by **December 15, 2023**. Discovery motions due by **January 4, 2024**. Pretrial motions due by **January 16, 2024**. (nlb) (Entered: 06/29/2023) |
| 07/03/2023 | 36 | NOTICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters *of Supplemental Authority* (Attachments: # 1 Exhibit Supplemental Authority) (Gallegos, Daniel) (Entered: 07/03/2023) |

| 07/14/2023 | 37 | TRANSCRIPT of Proceedings, Motions Hearing, held on June 2, 2023, before District Judge Matthew L. Garcia. Court Reporter/Transcriber Paul Baca, Telephone number (505) 508–6694. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven–day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.** <br><br>Notice of Intent to Request Redaction set for 7/21/2023. Redaction Request due 8/4/2023. Redacted Transcript Deadline set for 8/14/2023. Release of Transcript Restriction set for 10/12/2023.(dse) (Entered: 07/14/2023) |
| 07/14/2023 | 38 | MEMORANDUM OPINION AND ORDER by District Judge Matthew L. Garcia GRANTING IN PART AND DENYING IN PART 8 MOTION to Dismiss *In Lieu of Answer*, and DENYING 3 MOTION for Preliminary Injunction. See Order for details. (fs) (Entered: 07/14/2023) |
| 07/26/2023 | 39 | *Defendant's* ANSWER to 1 Complaint,, *Defendant's Answer to Plaintiffs' Complaint* by New Mexico Office of the Superintendent of Insurance. Related document: 1 Complaint,, filed by Tammy Waters, Breanna Renteria, Liberty HealthShare, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan.(Thies, Stephen) (Entered: 07/26/2023) |
| 07/27/2023 | 40 | ORDER by District Judge Matthew L. Garcia. <br><br>By operation of Federal Rule of Civil Procedure 25(d), Alice T. Kane is automatically substituted for Defendant Jennifer A. Catechis. The parties should reflect this change in future filings. <br><br>[THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 07/27/2023) |
| 08/04/2023 | 41 | NOTICE OF APPEAL as to 38 Memorandum Opinion and Order by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters. (Filing Fee – Online Payment) (Harrison, Carter) (Entered: 08/04/2023) |
| 08/04/2023 | | Filing Fee Received: $ 505 receipt number ANMDC–8945289 re 41 Notice of Appeal filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan (Payment made via Pay.gov)(Harrison, Carter) (Entered: 08/04/2023) |
| 08/07/2023 | 42 | Transmission of Preliminary Record to US Court of Appeals re 41 Notice of Appeal (Attachments: # 1 Preliminary Documents) (arp) (Entered: 08/07/2023) |
| 08/08/2023 | 43 | USCA Information Letter with Case Number 23–2123 for 41 Notice of Appeal filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church |

| | | Medical Aid Plan. (cmm) (Entered: 08/08/2023) |
|---|---|---|
| 08/09/2023 | 44 | Emergency MOTION for Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction* by Gospel Light Mennonite Church Medical Aid Plan. (Hart, Nicholas) (Entered: 08/09/2023) |
| 08/09/2023 | 45 | ORDER by District Judge Matthew L. Garcia re 44 Emergency MOTION for Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction* filed by Gospel Light Mennonite Church Medical Aid Plan (arp) (Entered: 08/09/2023) |
| 08/17/2023 | 46 | RESPONSE to Motion re 44 Emergency MOTION for Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction Response to Emergency Motion to Reconsider Memorandum Order Denying Preliminary Injunction* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 08/17/2023) |
| 08/23/2023 | 47 | TRANSCRIPT ORDER FORM by Breanna Renteria, Laura Smith, Tammy Waters for the 41 Notice of Appeal (arp) (Entered: 08/23/2023) |
| 08/23/2023 | 48 | Minute order filed – Notice due that record is complete by 08/30/2023 for Mitchell R. Elfers, Clerk of Court (oclk). (Text Only – No Attachment) [23–2123] (arp) (Entered: 08/23/2023) |
| 08/23/2023 | 49 | NOTICE TO USCA that Record is Complete re 41 Notice of Appeal. (arp) (Entered: 08/23/2023) |
| 08/24/2023 | 50 | LETTER from USCA to Counsel re 41 Notice of Appeal. Filed notice record is complete. Served on 08/23/2023. Appellant brief and appendix due on 10/02/2023 for Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith and Tammy Waters. (arp) (Entered: 08/24/2023) |
| 08/24/2023 | 51 | REPLY to Response to Motion re 44 Emergency MOTION for Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction* filed by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Hart, Nicholas) (Entered: 08/24/2023) |
| 08/24/2023 | 52 | NOTICE of Briefing Complete by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters re 44 Emergency MOTION for Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction* filed by Gospel Light Mennonite Church Medical Aid Plan (Hart, Nicholas) (Entered: 08/24/2023) |
| 08/30/2023 | 53 | ORDER OF USCA ABATING as to 41 Notice of Appeal filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan. Status report due 09/29/2023 by Breanna Renteria, Laura Smith and Tammy Waters. See order for details. When the order disposing of the Motion to Reconsider is entered by the district court, the clerk of the district court is directed to supplement the preliminary record in accordance with 10th Cir. R. 3.2(B). (arp) (Entered: 08/30/2023) |
| 10/12/2023 | 54 | MEMORANDUM OPINION AND ORDER by District Judge Matthew L. Garcia GRANTING IN PART AND DENYING IN PART 44 Emergency MOTION for |

| | | |
|---|---|---|
| | | Reconsideration re 38 Memorandum Opinion and Order *Motion ot Reconsider Memorandum Order Denying Motion for Preliminary Injunction*. See Order for details. (gr) (Entered: 10/12/2023) |
| 12/15/2023 | 55 | Unopposed MOTION for Extension of Time to Complete Discovery by Breanna Renteria, Laura Smith, Tammy Waters. (Harrison, Carter) (Entered: 12/15/2023) |
| 12/20/2023 | 56 | ORDER EXTENDING CASE MANAGEMENT DEADLINES re 55 Unopposed MOTION for Extension of Time to Complete Discovery filed by Tammy Waters, Breanna Renteria, Laura Smith by Magistrate Judge Kirtan Khalsa. The termination date for discovery is extended to Thursday, March 14, 2024. The deadline for motions relating to discovery is extended to Wednesday, April 3, 2024. The deadline for pretrial motions other than discovery motions (including motions which may require a Daubert hearing) is extended to Monday, April 15, 2024. (bc) (Entered: 12/20/2023) |
| 01/04/2024 | 57 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith, Tammy Waters *re Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission* (Hart, Nicholas) (Entered: 01/04/2024) |
| 02/01/2024 | 58 | Unopposed MOTION to Extend (other) *Stipulated Motion to Extend Deadline for Response to Plaintiffs First Set of Interrogatories, Requests for Production and Requests for Admission and to Extend Deadline for Discovery* by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | 59 | NOTICE of Appearance by Stephen P. Thies on behalf of New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | 60 | ORDER EXTENDING DISCOVERY DEADLINE by Magistrate Judge Kirtan Khalsa re 58 Unopposed MOTION to Extend (other) *Stipulated Motion to Extend Deadline for Response to Plaintiffs First Set of Interrogatories, Requests for Production and Requests for Admission and to Extend Deadline for Discovery* filed by New Mexico Office of the Superintendent of Insurance. The deadline for the parties to complete discovery is extended to June 7, 2024. All other case management deadlines shall remain in effect. (bc) (Entered: 02/01/2024) |
| 03/04/2024 | 61 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *Defendant's Responses to Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admissions* (Thies, Stephen) Modified text on 3/5/2024 (arp). (Entered: 03/04/2024) |
| 03/25/2024 | 62 | MOTION to Compel *Discovery* by Breanna Renteria, Laura Smith, Tammy Waters. (Attachments: # 1 Exhibit Ex 1: OSIs Responses to Plaintiffs First Discovery Requests, # 2 Exhibit Ex 2: Plaintiffs Good Faith Letter, # 3 Exhibit Ex 3: OSIs Reply to Plaintiffs Good Faith Letter) (Harrison, Carter) (Entered: 03/25/2024) |
| 04/08/2024 | 63 | RESPONSE to Motion re 62 MOTION to Compel *Discovery* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 04/08/2024) |
| 04/11/2024 | 64 | NOTICE of Attorney Substitution: Stephen P. Thies substituted for Lawrence M Marcus, Eucaris Tatiana Perez Valero, Anita X. Tellez (Thies, Stephen) (Entered: 04/11/2024) |
| 04/22/2024 | 65 | REPLY in Support re 62 MOTION to Compel *Discovery* filed by Breanna Renteria, Laura Smith, Tammy Waters. (Hart, Nicholas) Modified text on 4/23/2024 (arp). |

| | | (Entered: 04/22/2024) |
|---|---|---|
| 04/24/2024 | 66 | ORDER Setting Hearing on Motion by Magistrate Judge Kirtan Khalsa re: 62 MOTION to Compel *Discovery*. Motion Hearing set for 5/6/2024 at 01:00 PM in Albuquerque – 440 Hondo Courtroom before Magistrate Judge Kirtan Khalsa. (bc) (Entered: 04/24/2024) |
| 04/24/2024 | 67 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *First Set of Discovery Requests* (Thies, Stephen) Modified text on 4/25/2024 (arp). (Entered: 04/24/2024) |
| 04/25/2024 | 68 | NOTICE by New Mexico Office of the Superintendent of Insurance *Defendants' Notice of Subpoena* (Thies, Stephen) (Entered: 04/25/2024) |
| 05/07/2024 | 69 | ORDER EXTENDING CASE MANAGEMENT DEADLINES by Magistrate Judge Kirtan Khalsa. Discovery due by 12/9/2024. Motions relating to discovery due by 12/30/2024. Pretrial motions due by 1/9/2025. (dr) (Entered: 05/07/2024) |
| 05/07/2024 | 70 | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Motion Hearing held on 5/6/2024 re 62 MOTION to Compel *Discovery* filed by Tammy Waters, Breanna Renteria, Laura Smith. (Recording Info: Liberty at ABQ–Hondo) (dr) (Entered: 05/07/2024) |
| 05/07/2024 | 71 | NOTICE of Appearance by Nicholas Thomas Hart on behalf of All Plaintiffs (Hart, Nicholas) (Entered: 05/07/2024) |
| 05/15/2024 | 72 | NOTICE by New Mexico Office of the Superintendent of Insurance *Notice of Content in Personnel Records* (Thies, Stephen) (Entered: 05/15/2024) |
| 05/20/2024 | 73 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *First Supplemental Responses* (Thies, Stephen) Modified text on 5/21/2024 (arp). (Entered: 05/20/2024) |
| 06/05/2024 | 74 | CERTIFICATE OF SERVICE by Breanna Renteria, Laura Smith, Tammy Waters *(Individual Plaintiffs' Second Set of Discovery Requests)* (Hart, Nicholas) (Entered: 06/05/2024) |
| 06/12/2024 | 75 | Joint MOTION to Dismiss Party *(Plaintiff Tammy Waters)* by Tammy Waters. (Hart, Nicholas) (Entered: 06/12/2024) |
| 06/17/2024 | 76 | CERTIFICATE OF SERVICE by Breanna Renteria, Laura Smith *(Discovery Responses and Privilege Log)* (Hart, Nicholas) (Entered: 06/17/2024) |
| 06/21/2024 | 77 | ORDER by Magistrate Judge Kirtan Khalsa on 62 Motion to Compel. The Court held a hearing on the Motion on May 6, 2024 at which the Court granted in part and denied in part the Motion for the reasons stated on the record. Having reviewed Defendants' Notice of Content in Personnel Records (Doc. 72), the Court determines that the Motion should now be, and is hereby, terminated. (KK) (Entered: 06/21/2024) |
| 07/02/2024 | 78 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *Defendants' Second Supplemental Responses* (Thies, Stephen) Modified text on 7/9/2024 (arp). (Entered: 07/02/2024) |
| 07/08/2024 | 79 | CERTIFICATE OF SERVICE by New Mexico Office of the Superintendent of Insurance *Defendants' Responses and Objections* (Thies, Stephen) Modified text on 7/9/2024 (arp). (Entered: 07/08/2024) |

| 07/08/2024 | 80 | ORDER OF DISMISSAL by District Judge Matthew L. Garcia GRANTING 75 Order on Motion to Dismiss Party. It is hereby ordered that Waters is dismissed from the above–captioned matter. (arp) (Entered: 07/08/2024) |
| 07/12/2024 | 81 | MOTION to Compel *Gospel Light Subpoena Responses* by New Mexico Office of the Superintendent of Insurance. (Attachments: # 1 Exhibit) (Thies, Stephen) (Entered: 07/12/2024) |
| 07/22/2024 | 82 | **FILED IN ERROR** NOTICE by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) Modified text on 7/23/2024 (arp). (Entered: 07/22/2024) |
| 07/22/2024 | 83 | **FILED IN ERROR** NOTICE by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) Modified text on 7/23/2024 (arp). (Entered: 07/22/2024) |
| 07/26/2024 | 84 | MOTION for Extension of Time to File Response/Reply as to 81 MOTION to Compel *Gospel Light Subpoena Responses* by Gospel Light Mennonite Church Medical Aid Plan. (Hart, Nicholas) (Entered: 07/26/2024) |
| 07/31/2024 | 85 | NOTICE OF WITHDRAWAL OF DOCUMENT as to document 84 Motion for Extension of Time to File Response/Reply by Gospel Light Mennonite Church Medical Aid Plan (Harrison, Carter) (Entered: 07/31/2024) |
| 07/31/2024 | 86 | NOTICE by Gospel Light Mennonite Church Medical Aid Plan *Notice of Extension of Time for Non–Party Gospel Light Mennonite Church Medical Aid Plan, Inc. to File Response to Defendants' Motion to Compel Responses to Subpoena Requests* (Harrison, Carter) (Entered: 07/31/2024) |
| 08/02/2024 | 87 | RESPONSE in Opposition re 81 MOTION to Compel *Gospel Light Subpoena Responses* filed by Gospel Light Mennonite Church Medical Aid Plan. (Hart, Nicholas) (Entered: 08/02/2024) |
| 08/15/2024 | 88 | MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* by New Mexico Office of the Superintendent of Insurance. (Attachments: # 1 Exhibit A–E) (Thies, Stephen) (Entered: 08/15/2024) |
| 08/16/2024 | 89 | REPLY to Response to Motion re 81 MOTION to Compel Gospel Light Subpoena Responses filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) Modified document association on 8/19/2024 (arp). (Entered: 08/16/2024) |
| 09/05/2024 | 90 | NOTICE of Briefing Complete by All Defendants re 81 MOTION to Compel *Gospel Light Subpoena Responses* filed by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 09/05/2024) |
| 09/05/2024 | 91 | NOTICE of Briefing Complete by All Defendants re 88 MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* filed by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 09/05/2024) |
| 09/09/2024 | 92 | RESPONSE in Opposition re 88 MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* filed by Breanna Renteria, Laura Smith. (Hart, Nicholas) (Entered: 09/09/2024) |
| 09/23/2024 | 93 | REPLY to Response to Motion re 88 MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 09/23/2024) |

| 09/27/2024 | 94 | Amended NOTICE of Briefing Complete by All Defendants re 88 MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* filed by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) Modified text on 9/30/2024 (arp). (Entered: 09/27/2024) |
|---|---|---|
| 10/03/2024 | 95 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Plaintiffs' Notice of Videotaped Rule 30(b)(6) Deposition of the New Mexico Office of the Superintendent of Insurance)* (Harrison, Carter) (Entered: 10/03/2024) |
| 10/15/2024 | 96 | CERTIFICATE OF SERVICE by Breanna Renteria, Laura Smith *(Individual Plaintiffs' Third Set of Discovery Requests to Defendants)* (Hart, Nicholas) (Entered: 10/15/2024) |
| 10/29/2024 | 97 | ORDER SETTING HEARING ON DEFENDANTS MOTIONS TO COMPEL DISCOVERY by Magistrate Judge Kirtan Khalsa. Motion Hearing set for 11/22/2024 at 09:30 AM in Albuquerque – 440 Hondo Courtroom before Magistrate Judge Kirtan Khalsa. Joint Status Report due by 11/19/2024. (dr) (Entered: 10/29/2024) |
| 11/07/2024 | 98 | ***FILED IN ERROR*** NOTICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Proof of Service to R. Alfred Walker of Subpoena to Testify at a Deposition in a Civil Action)* (Harrison, Carter) Modified text on 11/8/2024 (arp). (Entered: 11/07/2024) |
| 11/07/2024 | 99 | ***FILED IN ERROR*** NOTICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Proof of Service to Jennifer Catechis of Subpoena to Testify at a Deposition in a Civil Action)* (Harrison, Carter) Modified text on 11/8/2024 (arp). (Entered: 11/07/2024) |
| 11/08/2024 | 100 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Plaintiffs' Deposition Subpoenas issued 11−6−2024)* (Hart, Nicholas) (Entered: 11/08/2024) |
| 11/08/2024 | 101 | CERTIFICATE OF SERVICE by Breanna Renteria, Laura Smith *(Plaintiffs' 4th Set of Requests for Production)* (Hart, Nicholas) (Entered: 11/08/2024) |
| 11/13/2024 | 102 | ***FILED IN ERROR*** MOTION to Quash *NON−PARTY FORMER INTERIM SUPERINTENDENT JENNIFER CATECHIS' DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* by Alice T. Kane (Thies, Stephen) Modified on 11/13/2024 to FIE pursuant to call on Help Desk (fs). (Entered: 11/13/2024) |
| 11/13/2024 | 103 | MOTION to Quash *NON−PARTY FORMER INTERIM SUPERINTENDENT JENNIFER CATECHIS' DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* by Alice T. Kane. (Thies, Stephen) (Entered: 11/13/2024) |
| 11/13/2024 | 104 | MOTION to Quash *NON−PARTY HEARING OFFICER R. ALFRED WALKER'S DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* by Alice T. Kane. (Thies, Stephen) (Entered: 11/13/2024) |
| 11/15/2024 | 105 | NOTICE by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 11/15/2024) |
| 11/15/2024 | 106 | NOTICE by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 11/15/2024) |

| 11/19/2024 | 107 | Joint Status Report by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 11/19/2024) |
|---|---|---|
| 11/22/2024 | 112 | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Motion Hearing held on 11/22/2024 re 81 MOTION to Compel *Gospel Light Subpoena Responses* filed by New Mexico Office of the Superintendent of Insurance and 88 MOTION to Compel *Individual Plaintiffs to Serve Complete Responses to Defendant's Requests for Admissions* filed by New Mexico Office of the Superintendent of Insurance. (eh) (Recording Info: Liberty–Hondo Courtroom) (Entered: 12/03/2024) |
| 11/27/2024 | 108 | Joint MOTION to Extend (other) *Case Management Deadlines* by Gospel Light Mennonite Church Medical Aid Plan. (Funke, Elise) (Entered: 11/27/2024) |
| 11/27/2024 | 109 | RESPONSE in Opposition re 103 MOTION to Quash *NON–PARTY FORMER INTERIM SUPERINTENDENT JENNIFER CATECHIS' DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 11/27/2024) |
| 11/27/2024 | 110 | RESPONSE in Opposition re 104 MOTION to Quash *NON–PARTY HEARING OFFICER R. ALFRED WALKER'S DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 11/27/2024) |
| 12/02/2024 | 111 | ORDER by Magistrate Judge Kirtan Khalsa Granting 108 Joint MOTION to Extend (other) *Case Management Deadlines* filed by Gospel Light Mennonite Church Medical Aid Plan. Discovery due date extended to 3/10/2025. Discovery motions due date extended to 3/31/2025. Motions due date extended to 4/9/2025. (eh) (Entered: 12/02/2024) |
| 12/04/2024 | 113 | Opposed MOTION for Extension of Time to File *Objections to Magistrate Judge's Order Compelling Discovery* by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 12/04/2024) |
| 12/04/2024 | 114 | Opposed MOTION to Extend (other) *Discovery Disclosure Deadlines Pending Written Order and Appeal* by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 12/04/2024) |
| 12/04/2024 | 115 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Deposition Subpoena to Paige Duhamel)* (Funke, Elise) (Entered: 12/04/2024) |
| 12/05/2024 | 116 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Deposition Subpoenas to Rebecca Branch and Phyllis Christy)* (Funke, Elise) (Entered: 12/05/2024) |
| 12/10/2024 | 117 | REPLY to Response to Motion re 104 MOTION to Quash *NON–PARTY HEARING OFFICER R. ALFRED WALKER'S DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 12/10/2024) |
| 12/11/2024 | 118 | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Proofs of Service of 3 Deposition Subpoenas)* (Funke, Elise) (Entered: 12/11/2024) |
| 12/11/2024 | 119 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion re <u>103</u> MOTION to Quash *NON−PARTY FORMER INTERIM SUPERINTENDENT JENNIFER CATECHIS' DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 12/11/2024) |
| 12/11/2024 | <u>120</u> | ORDER ON DEFENDANTS' MOTIONS TO COMPEL by Magistrate Judge Kirtan Khalsa granting <u>81</u> Motion to Compel; granting <u>88</u> Motion to Compel. (bc) (Entered: 12/11/2024) |
| 12/26/2024 | <u>121</u> | MOTION and OBJECTIONS re <u>120</u> Order on Motion to Compel, *and Motion to Reverse Magistrate Judge's Decision* by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith (Hart, Nicholas) Modified text and event on 12/27/2024 (arp). (Entered: 12/26/2024) |
| 12/27/2024 | <u>122</u> | NOTICE of Supplement by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith re <u>121</u> Motion for Miscellaneous Relief (Attachments: # <u>1</u> Exhibit 1 − 11−22−2024 Hearing Transcript) (Hart, Nicholas) Modified text on 12/30/2024 (arp). (Entered: 12/27/2024) |
| 12/29/2024 | <u>123</u> | NOTICE by Rebecca C Branch *Entry of Appearance* (Branch, Brian) (Entered: 12/29/2024) |
| 12/31/2024 | <u>124</u> | NOTICE of Briefing Complete by New Mexico Office of the Superintendent of Insurance re <u>103</u> MOTION to Quash *NON−PARTY FORMER INTERIM SUPERINTENDENT JENNIFER CATECHIS' DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by Alice T. Kane (Thies, Stephen) (Entered: 12/31/2024) |
| 12/31/2024 | <u>125</u> | NOTICE of Briefing Complete by New Mexico Office of the Superintendent of Insurance re <u>104</u> MOTION to Quash *NON−PARTY HEARING OFFICER R. ALFRED WALKER'S DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER* filed by Alice T. Kane (Thies, Stephen) (Entered: 12/31/2024) |
| 01/03/2025 | <u>126</u> | ***FILED IN ERROR** MOTION for Summary Judgment by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) Modified text on 1/3/2025 (jn). (Entered: 01/03/2025) |
| 01/03/2025 | <u>127</u> | MOTION for Summary Judgment by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/03/2025) |
| 01/08/2025 | <u>128</u> | Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* by Breanna Renteria, Laura Smith. (Attachments: # <u>1</u> Exhibit 1 − OSI's Responses to Plaintiffs' Fourth Request for Production, # <u>2</u> Exhibit 2 − 12−13−2024 Good Faith Letter from Plaintiffs, # <u>3</u> Exhibit 3 − 12−27−2024 Good Faith Letter from Plaintiffs, # <u>4</u> Exhibit 4 − 1−03−2025 Good Faith Letter from OSI, # <u>5</u> Exhibit 5 − 5−06−2024 Email and attached search terms) (Funke, Elise) (Entered: 01/08/2025) |
| 01/09/2025 | <u>129</u> | RESPONSE to Motion re <u>121</u> Motion for Miscellaneous Relief filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/09/2025) |
| 01/13/2025 | <u>130</u> | MOTION to Stay *Discovery with Request for Expedited Consideration* by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/13/2025) |

| 01/15/2025 | 131 | Opposed MOTION to Compel *Second FRCP 30(b)(6) Deposition on Discovery & Related Issues and for Sanctions* by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8) (Funke, Elise) (Entered: 01/15/2025) |
| 01/17/2025 | 132 | Opposed MOTION for Extension of Time to File Response/Reply as to 127 MOTION for Summary Judgment by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 01/17/2025) |
| 01/21/2025 | 133 | RESPONSE to Motion re 132 Opposed MOTION for Extension of Time to File Response/Reply as to 127 MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/21/2025) |
| 01/21/2025 | 134 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 114 Opposed MOTION to Extend (other) *Discovery Disclosure Deadlines Pending Written Order and Appeal* filed by Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan (Funke, Elise) (Entered: 01/21/2025) |
| 01/21/2025 | 135 | ORDER EXTENDING DEADLINE by Magistrate Judge Kirtan Khalsa. Plaintiffs' Motion to Extend Deadline for Plaintiffs to File Response to Motion for Summary Judgment (Doc. 132 ) is GRANTED. Plaintiffs' response to Defendants' Motion for Summary Judgment (Doc. 127 ) is due either (1) seven days after Plaintiffs receive the transcript of Paige Duhamel's deposition testimony, or (2) February 7, 2025, whichever is earlier. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (bkr) (Entered: 01/21/2025) |
| 01/23/2025 | 136 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 128 Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* filed by Breanna Renteria, Laura Smith (Funke, Elise) (Entered: 01/23/2025) |
| 01/23/2025 | 137 | REPLY to Response to Motion re 121 Motion for Miscellaneous Relief *Motion to Reverse Magistrate Judge's Decision* filed by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit Exhibit 2) (Funke, Elise) (Entered: 01/23/2025) |
| 01/24/2025 | 138 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 121 Motion for Miscellaneous Relief filed by Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan (Funke, Elise) (Entered: 01/24/2025) |
| 01/24/2025 | 139 | NOTICE by Breanna Renteria, Laura Smith re 135 Order on Motion for Extension of Time to File Response/Reply,, (Funke, Elise) (Entered: 01/24/2025) |
| 01/24/2025 | 140 | MOTION for Extension of Time to Complete Discovery by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/24/2025) |
| 01/27/2025 | 141 | RESPONSE in Opposition re 130 MOTION to Stay *Discovery with Request for Expedited Consideration* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 01/27/2025) |
| 01/29/2025 | 142 | RESPONSE to Motion re 131 Opposed MOTION to Compel *Second FRCP 30(b)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 01/29/2025) |
| 01/30/2025 | 143 | RESPONSE in Opposition re 127 MOTION for Summary Judgment filed by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit Renteria Depo Transcript, # 2 Exhibit Smith Depo Transcript, # 3 Exhibit Christy Depo Transcript, # 4 Exhibit |

| | | |
|---|---|---|
| | | Duhamel Depo Transcript, # 5 Exhibit OSI Correspondence, # 6 Exhibit 3/26/20 OSI Press Release, # 7 Exhibit March 2021 Insurance Tip of the Month) (Funke, Elise) (Entered: 01/30/2025) |
| 02/03/2025 | 144 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 140 MOTION for Extension of Time to Complete Discovery filed by New Mexico Office of the Superintendent of Insurance (Funke, Elise) (Entered: 02/03/2025) |
| 02/11/2025 | 145 | REPLY to Response to Motion re 143 RESPONSE in Opposition to 127 MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen). (Entered: 02/11/2025) |
| 02/12/2025 | 146 | REPLY to Response to Motion re 131 Opposed MOTION to Compel *Second FRCP 30(b)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 02/12/2025) |
| 02/12/2025 | 147 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 131 Opposed MOTION to Compel *Second FRCP 30(b)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by Breanna Renteria, Laura Smith (Funke, Elise) (Entered: 02/12/2025) |
| 02/12/2025 | 148 | NOTICE of Briefing Complete by New Mexico Office of the Superintendent of Insurance re 127 MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | 149 | ORDER GRANTING LEAVE TO FILE RESPONSE OUT OF TIME by Magistrate Judge Kirtan Khalsa. Having reviewed Defendants' Motion to Serve Response [to] Motion Out–of–Time (Doc. 140), having noted that Plaintiffs do not oppose the Motion, and being otherwise fully advised, the Court FINDS that the Motion is well–taken and it is hereby GRANTED. Defendants may file a response to Plaintiffs' Motion to Compel Discovery Responses to Plaintiffs' Fourth Requests for Production (Doc. 128) no later than **Wednesday, February 19, 2025**.[THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (kmt) (Entered: 02/12/2025) |
| 02/14/2025 | 150 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 130 MOTION to Stay *Discovery with Request for Expedited Consideration* filed by New Mexico Office of the Superintendent of Insurance (Funke, Elise) (Entered: 02/14/2025) |
| 02/14/2025 | 151 | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY by Magistrate Judge Kirtan Khalsa granting 130 MOTION to Stay Discovery with Request for Expedited Consideration. (dr) (Entered: 02/14/2025) |
| 02/19/2025 | 152 | RESPONSE to Motion re 128 Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 02/19/2025) |
| 02/25/2025 | 153 | ORDER by Magistrate Judge Kirtan Khalsa DENIED as moot 113 Opposed MOTION for Extension of Time to File Objections to Magistrate Judge's Order Compelling Discovery (dr) (Entered: 02/25/2025) |
| 04/23/2025 | 154 | NOTICE of Hearing on Motion: 127 MOTION for Summary Judgment set for 6/10/2025 at 09:30 AM in Albuquerque – 560 Cimarron Courtroom before District Judge Matthew L. Garcia. (emr) |

| | | |
|---|---|---|
| | | [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 04/23/2025) |
| 05/06/2025 | 155 | MANDATE of USCA as to 41 Notice of Appeal filed by Tammy Waters, Breanna Renteria, Laura Smith, Gospel Light Mennonite Church Medical Aid Plan. The district court's denial of Plaintiffs' motion for a preliminary injunction is AFFIRMED. (Attachments: # 1 Order and Judgment) (gr) (Entered: 05/06/2025) |
| 05/28/2025 | 156 | ORDER DENYING DISCOVERY MOTIONS WITHOUT PREJUDICE by Magistrate Judge Kirtan Khalsa denying 103 Motion to Quash; denying 104 Motion to Quash; denying 114 ORDER on Motion to Extend; denying 128 Motion to Compel; denying 131 Motion to Compel. (bc) (Entered: 05/28/2025) |
| 06/01/2025 | 157 | Unopposed MOTION Vacate June 10, 2025 Hearing and Enter Scheduling Order for Motion for Summary Judgment by Breanna Renteria, Laura Smith. (Hart, Nicholas) (Entered: 06/01/2025) |
| 06/03/2025 | 158 | ORDER by District Judge Matthew L. Garcia denying 157 Unopposed Motion Vacate June 10, 2025 Hearing and Enter Scheduling Order for Motion for Summary Judgment. (gr) (Entered: 06/03/2025) |
| 06/09/2025 | 159 | Unopposed MOTION for Leave to File Excess Pages *Regarding Plaintiffs' Summary Judgment Motion and Accompanying Exhibits* by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 06/09/2025) |
| 06/09/2025 | 160 | MOTION for Summary Judgment by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit Gospel Light Articles of Incorporation, # 2 Exhibit Gospel Light Bylaws, # 3 Exhibit Gospel Light Amended Bylaws, # 4 Exhibit Gospel Light Non–Profit Status Letter, # 5 Exhibit Gospel Light HCSM Status Verification Letter, # 6 Exhibit Letter of Gospel Light's Purpose, # 7 Exhibit Dorsey Morrow Affidavit, # 8 Exhibit Gospel Light's Sharing Guidelines, # 9 Exhibit Plaintiff Renteria's Declaration, # 10 Exhibit Plaintiff Smith's Declaration, # 11 Exhibit OSI Dec. 2019 Press Release, # 12 Exhibit OSI Mar. 2020 Press Release, # 13 Exhibit OSI Mar. 2021 Insurance Tip of the Month, # 14 Exhibit Attorney Generals' Letter to Mnuchin, # 15 Exhibit Gospel Light's Responses to Knollenberg Complaint, # 16 Exhibit Gospel Light's Letter to OSI Regarding Knollenberg, # 17 Exhibit OSI's Cease–and–Desist Against Gospel Light, # 18 Exhibit OSI Hearing Transcript, Day 1, # 19 Exhibit OSI Hearing Transcript, Day 2, # 20 Exhibit Julie Weinberg Written Testimony, # 21 Exhibit Valentine Miller Affidavit, # 22 Exhibit OSI Hearing Stipulations, # 23 Exhibit OSI's Recommended Decision and Order, # 24 Exhibit Gospel Light's Objections and Exceptions to OSI's Recommended Decision, # 25 Exhibit Gospel Light's Closing Arguments and Post–Hearing Brief, # 26 Exhibit OSI's Final Order, # 27 Exhibit Hearing Transcript for ECF No. 23, # 28 Exhibit Wendy Kuhl Affidavit, # 29 Exhibit OSI's Appellate Answer Brief, Case No. 23–2123, # 30 Exhibit OSI Correspondence and Documents, # 31 Exhibit Plaintiff Renteria Deposition, # 32 Exhibit Plaintiff Smith Deposition, # 33 Exhibit Margaret Pena Deposition, # 34 Exhibit Rebecca Branch Deposition, # 35 Exhibit Paige Duhamel Deposition, # 36 Exhibit Phyllis Christy Deposition, # 37 Exhibit Russell Toal Deposition, Day 1, # 38 Exhibit Russell Toal Deposition, Day 2, # 39 Exhibit Jennifer Catechis (Conn) Deposition, # 40 Exhibit Gospel Light Declaration) (Funke, Elise) (Entered: 06/09/2025) |
| 06/10/2025 | 161 | Clerk's Minutes for proceedings held before District Judge Matthew L. Garcia: Motion Hearing held on 6/10/2025 re 127 MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance. (Recording Info: Liberty |

| | | Cimarron) (gr) (Entered: 06/10/2025) |
|---|---|---|
| 06/12/2025 | 162 | ORDER LIFTING STAY AND RESETTING CERTAIN CASE MANAGEMENT DEADLINES by Magistrate Judge Kirtan Khalsa. Discovery due by 7/7/2025. Motions relating to Discovery due by 7/28/2025. (eh) (Entered: 06/12/2025) |
| 06/12/2025 | 163 | ORDER Setting Status Conference by Magistrate Judge Kirtan Khalsa. Telephonic Status Conference to discuss setting Rule 16 Settlement Conference is set for 7/1/2025 at 01:30 PM before Judge Khalsa. Counsel are to call Judge Khalsa's WebEx conference line at (855) 244–8681 and enter the code 23081079716 to connect to the proceedings. (eh) (Entered: 06/12/2025) |
| 06/13/2025 | 164 | ORDER by District Judge Matthew L. Garcia granting 159 Motion for Leave to File Excess Pages. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 06/13/2025) |
| 06/17/2025 | 165 | TRANSCRIPT of Motion Hearing held on Tuesday, June 10, 2025, before District Judge Matthew L. Garcia. Court Reporter/Transcriber Exceptional Reporting Services, Inc., Telephone number 361–949–2988. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven–day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 6/24/2025. Redaction Request due 7/8/2025. Redacted Transcript Deadline set for 7/18/2025. Release of Transcript Restriction set for 9/15/2025.(dr) (Entered: 06/17/2025) |
| 06/18/2025 | 166 | MOTION for Extension of Time to File Response/Reply by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 06/18/2025) |
| 06/18/2025 | 167 | NOTICE of Appearance by Susan H Widner on behalf of New Mexico Office of the Superintendent of Insurance (Thies, Stephen) Modified on 6/23/2025 (jg). (Entered: 06/18/2025) |
| 06/23/2025 | 168 | ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME by District Judge Matthew L. Garcia. Defendants' unopposed motion for an extension of time to respond to Plaintiffs' Motion for Summary Judgment, Doc. 166, is granted. Defendants shall file their response by July 21, 2025. (jhc) [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 06/23/2025) |
| 06/27/2025 | 169 | Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions* by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # |

| | | |
|---|---|---|
| | | <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8) (Funke, Elise) (Entered: 06/27/2025) |
| 06/27/2025 | <u>170</u> | Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* by Breanna Renteria, Laura Smith. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5) (Funke, Elise) (Entered: 06/27/2025) |
| 07/01/2025 | <u>171</u> | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Telephonic Status Conference held on 7/1/2025. (Recording Info: N/A) (jg) (Entered: 07/01/2025) |
| 07/01/2025 | <u>172</u> | ORDER Setting Status Conference by United States Magistrate Judge Kirtan Khalsa. Telephonic Status Conference to discuss setting a Rule 16 Settlement Conference is set for 8/12/2025 at 04:30 PM before Judge Khalsa. Counsel are to call Judge Khalsa's WebEx conference line at (855) 244–8681 and enter the code 23081079716 to connect to the proceedings. (ng) (Entered: 07/01/2025) |
| 07/07/2025 | <u>173</u> | **FILED IN ERROR** NOTICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Plaintiffs' Notice of Videotaped Rule 30(b)(6) Deposition of the New Mexico Office of the Superintendent of Insurance)* (Funke, Elise) Modified text on 7/8/2025 (arp). (Entered: 07/07/2025) |
| 07/08/2025 | <u>174</u> | CERTIFICATE OF SERVICE by Gospel Light Mennonite Church Medical Aid Plan, Breanna Renteria, Laura Smith *(Plaintiffs' Notice of Videotaped Rule 30(b)(6) Deposition of the New Mexico Office of the Superintendent of Insurance)* (Funke, Elise) (Entered: 07/08/2025) |
| 07/09/2025 | <u>175</u> | NOTICE by New Mexico Office of the Superintendent of Insurance *Stipulated Notice of Extension on Plaintiff's 30(b)(6) Motion* (Thies, Stephen) Modified text on 7/10/2025 (arp). (Entered: 07/09/2025) |
| 07/11/2025 | <u>176</u> | RESPONSE to Motion re <u>170</u> Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 07/11/2025) |
| 07/18/2025 | <u>177</u> | **FILED IN ERROR** RESPONSE in Opposition re <u>160</u> MOTION for Summary Judgment *and Cross MOTION for Summary Judgment* filed by New Mexico Office of the Superintendent of Insurance. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit, # <u>8</u> Exhibit, # <u>9</u> Exhibit) (Thies, Stephen) Modified event to modify text on 7/21/2025 (arp). Modified on 7/21/2025 (arp). Modified text pursuant to Rule Section 9(f)(2) on 7/21/2025. Contacted attorney and he will re–file the documents separately (arp). (Entered: 07/18/2025) |
| 07/21/2025 | <u>178</u> | RESPONSE in Opposition re <u>160</u> MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit, # <u>8</u> Exhibit, # <u>9</u> Exhibit) (Thies, Stephen) (Entered: 07/21/2025) |
| 07/21/2025 | <u>179</u> | Cross MOTION for Summary Judgment by New Mexico Office of the Superintendent of Insurance. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit, # <u>8</u> Exhibit, # <u>9</u> Exhibit) (Thies, Stephen) (Entered: 07/21/2025) |
| 07/21/2025 | <u>180</u> | Unopposed MOTION for Leave to File Excess Pages *and Stipulation to Plaintiffs' Extension of Time* by New Mexico Office of the Superintendent of Insurance. (Thies, |

| | | |
|---|---|---|
| | | Stephen) (Entered: 07/21/2025) |
| 07/25/2025 | 181 | ORDER by District Judge Matthew L. Garcia granting 180 Defendants' Unopposed Motion for Extension of Defendants' Page Limits and Stipulation to Plaintiffs' Extension of Time. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 07/25/2025) |
| 07/25/2025 | 182 | REPLY to Response to Motion re 170 Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 07/25/2025) |
| 07/28/2025 | 183 | MOTION to Extend (other) *Defendants Motion for a Limited Extension of the Deadline for Motions Related to Discovery* by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 07/28/2025) |
| 07/28/2025 | 184 | Opposed MOTION to Compel *Non–Party Hearing Officer R. Alfred Walker's Deposition Subpoena* by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 07/28/2025) |
| 07/28/2025 | 185 | Opposed MOTION to Compel *Substantive FRCP 30(b)(6) Deposition* by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit Notice of Videotaped Rule 30(b)(6) Depo of NM OSI, # 2 Exhibit 7–23–25 Correspondence, # 3 Exhibit 7–25–25 Correspondence) (Funke, Elise) (Entered: 07/28/2025) |
| 07/31/2025 | 186 | PETITION FOR WRIT OF CERTIORARI filed in the Supreme Court of the United States as to New Mexico Office of the Superintendent of Insurance, Alice T. Kane re 41 Notice of Appeal. (gr) (Entered: 07/31/2025) |
| 08/05/2025 | 187 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 170 Opposed MOTION to Compel *Discovery Responses to Plaintiffs' Fourth Requests for Production* filed by Breanna Renteria, Laura Smith (Harrison, Carter) (Entered: 08/05/2025) |
| 08/07/2025 | 188 | STIPULATION re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions*, 185 Opposed MOTION to Compel *Substantive FRCP 30(b)(6) Deposition Notice of Extension and Deadline to Respond* by New Mexico Office of the Superintendent of Insurance (Thies, Stephen) (Entered: 08/07/2025) |
| 08/08/2025 | 189 | RESPONSE to Motion re 184 Opposed MOTION to Compel *Non–Party Hearing Officer R. Alfred Walker's Deposition Subpoena* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) (Entered: 08/08/2025) |
| 08/12/2025 | 190 | Clerk's Minutes for proceedings held before Magistrate Judge Kirtan Khalsa: Telephonic Status Conference held on 8/12/2025. After hearing from both sides, the Court determined that it will not schedule a settlement conference at this time. (bc) (Entered: 08/13/2025) |
| 08/13/2025 | 191 | Unopposed MOTION for Extension of Time to File Response/Reply as to 179 Cross MOTION for Summary Judgment , 160 MOTION for Summary Judgment by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 08/13/2025) |
| 08/14/2025 | 192 | ORDER by District Judge Matthew L. Garcia granting 191 Stipulated Motion for Two Week Extension to Reply in Support of Plaintiffs' Motion for Summary Judgment and Respond to Defendants' Cross Motion for Summary Judgement. |

| | | |
|---|---|---|
| | | Plaintiffs' response and reply are due on or before September 8, 2025. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 08/14/2025) |
| 08/22/2025 | 193 | NOTICE by Breanna Renteria, Laura Smith *of Stipulated Extension to File Reply in Support of Plaintiffs' Motion to Compel Non–Party Hearing Officer R. Alfred Walker's Deposition Subpoena* (Funke, Elise) (Entered: 08/22/2025) |
| 08/25/2025 | 194 | RESPONSE to Motion re 185 Opposed MOTION to Compel Substantive FRCP 30(b)(6) Deposition filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) Modified text on 8/26/2025 (arp). (Entered: 08/25/2025) |
| 08/25/2025 | 195 | RESPONSE to Motion re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by New Mexico Office of the Superintendent of Insurance. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit) (Thies, Stephen) (Entered: 08/25/2025) |
| 08/25/2025 | 196 | MEMORANDUM OPINION AND ORDER by District Judge Matthew L. Garcia denying Defendants' Motion for Summary Judgment 127 . (gr) (Entered: 08/25/2025) |
| 08/25/2025 | 197 | SUPPLEMENT to 195 Response re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions Exhibit 7* filed by New Mexico Office of the Superintendent of Insurance. (Thies, Stephen) Modified text on 8/26/2025 (arp). (Entered: 08/25/2025) |
| 08/29/2025 | 198 | REPLY to Response to Motion re 184 Opposed MOTION to Compel *Non–Party Hearing Officer R. Alfred Walker's Deposition Subpoena* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 08/29/2025) |
| 09/05/2025 | 199 | Unopposed MOTION for Leave to File Excess Pages by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 09/05/2025) |
| 09/08/2025 | 200 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 184 Opposed MOTION to Compel *Non–Party Hearing Officer R. Alfred Walker's Deposition Subpoena* filed by Breanna Renteria, Laura Smith (Funke, Elise) (Entered: 09/08/2025) |
| 09/08/2025 | 201 | ORDER by District Judge Matthew L. Garcia granting 199 Unopposed Motion to Exceed Page Limits. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 09/08/2025) |
| 09/08/2025 | 202 | REPLY to Response to Motion re 160 MOTION for Summary Judgment filed by Breanna Renteria, Laura Smith. (Attachments: # 1 Exhibit 41 – Declaration of Mark Pietrow for Gospel Light) (Funke, Elise) (Entered: 09/08/2025) |
| 09/08/2025 | 203 | RESPONSE in Opposition re 179 Cross MOTION for Summary Judgment filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 09/08/2025) |
| 09/08/2025 | 204 | NOTICE by Breanna Renteria, Laura Smith re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions*, 185 Opposed MOTION to Compel *Substantive FRCP 30(b)(6) Deposition Extensions of Time to File Replies* (Funke, Elise) (Entered: 09/08/2025) |
| 09/09/2025 | 205 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 160 MOTION for Summary Judgment filed by Breanna Renteria, Laura Smith (Funke, Elise) |

| | | |
|---|---|---|
| | | (Entered: 09/09/2025) |
| 09/10/2025 | 206 | NOTICE by New Mexico Office of the Superintendent of Insurance re 179 Cross MOTION for Summary Judgment *of Extension to File Defendants' Reply in Support of Defendants' Amended Cross Motion for Summary Judgment* (Widner, Susan) (Entered: 09/10/2025) |
| 09/10/2025 | 207 | Unopposed MOTION for Leave to File Excess Pages by New Mexico Attorney General's Office. (Widner, Susan) (Entered: 09/10/2025) |
| 09/11/2025 | 208 | ORDER by District Judge Matthew L. Garcia granting 207 Defendants' Unopposed Motion to Exceed Page Limit. [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (emr) (Entered: 09/11/2025) |
| 09/19/2025 | 209 | REPLY to Response to Motion re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 09/19/2025) |
| 09/19/2025 | 210 | REPLY to Response to Motion re 185 Opposed MOTION to Compel *Substantive FRCP 30(b)(6) Deposition* filed by Breanna Renteria, Laura Smith. (Funke, Elise) (Entered: 09/19/2025) |
| 09/19/2025 | 211 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 185 Opposed MOTION to Compel *Substantive FRCP 30(b)(6) Deposition* filed by Breanna Renteria, Laura Smith (Funke, Elise) (Entered: 09/19/2025) |
| 09/19/2025 | 212 | NOTICE of Briefing Complete by Breanna Renteria, Laura Smith re 169 Opposed MOTION to Compel *Second FRCP 30(B)(6) Deposition on Discovery & Related Issues and for Sanctions* filed by Breanna Renteria, Laura Smith (Funke, Elise) (Entered: 09/19/2025) |
| 10/06/2025 | 213 | REPLY to Response to Motion re 179 Cross MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance. (Widner, Susan) (Entered: 10/06/2025) |
| 10/06/2025 | 214 | NOTICE of Briefing Complete by New Mexico Office of the Superintendent of Insurance re 179 Cross MOTION for Summary Judgment filed by New Mexico Office of the Superintendent of Insurance (Widner, Susan) (Entered: 10/06/2025) |
| 10/31/2025 | 215 | NOTICE of Hearing: 160 MOTION for Summary Judgment and 179 Cross MOTION for Summary Judgment set for 1/9/2026 at 09:30 AM in Albuquerque – 560 Cimarron Courtroom before District Judge Matthew L. Garcia. (emr) [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/31/2025) |
| 12/19/2025 | 216 | NOTICE of Hearing on Motions: 160 MOTION for Summary Judgment and 179 Cross MOTION for Summary Judgment reset for 2/11/2026 at 09:30 AM in Albuquerque – 560 Cimarron Courtroom before District Judge Matthew L. Garcia. (emr) [THIS IS A TEXT–ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 12/19/2025) |
| 12/19/2025 | 217 | ORDER by District Judge Matthew L. Garcia denying 121 Motion and Objections re 120 Order on Motion to Compel, and Motion to Reverse Magistrate Judge's Decision. (gr) (Entered: 12/19/2025) |

| 01/20/2026 | 218 | **FILED IN ERROR** NOTICE by Gospel Light Mennonite Church Medical Aid Plan re 217 Order on Motion for Miscellaneous Relief *Notice of Appeal* (Attachments: # 1 Exhibit 1) (Funke, Elise) Modified text on 1/21/2026 (arp). (Entered: 01/20/2026) |
| --- | --- | --- |
| 01/20/2026 | 219 | CERTIFICATE OF SERVICE by Breanna Renteria, Laura Smith *Re: Plaintiffs' Supplemental Responses to Defendants' First Set of Requests for Admissions* (Funke, Elise) (Entered: 01/20/2026) |
| 01/21/2026 | 220 | NOTICE OF APPEAL as to 217 Order on Motion for Miscellaneous Relief by Gospel Light Mennonite Church Medical Aid Plan. (Filing Fee – Online Payment) (Attachments: # 1 Exhibit 1)(Funke, Elise) (Entered: 01/21/2026) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA,
LAURA SMITH, and
TAMMY WATERS,

        *Plaintiffs,*

        v.                              No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE,
and ALICE KANE,
Superintendent of Insurance,
in her official capacity,

        *Defendants.*

### NOTICE OF APPEAL

        Non-party Gospel Light, by and through undersigned counsel, hereby files this Notice of

Appeal to the United States Court of Appeals for the Tenth Circuit from the District Court's

December 19, 2025 *Order Denying Plaintiffs' Motion to Reverse and Overruling Objections to

Order Compelling Discovery* (Dkt. No. 217), attached hereto as Exhibit 1.

Respectfully submitted,

*/s/ Elise C. Funke*
Elise C. Funke
Carter B. Harrison IV
Nicholas T. Hart
Daniel Gallegos
**Harrison & Hart, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
elise@harrisonhartlaw.com
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com
daniel@harrisonhartlaw.com

-and-

J. Michael Sharman
Commonwealth Law Offices, P.C.
246 E. Davis Street, Suite 200
Culpeper, VA 22701
(540) 727-1007
mikesharman@verizon.net
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and Non-party
Gospel Light*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, I electronically filed the foregoing with the United States District Court for the District of New Mexico's CM/ECF system, causing a copy of it to be served on all counsel of record.

*/s/ Elise C. Funke*
Elise C. Funke

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA,
LAURA SMITH,
TAMMY WATERS,

       Plaintiffs,

v.                                No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

       Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO REVERSE AND
## OVERRULING OBJECTIONS TO ORDER COMPELLING DISCOVERY

This matter involves one of the numerous discovery disputes that has surfaced during this

litigation. Defendants sought to compel Plaintiffs Breanna Renteria and Laura Smith to respond to

certain requests for admission, Doc. 88, and they also requested an order directing non-party

Gospel Light Mennonite Church Medical Aid Plan ("Gospel Light")[1] to provide complete

responses to their subpoena requests, Doc. 81. The parties settled most of their disagreements

without court intervention. *See* Doc. 107. Magistrate Judge Khalsa resolved the outstanding issues

and granted Defendants' motions. *See* Doc. 120 ("Order"). She ordered individual Plaintiffs and

---

[1] Gospel Light, which does business as Liberty HealthShare, was formerly a plaintiff in this action. *See* Doc. 1 at 4-8. The Court dismissed Gospel Light pursuant to the *Younger* abstention doctrine. *See* Doc. 38 at 23. Tammy Waters withdrew because "no present dispute" existed between her and the New Mexico Office of the Superintendent of Insurance and Alice Kane. *See* Docs. 75, 80. Renteria and Smith are the sole remaining plaintiffs.

1

Exhibit 1
DNM 29

Gospel Light (collectively, "PGL") to provide comprehensive responses to the disputed requests. *See* Doc. 120 at 9. PGL timely objected to the Order and now asks the Court to reverse. *See* Doc. 121 ("Objections"). Having reviewed the record, the relevant law, and the parties' briefing, the Court is unpersuaded that the Order contains reversible error. PGL's Objections are overruled.

## STANDARD OF REVIEW

When a party timely objects to a magistrate judge's written order resolving nondispositive, pretrial matters, the district judge assigned to the case must consider the objections "and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The rule (and statute) incorporates two distinct modes of inquiry.

First, under the clearly erroneous standard, the district court defers to the magistrate judge's findings "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2] *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). That this Court might have ruled differently is insufficient grounds to overturn the magistrate judge's decision. "[T]he court will overrule the magistrate judge's determination only if [their] discretion is clearly abused." *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997) (citations omitted). Second, the contrary to law standard (as the name suggests) calls for de novo review to determine whether the magistrate judge applied an incorrect legal standard. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 809 (10th Cir. 2023). The party seeking to overturn a magistrate judge's decision on a

---

[2] In another context, the clearly erroneous standard has been described as requiring a decision to "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *See In re Antrobus*, 563 F.3d 1092, 1098 n.2 (10th Cir. 2009) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

DNM 30

nondispositive issue bears the burden of demonstrating error. *Heuser v. Johnson*, 189 F. Supp. 2d 1250, 1256 (D.N.M. 2001).

## DISCUSSION

Judge Khalsa's Order required Gospel Light to provide responses to four subpoena requests. Two of these requests seek documents showing Plaintiffs' contributions to "Liberty's HealthShare Program," including any funds Plaintiffs provided to Gospel Light in the form of "Monthly Share Amounts." Doc. 81-1 at 3-4. The other subpoena requests at issue relate to Gospel Light's payments of Plaintiffs' medical bills. *Id.* at 6-9. As for Plaintiffs, Judge Khalsa ordered them to fully respond to two requests for admission. Doc. 120 at 7-9. These requests ask each Plaintiff to admit they have not "been directed to stop contributing [their] Monthly Share Amount by any representative of Liberty HealthShare" and to admit that "Liberty HealthShare has not refused to pay any Medical Expense Submission(s) submitted by you . . . ." Doc. 88-1 at 6-7, 14-15. None of the disputed requests seek information from or about other individuals participating in Gospel Light's healthcare sharing program.

PGL raises four objections to the Order. They argue that Judge Khalsa (1) incorrectly concluded that Defendants showed good cause and excusable neglect for missing a 21-day deadline to file a motion to compel; (2) erred in finding that the disputed requests were proportional and relevant; (3) incorrectly found that the requests do not violate Plaintiffs' privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (4) failed to conduct a balancing test to determine whether the discovery sought by Defendants was privileged under the First Amendment to the United States Constitution. Doc. 121 at 16-26. The Court addresses each objection in turn.

## I.     Good Cause and Excusable Neglect

3

Judge Khalsa found that Defendants demonstrated good cause and excusable neglect for missing the 21-day deadline found in District of New Mexico Local Rule of Civil Procedure ("D.N.M.LR-Civ.") 26.6. Doc. 122-1 at 2-3 (8:18-9:3). She provided two grounds for her decision. Judge Khalsa found that PGL's counsel "in some way contributed to the delay" by suggesting that the parties meet to discuss the discovery disputes after the 21-day deadline had already passed. *Id.* at 2 (5:20-6:9). Second, she afforded Defendants' attorneys some leeway because one of them experienced a medical emergency. *Id.* at 1-2 (3:18-5:17, 8:11-21). These conclusions are reasonable and supported in the record, but PGL nevertheless finds fault in Judge Khalsa's approach. They argue that she "misapplied the legal standard and overlooked Tenth Circuit precedent" in reaching her decision. Doc. 121 at 17. The Court disagrees.

Regardless of whether the Court applies the good cause or excusable neglect standard, Defendants' burden remains low. "Showing good cause for an extension of time is not a particularly demanding requirement[,]" and it is an easier burden to meet than demonstrating excusable neglect. *See Kucera v. CIA*, 429 F. Supp. 3d 970, 972 (D.N.M. 2019). But even "'excusable neglect' under [Federal Rule of Civil Procedure] 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances . . . ."[3] *Id.* at 395; *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("A

---

[3] In *Pioneer*, the United States Supreme Court was addressing the excusable neglect standard under Rule 9006 of the Federal Rules of Bankruptcy Procedure. 507 U.S. at 395. In its analysis, however, the Court observed that the rule "was patterned after Rule 6(b)" of the Federal Rules of Civil Procedure. *Id.* at 391. Other courts have since cited *Pioneer* when analyzing excusable neglect under different Federal Rules, including Rule 6(b). *See, e.g.*, *Segura v. Workman*, 351 F. App'x 296, 298 (10th Cir. 2009); *Petrone v. Werner Enters., Inc.*, 105 F.4th 1043, 1056 (8th Cir. 2024);

finding of excusable neglect depends on four factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, . . . and (4) whether the movant acted in good faith." (citation modified)).

Applying these legal principles here, the Court first notes that PGL does not cite the applicable standards for finding good cause or excusable neglect, nor do they explain how Judge Khalsa erred under these standards. *See generally* Doc. 121. Instead, PGL claims that Judge Khalsa erroneously relied on defense counsel's claim of a medical emergency. They represent that the Tenth Circuit has held that "unsupported assertions of attorney illness within a motion filing are insufficient to meet the good cause and inexcusable neglect standards here." Doc. 121 at 16-17. That assertion is incorrect and arises from a misunderstanding of *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637 (10th Cir. Nov. 7, 2023). Doc. 121 at 17.

In *Lopez*, the defendants untimely filed a response to a remand motion. 2023 WL 7321637, at *1. They indicated that the late filing was the result of a clerical error and that "several staff members [were] out with illness . . . ." *Id.* The district court found that such an explanation did not demonstrate excusable neglect. *Id.* On appeal, the Tenth Circuit affirmed the district court. *Id.* at *4-5. In reaching its decision, the *Lopez* Court specifically distinguished the ill staff members from a situation involving a sick attorney, which the court observed may be "sufficient for a finding of excusable neglect" under Tenth Circuit precedent. *Id.* at *4 (quoting *Perez*, 847 F.3d at 1253); *see Perez*, 847 F.3d at 1253 ("A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable

---

*Tubens v. Doe*, 976 F.3d 101, 104-05 (1st Cir. 2020); *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998).

neglect."). *Lopez* is plainly distinguishable from this instant matter—where one of Defendants' attorneys had a medical emergency—and its dicta supports Judge Khalsa's ruling.

The other cases PGL cites in support of their argument are also inapposite. For example, in *Magraff v. Lowes HIW, Inc.*, the Tenth Circuit held that the district court did not abuse its discretion in finding that the attorney's "error in calendaring the deadline"—not illness—caused the plaintiff to untimely file a notice of appeal. 217 F. App'x 759, 761-62 (10th Cir. 2007). The Tenth Circuit explained that "abuse of discretion is . . . a very deferential standard of review" and, in applying it, deference is given "to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Id.* at 762 (internal quotation marks omitted) (quoting *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994)). And in *Flor v. Board of Regents of University of New Mexico*, Magistrate Judge Fashing found that the plaintiff failed to establish good cause for extending the time for filing a motion to compel because even though the "[p]laintiff obviously knew the proper procedure to extend the deadline to file motions to compel[,]" he "inexplicably failed to follow that procedure to extend the deadline . . . ." No. 1:20-cv-00027-MIS-LF, 2022 WL 2209564, at *2 (D.N.M. June 1, 2022). She also noted that the plaintiff had not engaged with the defendants in good faith communications regarding the motion and that he had not complied with Federal Rule of Civil Procedure 37(a). *Id.* at *3. For these reasons, she denied the motion to compel and held that it was filed untimely. *Id.* at *1. Again, neither the facts nor the holdings presented in these cases are germane.

DNM 34

In sum, PGL misrepresents *Lopez*'s holding, and the other cases they cite in support of their motion are similarly not on point.[4] Judge Khalsa did not misconstrue Tenth Circuit law or err in finding good cause and excusable neglect. The Court rejects PGL's argument to the contrary.

## II.   Relevance of Defendants' Requests

Judge Khalsa found that the requested discovery was proportional and relevant to the issue of the individual Plaintiffs' standing, other claims and defenses, as well as the "core allegations that Gospel Light's [healthcare sharing ministry] is *not* an unauthorized insurance product . . . ."[5] Doc. 120 at 5-6, 8. PGL challenges that conclusion, asserting that Judge Khalsa misinterpreted the allegations in their Complaint, Doc. 1, and "utilized an incorrect definition of relevance," but PGL fails to include any legal analysis or citation to legal authority to support the latter claim. *See* Doc. 121 at 19-23. The Court therefore reviews the Order solely under the clearly erroneous standard. *See Heuser*, 189 F. Supp. 2d at 1256.

Defendants seek information addressing "changes in Plaintiffs' membership status with [Gospel Light] and/or their financial relationships with [Gospel Light]." Doc. 121 at 19-20. Although that discovery plainly goes to issues attendant to standing, PGL argues that the requested discovery is irrelevant because the operative pleading "never alleges that Defendants' actions altered [Gospel Light]'s financial situation or its membership. *Id.* at 20. That is incorrect. The Complaint repeatedly alleges that Defendants' regulatory actions impaired Gospel Light's

---

[4] "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored." *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005). To be sure, citation to an unpublished order is permitted if it has "persuasive value with respect to a material issue in a case and would assist the court in its disposition . . . ." *Id.* For the reasons discussed above, that exception does not apply here.

[5] In reaching this conclusion, Judge Khalsa cited the correct standards for relevance under Federal Rules of Civil Procedure 26(b)(1), 36(a), and 45. *See* Doc. 120 at 3-4.

7

operations and stymied Plaintiffs' participation in Gospel's Light's healthcare sharing plan. *See* Doc. 1 at 52 ¶ 229 (alleging that Defendants' actions will prevent individual Plaintiffs from "be[ing] able to carry out their religious beliefs by participating in the Gospel Light Mennonite Church Medical Plan"); *id*. at 57 ¶ 268 ("Defendants would effectively take over Gospel Light Mennonite Church Medical Aid Plan's management of its own membership rolls by dictating who could be admitted, excluded, and expelled."); *id*. ¶ 272 ("Plaintiff Gospel Light Mennonite Church Medical Aid Plan and its past, current, and prospective members (including the three individual Plaintiff members) constitute an expressive association that desires to associate for the purpose of engaging in shared religious and communicative exercise, including but not limited to the voluntary sharing of health care needs, practices, expenses, and other burdens.").

PGL's assertions also conflict with the position they took at the hearing before Judge Khalsa. There, PGL's attorneys represented that "our claims are that the individual plaintiffs . . . are now being systematically prevented from participating in any health care sharing because of the antagonistic actions of the OSI to their religious practice, which is health sharing." Doc. 122-1 at 7 (28:13-18). PGL's counsel also agreed with Judge Khalsa that "the complaint challenges and claims that the defendants made an incorrect determination that the program is an unauthorized insurance product." Doc. 122-1 at 8 (29:14-18). Finally, as pointed out by PGL, Doc. 121 at 22-23, this Court has already determined that Plaintiffs' claimed "inability to share healthcare costs" confers standing upon them. Doc. 38 at 6. Evidence that Plaintiffs are able to share healthcare costs—i.e., whether they have been able to continue paying into the healthcare sharing plan and

receiving payments for medical expenses—directly affects whether they have standing. PGL's attempt to argue otherwise is not compelling.[6]

## III.     Violation of HIPAA

PGL next argues that the requested discovery violates privacy protections provided by HIPAA.[7] Doc. 121 at 24. Specifically, PGL complains that "the medical bill amounts themselves are protected by HIPAA privacy laws," and therefore the Order violates HIPAA by directing disclosure of Plaintiffs' medical bills. *Id.* at 24. Yet again, the case law PGL provides in support of their position is not on point and is easily distinguished from this case. *Id.* (citing *Plambeck v. Kroger Co.*, No. CIV. 11-5054-JLV, 2012 WL 640051, at *16 (D.S.D. Feb. 27, 2012); *Teasdale v. Marin Gen. Hosp.*, 138 F.R.D. 691, 694 (N.D. Cal. 1991)). For example, in *Plambeck*, the court determined that the plaintiff's requested medical records and medical bills were "protected health information" under HIPAA. 2012 WL 640051, at *6. That does not, however, bolster PGL's implicit assertion that health information protected by HIPAA can never be disclosed for discovery purposes. Neither does *Teasdale*, which does not address HIPAA and instead provides an analysis of California's peer review privilege, the relevance of which Plaintiffs fail to explain. 138 F.R.D. at 693-95.

Further, as Defendants note, HIPAA does not categorically prohibit disclosure of protected health information. Indeed, it expressly provides for the production of such materials in the course of judicial and administrative proceedings. *See* Doc. 129 at 7 (citing 45 C.F.R. § 164.512(e)(1)(ii)).

---

[6] PGL also argues that the subpoena and admission requests are irrelevant to the issue of whether Gospel Light provides insurance to its members. Doc. 121 at 23. But their argument consists only of quotations from their counsel's statements at the hearing before Judge Khalsa. *Id.*

[7] PGL does not provide a citation to specific provisions of HIPAA, or any related regulations, implicated by Judge Khalsa's order. *See* Doc. 121 at 24; Doc. 137 at 7-9.

9

PGL does not respond to this argument. *See generally* Doc. 137 at 7-9.[8] That omission is dispositive, so the Court overrules PGL's objection. *See Mackey v. IBP, Inc.*, 167 F.R.D. 186, 204 (D. Kan. 1996) ("The party resisting discovery has the burden to demonstrate the validity of such objections.").

## IV.     First Amendment Privilege

PGL's final objection is that Judge Khalsa failed to properly assess whether compelled disclosure of Defendants' requested discovery would infringe upon Plaintiffs' First Amendment associational rights. Doc. 121 at 24-26. According to PGL, Judge Khalsa erred by (1) determining that Plaintiffs did not make a prima facie showing that the First Amendment privilege applies, and (2) not considering the balancing test set forth in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977). Doc. 121 at 24-26. The Court disagrees.

To assert the First Amendment privilege, PGL must "make an evidentiary showing of a reasonable probability of chill on an association right." *In re Motor Fuel Temperature Sales Pracs. Litig.* (*Motor Fuel II*), 641 F.3d 470, 489 (10th Cir. 2011) (internal quotation marks omitted) (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.* (*Motor Fuel I*), 707 F. Supp. 2d 1145, 1152-53 (D. Kan. 2010)).[9] This threshold inquiry determines whether the Court must undertake further analysis; if the party "do[es] not make that prima facie showing, the Court need not conduct the balancing test." *Motor Fuel I*, 707 F. Supp. 2d at 1165; *see also Motor Fuel II*, 641 F.3d at 492

---

[8] The Court notes that the Order specifically provides that "Plaintiffs and Gospel Light may redact Plaintiffs' protected health information from any documents or information they produce to Defendants in response to the foregoing requests." Doc. 120 at 9 ¶ 3.

[9] *See also Motor Fuel II*, 641 F.3d at 492 (concluding that "the district court did not err in applying the prima facie burden"); *id.* ("[T]he weight of authority regarding the First Amendment privilege has always required the party asserting the privilege to initially demonstrate a reasonable probability that disclosure will chill its associational rights.").

n.15 ("[T]he court only reaches the second prong of the First Amendment privilege inquiry if the party claiming the privilege satisfies its prima facie burden."). The resisting party "meets its burden by submitting, for example, affidavits which describe harassment and intimidation of a group's known members, and the resulting reluctance of people sympathetic to the goals of the group to associate with it for fear of reprisals." *Motor Fuel II*, 641 F.3d at 491 (citation modified). Other means of proof may be acceptable depending on the circumstances presented, but a party's assertion of a chill must be "properly supported by evidence[.]" *Id.* at 490.

Here, PGL presents no direct evidence to support its contention that the requested discovery is reasonably likely to chill Plaintiffs' First Amendment associational rights. *See generally* Doc. 122-1; Doc. 92 at 9-10; *see Motor Fuel II*, 641 F.3d at 491-92; *cf. Perry v. Schwarzenegger*, 591 F.3d 1126, 1143 (9th Cir. 2009) (concluding a party made a prima facie showing that the First Amendment privilege applied by "present[ing] declarations from several individuals attesting to the impact compelled disclosure would have"). Instead, they point to allegations made in a related New Mexico state court proceeding as well as their attorney's characterization of unspecified discovery at the hearing before Judge Khalsa. *See* Doc. 121 at 26; Doc. 122-1 at 5 (19:8-24)). But PGL cites no legal authority (and the Court is unaware of any) holding that allegations raised in other litigation or that counsel's representations are sufficient to meet their burden.[10] *See* Doc. 121 at 26; Doc. 137 at 11.

---

[10] Allegations in an unverified complaint, like the New Mexico state court complaint cited by PGL, are not evidence. *See, e.g.*, *Williams v. McCallin*, 439 F. App'x 707, 710 (10th Cir. 2011) (providing that an "unverified complaint is not evidence"); *Armenian Assembly of Am., Inc. v. Cafesjian*, 758 F.3d 265, 284 n.14 (D.C. Cir. 2014) ("[A]llegations in . . . [an] unverified complaint . . . are not evidence at all."). Nor are the unsworn statements of counsel. *See, e.g.*, *Duran v. LaFarge N. Am., Inc.*, 855 F. Supp. 2d 1243, 1252 (D. Colo. 2012) ("The arguments of counsel are of course not themselves evidence . . . .").

11

Perhaps more significantly, PGL does not explain how responding to the disputed discovery requests would result—even potentially—in a chilling effect on Plaintiffs' associational rights. Doc. 121 at 26. The challenged discovery does not seek membership lists, personally identifying information from nonparties, or details about foundational religious beliefs. *See Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 U.S. Dist. LEXIS 49483, at *17 (S.D. Fla. June 29, 2008) ("Courts have repeatedly held that the disclosure of an organization's membership list potentially implicates First Amendment associational rights."); *In re Deliverance Christian Church*, No. 11-62306, 2011 Bankr. LEXIS 5219, at *14 (Bankr. N.D. Ohio Dec. 1, 2011) (concluding that a party met its prima facie burden by showing that disclosing the personal information of donors would have a chilling effect on "future giving and membership"); *Johnson v. Wash. Times Corp.*, 208 F.R.D. 16, 17 (D.D.C. 2002) ("There is nothing I know of in the American experience that suggests to me that by giving one's name and address to a church one thereby agrees to the publication of one's religious affiliation to the whole world."). The Tenth Circuit has "not articulated the precise quantum of proof necessary to establish a prima facie case of privilege under the First Amendment," but PGL's argument falls well short of establishing that the discovery requests at issue have a "reasonable probability" of chilling Plaintiffs' (or any other nonparty's) associational rights.[11] *See Motor Fuel II*, 641 F.3d at 491-92 (concluding that the district court did not err by finding that a "single unsworn statement" was insufficient to establish a prima facie case of potential First Amendment infringement).

In sum, the First Amendment privilege "is not absolute, . . . as it only protects a party from compelled disclosure that would chill the associational rights at issue." *Wal-Mart Stores v. Tex.*

---

[11] As other courts have noted, "privileges are narrow, and when there is minimal danger to infringing on a First Amendment right, the burden of establishing a privilege is high." *In re Deliverance Christian Church*, 2011 Bankr. LEXIS 5219, at *11.

DNM 40

*Alcoholic Bev. Comm'n*, No. A-15-CV-134-RP, 2016 U.S. Dist. LEXIS 140450, at *18 (W.D. Tex. Oct. 11, 2016). Plaintiffs fail to show that discovery requests seeking records of their payments to and from Gospel Light will stymie their First Amendment Right to Association.

## CONCLUSION

The Court is not persuaded that the Order, Doc. 120, contains reversible error. PGL's Objections are therefore overruled and their Motion to Reverse, Doc. 121, is denied.

By 5 p.m. on January 13, 2026, Gospel Light must provide all documents responsive to Subpoena Requests Nos. 4, 5, 7, and 8 for the period from 12 months prior to entry of the challenged cease-and-desist order to the present. Doc. 120 at 9. PGL may redact information discussing specific medical conditions or treatments.

Plaintiffs must respond, without objection, to Defendants' Requests for Admission Nos. 3 and 4 no later than 5 p.m. on January 13, 2026. *Id*.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN,
d/b/a LIBERTY HEALTHSHARE,
BREANNA RENTERIA,
LAURA SMITH,
TAMMY WATERS,

      Plaintiffs,

v.                                      No. 1:23-cv-00276-MLG-KK

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, and
ALICE T. KANE,
Superintendent of Insurance,
in her official capacity,

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO REVERSE AND
## OVERRULING OBJECTIONS TO ORDER COMPELLING DISCOVERY

This matter involves one of the numerous discovery disputes that has surfaced during this litigation. Defendants sought to compel Plaintiffs Breanna Renteria and Laura Smith to respond to certain requests for admission, Doc. 88, and they also requested an order directing non-party Gospel Light Mennonite Church Medical Aid Plan ("Gospel Light")[1] to provide complete responses to their subpoena requests, Doc. 81. The parties settled most of their disagreements without court intervention. *See* Doc. 107. Magistrate Judge Khalsa resolved the outstanding issues and granted Defendants' motions. *See* Doc. 120 ("Order"). She ordered individual Plaintiffs and

---

[1] Gospel Light, which does business as Liberty HealthShare, was formerly a plaintiff in this action. *See* Doc. 1 at 4-8. The Court dismissed Gospel Light pursuant to the *Younger* abstention doctrine. *See* Doc. 38 at 23. Tammy Waters withdrew because "no present dispute" existed between her and the New Mexico Office of the Superintendent of Insurance and Alice Kane. *See* Docs. 75, 80. Renteria and Smith are the sole remaining plaintiffs.

1

Gospel Light (collectively, "PGL") to provide comprehensive responses to the disputed requests. *See* Doc. 120 at 9. PGL timely objected to the Order and now asks the Court to reverse. *See* Doc. 121 ("Objections"). Having reviewed the record, the relevant law, and the parties' briefing, the Court is unpersuaded that the Order contains reversible error. PGL's Objections are overruled.

## STANDARD OF REVIEW

When a party timely objects to a magistrate judge's written order resolving nondispositive, pretrial matters, the district judge assigned to the case must consider the objections "and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The rule (and statute) incorporates two distinct modes of inquiry.

First, under the clearly erroneous standard, the district court defers to the magistrate judge's findings "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2] *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). That this Court might have ruled differently is insufficient grounds to overturn the magistrate judge's decision. "[T]he court will overrule the magistrate judge's determination only if [their] discretion is clearly abused." *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997) (citations omitted). Second, the contrary to law standard (as the name suggests) calls for de novo review to determine whether the magistrate judge applied an incorrect legal standard. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 809 (10th Cir. 2023). The party seeking to overturn a magistrate judge's decision on a

---

[2] In another context, the clearly erroneous standard has been described as requiring a decision to "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *See In re Antrobus*, 563 F.3d 1092, 1098 n.2 (10th Cir. 2009) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

2

nondispositive issue bears the burden of demonstrating error. *Heuser v. Johnson*, 189 F. Supp. 2d 1250, 1256 (D.N.M. 2001).

## DISCUSSION

Judge Khalsa's Order required Gospel Light to provide responses to four subpoena requests. Two of these requests seek documents showing Plaintiffs' contributions to "Liberty's HealthShare Program," including any funds Plaintiffs provided to Gospel Light in the form of "Monthly Share Amounts." Doc. 81-1 at 3-4. The other subpoena requests at issue relate to Gospel Light's payments of Plaintiffs' medical bills. *Id*. at 6-9. As for Plaintiffs, Judge Khalsa ordered them to fully respond to two requests for admission. Doc. 120 at 7-9. These requests ask each Plaintiff to admit they have not "been directed to stop contributing [their] Monthly Share Amount by any representative of Liberty HealthShare" and to admit that "Liberty HealthShare has not refused to pay any Medical Expense Submission(s) submitted by you . . . ." Doc. 88-1 at 6-7, 14-15. None of the disputed requests seek information from or about other individuals participating in Gospel Light's healthcare sharing program.

PGL raises four objections to the Order. They argue that Judge Khalsa (1) incorrectly concluded that Defendants showed good cause and excusable neglect for missing a 21-day deadline to file a motion to compel; (2) erred in finding that the disputed requests were proportional and relevant; (3) incorrectly found that the requests do not violate Plaintiffs' privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (4) failed to conduct a balancing test to determine whether the discovery sought by Defendants was privileged under the First Amendment to the United States Constitution. Doc. 121 at 16-26. The Court addresses each objection in turn.

## I.    Good Cause and Excusable Neglect

3

Judge Khalsa found that Defendants demonstrated good cause and excusable neglect for missing the 21-day deadline found in District of New Mexico Local Rule of Civil Procedure ("D.N.M.LR-Civ.") 26.6. Doc. 122-1 at 2-3 (8:18-9:3). She provided two grounds for her decision. Judge Khalsa found that PGL's counsel "in some way contributed to the delay" by suggesting that the parties meet to discuss the discovery disputes after the 21-day deadline had already passed. *Id.* at 2 (5:20-6:9). Second, she afforded Defendants' attorneys some leeway because one of them experienced a medical emergency. *Id.* at 1-2 (3:18-5:17, 8:11-21). These conclusions are reasonable and supported in the record, but PGL nevertheless finds fault in Judge Khalsa's approach. They argue that she "misapplied the legal standard and overlooked Tenth Circuit precedent" in reaching her decision. Doc. 121 at 17. The Court disagrees.

Regardless of whether the Court applies the good cause or excusable neglect standard, Defendants' burden remains low. "Showing good cause for an extension of time is not a particularly demanding requirement[,]" and it is an easier burden to meet than demonstrating excusable neglect. *See Kucera v. CIA*, 429 F. Supp. 3d 970, 972 (D.N.M. 2019). But even "'excusable neglect' under [Federal Rule of Civil Procedure] 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances . . . ."[3] *Id.* at 395; *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("A

---

[3] In *Pioneer*, the United States Supreme Court was addressing the excusable neglect standard under Rule 9006 of the Federal Rules of Bankruptcy Procedure. 507 U.S. at 395. In its analysis, however, the Court observed that the rule "was patterned after Rule 6(b)" of the Federal Rules of Civil Procedure. *Id.* at 391. Other courts have since cited *Pioneer* when analyzing excusable neglect under different Federal Rules, including Rule 6(b). *See, e.g., Segura v. Workman*, 351 F. App'x 296, 298 (10th Cir. 2009); *Petrone v. Werner Enters., Inc.*, 105 F.4th 1043, 1056 (8th Cir. 2024);

finding of excusable neglect depends on four factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, . . . and (4) whether the movant acted in good faith." (citation modified)).

Applying these legal principles here, the Court first notes that PGL does not cite the applicable standards for finding good cause or excusable neglect, nor do they explain how Judge Khalsa erred under these standards. *See generally* Doc. 121. Instead, PGL claims that Judge Khalsa erroneously relied on defense counsel's claim of a medical emergency. They represent that the Tenth Circuit has held that "unsupported assertions of attorney illness within a motion filing are insufficient to meet the good cause and inexcusable neglect standards here." Doc. 121 at 16-17. That assertion is incorrect and arises from a misunderstanding of *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637 (10th Cir. Nov. 7, 2023). Doc. 121 at 17.

In *Lopez*, the defendants untimely filed a response to a remand motion. 2023 WL 7321637, at *1. They indicated that the late filing was the result of a clerical error and that "several staff members [were] out with illness . . . ." *Id.* The district court found that such an explanation did not demonstrate excusable neglect. *Id.* On appeal, the Tenth Circuit affirmed the district court. *Id.* at *4-5. In reaching its decision, the *Lopez* Court specifically distinguished the ill staff members from a situation involving a sick attorney, which the court observed may be "sufficient for a finding of excusable neglect" under Tenth Circuit precedent. *Id.* at *4 (quoting *Perez*, 847 F.3d at 1253); *see Perez*, 847 F.3d at 1253 ("A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable

---

*Tubens v. Doe*, 976 F.3d 101, 104-05 (1st Cir. 2020); *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998).

neglect."). *Lopez* is plainly distinguishable from this instant matter—where one of Defendants' attorneys had a medical emergency—and its dicta supports Judge Khalsa's ruling.

The other cases PGL cites in support of their argument are also inapposite. For example, in *Magraff v. Lowes HIW, Inc.*, the Tenth Circuit held that the district court did not abuse its discretion in finding that the attorney's "error in calendaring the deadline"—not illness—caused the plaintiff to untimely file a notice of appeal. 217 F. App'x 759, 761-62 (10th Cir. 2007). The Tenth Circuit explained that "abuse of discretion is . . . a very deferential standard of review" and, in applying it, deference is given "to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Id*. at 762 (internal quotation marks omitted) (quoting *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994)). And in *Flor v. Board of Regents of University of New Mexico*, Magistrate Judge Fashing found that the plaintiff failed to establish good cause for extending the time for filing a motion to compel because even though the "[p]laintiff obviously knew the proper procedure to extend the deadline to file motions to compel[,]" he "inexplicably failed to follow that procedure to extend the deadline . . . ." No. 1:20-cv-00027-MIS-LF, 2022 WL 2209564, at *2 (D.N.M. June 1, 2022). She also noted that the plaintiff had not engaged with the defendants in good faith communications regarding the motion and that he had not complied with Federal Rule of Civil Procedure 37(a). *Id*. at *3. For these reasons, she denied the motion to compel and held that it was filed untimely. *Id.* at *1. Again, neither the facts nor the holdings presented in these cases are germane.

6

In sum, PGL misrepresents *Lopez*'s holding, and the other cases they cite in support of their motion are similarly not on point.[4] Judge Khalsa did not misconstrue Tenth Circuit law or err in finding good cause and excusable neglect. The Court rejects PGL's argument to the contrary.

## II.     Relevance of Defendants' Requests

Judge Khalsa found that the requested discovery was proportional and relevant to the issue of the individual Plaintiffs' standing, other claims and defenses, as well as the "core allegations that Gospel Light's [healthcare sharing ministry] is *not* an unauthorized insurance product . . . ."[5] Doc. 120 at 5-6, 8. PGL challenges that conclusion, asserting that Judge Khalsa misinterpreted the allegations in their Complaint, Doc. 1, and "utilized an incorrect definition of relevance," but PGL fails to include any legal analysis or citation to legal authority to support the latter claim. *See* Doc. 121 at 19-23. The Court therefore reviews the Order solely under the clearly erroneous standard. *See Heuser*, 189 F. Supp. 2d at 1256.

Defendants seek information addressing "changes in Plaintiffs' membership status with [Gospel Light] and/or their financial relationships with [Gospel Light]." Doc. 121 at 19-20. Although that discovery plainly goes to issues attendant to standing, PGL argues that the requested discovery is irrelevant because the operative pleading "never alleges that Defendants' actions altered [Gospel Light]'s financial situation or its membership. *Id.* at 20. That is incorrect. The Complaint repeatedly alleges that Defendants' regulatory actions impaired Gospel Light's

---

[4] "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored." *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005). To be sure, citation to an unpublished order is permitted if it has "persuasive value with respect to a material issue in a case and would assist the court in its disposition . . . ." *Id.* For the reasons discussed above, that exception does not apply here.

[5] In reaching this conclusion, Judge Khalsa cited the correct standards for relevance under Federal Rules of Civil Procedure 26(b)(1), 36(a), and 45. *See* Doc. 120 at 3-4.

7

operations and stymied Plaintiffs' participation in Gospel's Light's healthcare sharing plan. *See* Doc. 1 at 52 ¶ 229 (alleging that Defendants' actions will prevent individual Plaintiffs from "be[ing] able to carry out their religious beliefs by participating in the Gospel Light Mennonite Church Medical Plan"); *id*. at 57 ¶ 268 ("Defendants would effectively take over Gospel Light Mennonite Church Medical Aid Plan's management of its own membership rolls by dictating who could be admitted, excluded, and expelled."); *id*. ¶ 272 ("Plaintiff Gospel Light Mennonite Church Medical Aid Plan and its past, current, and prospective members (including the three individual Plaintiff members) constitute an expressive association that desires to associate for the purpose of engaging in shared religious and communicative exercise, including but not limited to the voluntary sharing of health care needs, practices, expenses, and other burdens.").

PGL's assertions also conflict with the position they took at the hearing before Judge Khalsa. There, PGL's attorneys represented that "our claims are that the individual plaintiffs . . . are now being systematically prevented from participating in any health care sharing because of the antagonistic actions of the OSI to their religious practice, which is health sharing." Doc. 122-1 at 7 (28:13-18). PGL's counsel also agreed with Judge Khalsa that "the complaint challenges and claims that the defendants made an incorrect determination that the program is an unauthorized insurance product." Doc. 122-1 at 8 (29:14-18). Finally, as pointed out by PGL, Doc. 121 at 22-23, this Court has already determined that Plaintiffs' claimed "inability to share healthcare costs" confers standing upon them. Doc. 38 at 6. Evidence that Plaintiffs are able to share healthcare costs—i.e., whether they have been able to continue paying into the healthcare sharing plan and

receiving payments for medical expenses—directly affects whether they have standing. PGL's attempt to argue otherwise is not compelling.[6]

## III.  Violation of HIPAA

PGL next argues that the requested discovery violates privacy protections provided by HIPAA.[7] Doc. 121 at 24. Specifically, PGL complains that "the medical bill amounts themselves are protected by HIPAA privacy laws," and therefore the Order violates HIPAA by directing disclosure of Plaintiffs' medical bills. *Id.* at 24. Yet again, the case law PGL provides in support of their position is not on point and is easily distinguished from this case. *Id.* (citing *Plambeck v. Kroger Co.*, No. CIV. 11-5054-JLV, 2012 WL 640051, at *16 (D.S.D. Feb. 27, 2012); *Teasdale v. Marin Gen. Hosp.*, 138 F.R.D. 691, 694 (N.D. Cal. 1991)). For example, in *Plambeck*, the court determined that the plaintiff's requested medical records and medical bills were "protected health information" under HIPAA. 2012 WL 640051, at *6. That does not, however, bolster PGL's implicit assertion that health information protected by HIPAA can never be disclosed for discovery purposes. Neither does *Teasdale*, which does not address HIPAA and instead provides an analysis of California's peer review privilege, the relevance of which Plaintiffs fail to explain. 138 F.R.D. at 693-95.

Further, as Defendants note, HIPAA does not categorically prohibit disclosure of protected health information. Indeed, it expressly provides for the production of such materials in the course of judicial and administrative proceedings. *See* Doc. 129 at 7 (citing 45 C.F.R. § 164.512(e)(1)(ii)).

---

[6] PGL also argues that the subpoena and admission requests are irrelevant to the issue of whether Gospel Light provides insurance to its members. Doc. 121 at 23. But their argument consists only of quotations from their counsel's statements at the hearing before Judge Khalsa. *Id.*

[7] PGL does not provide a citation to specific provisions of HIPAA, or any related regulations, implicated by Judge Khalsa's order. *See* Doc. 121 at 24; Doc. 137 at 7-9.

9

PGL does not respond to this argument. *See generally* Doc. 137 at 7-9.[8] That omission is dispositive, so the Court overrules PGL's objection. *See Mackey v. IBP, Inc.*, 167 F.R.D. 186, 204 (D. Kan. 1996) ("The party resisting discovery has the burden to demonstrate the validity of such objections.").

## IV.    First Amendment Privilege

PGL's final objection is that Judge Khalsa failed to properly assess whether compelled disclosure of Defendants' requested discovery would infringe upon Plaintiffs' First Amendment associational rights. Doc. 121 at 24-26. According to PGL, Judge Khalsa erred by (1) determining that Plaintiffs did not make a prima facie showing that the First Amendment privilege applies, and (2) not considering the balancing test set forth in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977). Doc. 121 at 24-26. The Court disagrees.

To assert the First Amendment privilege, PGL must "make an evidentiary showing of a reasonable probability of chill on an association right." *In re Motor Fuel Temperature Sales Pracs. Litig.* (*Motor Fuel II*), 641 F.3d 470, 489 (10th Cir. 2011) (internal quotation marks omitted) (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.* (*Motor Fuel I*), 707 F. Supp. 2d 1145, 1152-53 (D. Kan. 2010)).[9] This threshold inquiry determines whether the Court must undertake further analysis; if the party "do[es] not make that prima facie showing, the Court need not conduct the balancing test." *Motor Fuel I*, 707 F. Supp. 2d at 1165; *see also Motor Fuel II*, 641 F.3d at 492

---

[8] The Court notes that the Order specifically provides that "Plaintiffs and Gospel Light may redact Plaintiffs' protected health information from any documents or information they produce to Defendants in response to the foregoing requests." Doc. 120 at 9 ¶ 3.

[9] *See also Motor Fuel II*, 641 F.3d at 492 (concluding that "the district court did not err in applying the prima facie burden"); *id.* ("[T]he weight of authority regarding the First Amendment privilege has always required the party asserting the privilege to initially demonstrate a reasonable probability that disclosure will chill its associational rights.").

n.15 ("[T]he court only reaches the second prong of the First Amendment privilege inquiry if the party claiming the privilege satisfies its prima facie burden."). The resisting party "meets its burden by submitting, for example, affidavits which describe harassment and intimidation of a group's known members, and the resulting reluctance of people sympathetic to the goals of the group to associate with it for fear of reprisals." *Motor Fuel II*, 641 F.3d at 491 (citation modified). Other means of proof may be acceptable depending on the circumstances presented, but a party's assertion of a chill must be "properly supported by evidence[.]" *Id.* at 490.

Here, PGL presents no direct evidence to support its contention that the requested discovery is reasonably likely to chill Plaintiffs' First Amendment associational rights. *See generally* Doc. 122-1; Doc. 92 at 9-10; *see Motor Fuel II*, 641 F.3d at 491-92; *cf. Perry v. Schwarzenegger*, 591 F.3d 1126, 1143 (9th Cir. 2009) (concluding a party made a prima facie showing that the First Amendment privilege applied by "present[ing] declarations from several individuals attesting to the impact compelled disclosure would have"). Instead, they point to allegations made in a related New Mexico state court proceeding as well as their attorney's characterization of unspecified discovery at the hearing before Judge Khalsa. *See* Doc. 121 at 26; Doc. 122-1 at 5 (19:8-24)). But PGL cites no legal authority (and the Court is unaware of any) holding that allegations raised in other litigation or that counsel's representations are sufficient to meet their burden.[10] *See* Doc. 121 at 26; Doc. 137 at 11.

---

[10] Allegations in an unverified complaint, like the New Mexico state court complaint cited by PGL, are not evidence. *See, e.g.*, *Williams v. McCallin*, 439 F. App'x 707, 710 (10th Cir. 2011) (providing that an "unverified complaint is not evidence"); *Armenian Assembly of Am., Inc. v. Cafesjian*, 758 F.3d 265, 284 n.14 (D.C. Cir. 2014) ("[A]llegations in . . . [an] unverified complaint . . . are not evidence at all."). Nor are the unsworn statements of counsel. *See, e.g.*, *Duran v. LaFarge N. Am., Inc.*, 855 F. Supp. 2d 1243, 1252 (D. Colo. 2012) ("The arguments of counsel are of course not themselves evidence . . . .").

11

Perhaps more significantly, PGL does not explain how responding to the disputed discovery requests would result—even potentially—in a chilling effect on Plaintiffs' associational rights. Doc. 121 at 26. The challenged discovery does not seek membership lists, personally identifying information from nonparties, or details about foundational religious beliefs. *See Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 U.S. Dist. LEXIS 49483, at *17 (S.D. Fla. June 29, 2008) ("Courts have repeatedly held that the disclosure of an organization's membership list potentially implicates First Amendment associational rights."); *In re Deliverance Christian Church*, No. 11-62306, 2011 Bankr. LEXIS 5219, at *14 (Bankr. N.D. Ohio Dec. 1, 2011) (concluding that a party met its prima facie burden by showing that disclosing the personal information of donors would have a chilling effect on "future giving and membership"); *Johnson v. Wash. Times Corp.*, 208 F.R.D. 16, 17 (D.D.C. 2002) ("There is nothing I know of in the American experience that suggests to me that by giving one's name and address to a church one thereby agrees to the publication of one's religious affiliation to the whole world."). The Tenth Circuit has "not articulated the precise quantum of proof necessary to establish a prima facie case of privilege under the First Amendment," but PGL's argument falls well short of establishing that the discovery requests at issue have a "reasonable probability" of chilling Plaintiffs' (or any other nonparty's) associational rights.[11] *See Motor Fuel II*, 641 F.3d at 491-92 (concluding that the district court did not err by finding that a "single unsworn statement" was insufficient to establish a prima facie case of potential First Amendment infringement).

In sum, the First Amendment privilege "is not absolute, . . . as it only protects a party from compelled disclosure that would chill the associational rights at issue." *Wal-Mart Stores v. Tex.*

---

[11] As other courts have noted, "privileges are narrow, and when there is minimal danger to infringing on a First Amendment right, the burden of establishing a privilege is high." *In re Deliverance Christian Church*, 2011 Bankr. LEXIS 5219, at *11.

DNM 53

*Alcoholic Bev. Comm'n*, No. A-15-CV-134-RP, 2016 U.S. Dist. LEXIS 140450, at *18 (W.D. Tex. Oct. 11, 2016). Plaintiffs fail to show that discovery requests seeking records of their payments to and from Gospel Light will stymie their First Amendment Right to Association.

**CONCLUSION**

The Court is not persuaded that the Order, Doc. 120, contains reversible error. PGL's Objections are therefore overruled and their Motion to Reverse, Doc. 121, is denied.

By 5 p.m. on January 13, 2026, Gospel Light must provide all documents responsive to Subpoena Requests Nos. 4, 5, 7, and 8 for the period from 12 months prior to entry of the challenged cease-and-desist order to the present. Doc. 120 at 9. PGL may redact information discussing specific medical conditions or treatments.

Plaintiffs must respond, without objection, to Defendants' Requests for Admission Nos. 3 and 4 no later than 5 p.m. on January 13, 2026. *Id*.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

13