**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GOSPEL LIGHT MENNONITE
CHURCH MEDICAL AID PLAN, d/b/a
Liberty HealthShare,

     Plaintiff - Appellant,

and

BREANNA RENTERIA; LAURA
SMITH; TAMMY WATERS,

     Plaintiffs,

v.

NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE;
ALICE T. KANE, Superintendent of
Insurance, in her official capacity,

     Defendants - Appellees.

No. 26-2009
(D.C. No. 1:23-CV-00276-MLG-KK)
(D. N.M.)

_____

**ORDER**
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

This matter is before us sua sponte to consider the court's jurisdiction over this

appeal. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012)

(this court has "an independent duty to examine [its] own jurisdiction").

Appellant Gospel Light Mennonite Church Medical Aid Plan d/b/a Liberty Healthshare seeks to appeal an interlocutory order of the district court compelling it to respond to certain discovery requests. Gospel Light had objected to providing the discovery on the basis of a claimed First Amendment privilege. Over Gospel Light's First Amendment objection, the district court ordered Gospel Light to provide the requested discovery. (DC ECF No. 217.) This interlocutory appeal followed. Upon the opening of this appeal, we entered an order that directed Gospel Light to demonstrate the existence of appellate jurisdiction. Gospel Light responded. We also have a jurisdictional memorandum brief from the appellees, New Mexico Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance.

This court generally has jurisdiction to review only final decisions of district courts. 28 U.S.C. § 1291; *see also Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (describing final decisions as those that end the litigation on the merits and leave nothing for the court to do but execute the judgment). However, it is well-settled that some interlocutory orders qualify as final decisions within the meaning of § 1291 under the so-called collateral order doctrine. For jurisdiction to be appropriate under the collateral order doctrine, an interlocutory order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *E.g., Mohawk Indus. v. Carpenter*, 558 U.S. 100, 105 (2009).

In *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470 (10th Cir. 2011) ("*Motor Fuel*"), we considered whether we had jurisdiction to consider an appeal of "the district court's discovery order directing [appellants] to disclose information that they claim is privileged under the First Amendment." *Id.* at 476. We concluded "that discovery orders adverse to a claimed First Amendment privilege are not immediately appealable under the *Cohen* doctrine." *Id.* at 482. And we were careful to note that our analysis was not constrained to "the circumstances of the particular case before us," but rather "the entire category of rulings to which the claim belongs." *Id*. at 482-83. And so our conclusion that we did not have jurisdiction did not depend on the character of the First Amendment right asserted; rather, as we pellucidly concluded, "we conclude that discovery orders adverse to a claimed First Amendment privilege are not immediately appealable under the collateral order/*Cohen* doctrine." *Id.* at 484.

Like *Motor Fuel*, this case involves a discovery order adverse to a claimed First Amendment privilege. The particulars of the claimed First Amendment privilege are of no moment for purposes of our jurisdictional analysis. Accordingly, Gospel Light's attempt to distinguish *Motor Fuel* from this matter on the basis that the particular First Amendment concerns in this case are different than the particular First Amendment concerns implicated by *Motor Fuel* fails.

Additionally, Gospel Light contends that there is a circuit split on the immediate appealability of discovery orders subject to a First Amendment objection. That may be so, but this court is "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States*

*v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (citation and italics omitted). *Motor Fuel* has not been reconsidered en banc and has not been overruled by the Supreme Court, so we follow it here.

Finally, we note that our show cause order raised timeliness as a potential jurisdictional defect in this appeal. Because we dismiss this appeal on finality grounds, we have no occasion to consider whether this appeal was timely filed and expressly decline to do so.

This case remains ongoing in the district court and the appealed-from order is not immediately appealable under the collateral order doctrine. We are without jurisdiction to consider this interlocutory appeal.

**APPEAL DISMISSED.**

Entered for the Court

Per Curiam

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

March 11, 2026

Elise Christine Funke
Carter B Harrison
Nicholas Thomas Hart
Harrison & Hart
924 Park Avenue SW, Suite E
Albuquerque, NM 87102

J. Michael Sharman
Commonwealth Law Offices
246 East Davis Street, Suite 200
Culpeper, VA 22701

**RE:    26-2009, Gospel Light Mennonite Church, et al v. New Mexico Office of the Superintendent, et al**
Dist/Ag docket: 1:23-CV-00276-MLG-KK

Dear Counsel:

Enclosed is a copy the court's final order issued today in this matter.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Timothy Atler
       Stephen P. Thies

CMW/sds